UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR MEDICARE ADVOCACY, INC.    )
11 Ledgebrook Drive    )
Mansfield, CT 06250    )
                   Plaintiff,    )
                           )    Civil Action No. 05-2266(RBW)
                           )
UNITED STATES DEPARTMENT OF    )
HEALTH AND HUMAN SERVICES    )
330 Independence Ave., S.W.    )
Washington, D.C. 20201    )
                   Defendant.    )
                           )

PLAINTIFF'S STATEMENT OF MATERIAL FACTS AND EXHIBITS
IN SUPPORT OF MOTION FOR INJUNCTION

      Plaintiff submits the following statement of material facts and exhibits, which support the

motion for injunctive relief that is filed concurrently herewith:

      1.  On August 25, 2005, plaintiff wrote to the Freedom Of Information Group within

defendant's division, the Centers For Medicare & Medicaid Services (CMS),  requesting copies

of  documents and information pursuant to the Freedom Of Information Act (FOIA), 5 U.S.C. §

552.  A copy of the letter is attached as Exhibit A.

      2. On October 3, 2005, defendant's Medicare Division, CMS, replied to plaintiff's

request by letter stating that the agency would be responding on a "first in, first out" case

processing schedule, with no date set for a response.  A copy of the defendant's letter is attached

as Exhibit B.

3. Defendant further stated in its October 3, 2005 letter that it was denying plaintiff's request for a waiver or reduction of fees, and that a copy of its FOIA regulation setting forth the tests for waiver or reduction of fees was enclosed. No copy of the DHHS FOIA regulations was enclosed in Defendant's letter. See Exhibit B.

4. On October 31, 2005, plaintiff wrote to the defendant's CMS FOIA Group, appealing the defendant's failure to supply the requested documents within the time frame specified in the law. Plaintiff further appealed the denial of its request for waiver of fees and set out facts concerning its non-profit nature and public interest activities that qualify it for waiver. A copy of the October 31, 2005 letter is attached as Exhibit C.

5. Defendant's CMS FOIA Group acknowledged receipt of plaintiff's October 21, 2005 appeal by letter of November16, 2005. A copy of the letter of November 16, 2005 is attached as Exhibit D.

6. The Complaint in this lawsuit was filed on November 22, 2005.

7. On December 27, 2005, defendant's CMA FOIA Group wrote to plaintiff again, stating that plaintiff's request had been referred to Director Eckart, in the FOIA Division of defendant DHHS, along with responsive CMS files. No records or information were supplied to plaintiff. A copy of the letter of December 27, 2005 is attached as Exhibit E.

8. The Answer was filed on January 18, 2006.

9. Defendant DHHS sent plaintiff, by letter of January 19, 2006, 33 pages of records, and advised that 3 pages and portions of a fourth were being withheld pursuant to exemption (b)(5). A copy of the letter of January 19, 2006 is attached as Exhibit F.

2

10. Defendant DHHS further stated that an additional 10 pages and a portion of an 11th page that originated in the Social Security Administration  had been referred to that agency for consideration of release. See Exhibit F.

11. Defendant stated in the January 19, 2006 letter that plaintiff's request for a fee waiver was denied because "no justification has been received." See Exhibit F.

12. Finally, defendant DHHS denied plaintiff's request for expedited processing of the FOIA request in the January 19, 2006 letter.  See Exhibit F.

13. On February 17, 2006, plaintiff filed an appeal of the denial of the fee waiver request and pointed out that the facts justifying a waiver had been provided to defendant in plaintiff's letter of October 31, 2005.   See Exhibit G.

14. On March 2, 2006 the SSA FOIA officer wrote advising that SSA will withhold a portion of 1 page and 10 pages that were referred to them by CMS based on the deliberative process privilege.  Exhibit H.

15. On March 8, 2006, plaintiff wrote to SSA, appealing the assertion of the deliberative process privilege and requesting a description of the documents for which the privilege was asserted.  This letter was actually received by SSA on March 13.  See Exhibit I.

16. Also by letter of March 8, 2006, defendant DHHS wrote to plaintiffs, asserting the deliberative process privilege with respect to 7,159 pages of documents, and releasing 250 pages of documents.  See Exhibit J.

17. On March 20, 2006, DHHS wrote to plaintiff, stating that the fee waiver appeal had been received and was being processed.  It further stated that DHHS had previously released 284 pages and has identified an additional 425 pages for release.  It demanded payment by plaintiff

3

of $60.90 to cover copying charges, and said that if plaintiff's agreement to pay was not received within 30 days of receipt of the letter, plaintiff's request would be suspended pending a determination on the waiver request. See Exhibit K.

18. Plaintiff appealed the assertion of the deliberative process privilege asserted in defendant's letter of March 8, 2006 by letter dated April 7, 2006. Exhibit L.

Dated: April 13, 2006

Respectfully submitted

*Patricia B. Nemore*

PATRICIA B. NEMORE
D.C. Bar No. 204446
Center for Medicare Advocacy, Inc.
1101 Vermont Avenue, N.W., Suite 1001
Washington, D.C. 20005
(202) 216-0028

GILL DEFORD
D.C. Bar No. 459280
JUDITH STEIN
BRAD PLEBANI
Center for Medicare Advocacy, Inc.
P.O. Box 350
Willimantic, CT 06226
(860) 456-7790

SALLY HART
Center for Medicare Advocacy, Inc.
100 North Stone Ave., Suite 305
Tucson, AZ 85701
(520) 327-9547

Attorneys for Plaintiff