UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CENTER FOR MEDICARE ADVOCACY, INC.    )
11 Ledgebrook Drive                   )
Mansfield, CT 06250                   )
               Plaintiff,    )
                       )    Civil Action No. 05-2266(RBW)
                       )
UNITED STATES DEPARTMENT OF           )
HEALTH AND HUMAN SERVICES             )
330 Independence Ave., S.W.           )
Washington, D.C. 20201                )
               Defendant.    )
                                      )

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR INJUNCTION

INTRODUCTION

This is a an action brought under the Freedom of Information Act to compel the

Department of Health and Human Services (DHHS) to provide government documents that

plaintiff requested eight months ago. Plaintiff, The Center for Medicare Advocacy, Inc., is a

non-profit public interest organization that seeks documents concerning the new Medicare

process for conducting hearings by video-conferencing in order to assist beneficiaries with their

appeals. The defendant has violated timeliness requirements with respect to both delivering the

documents and responding to plaintiff's request for waiver of fees. In addition, the defendant

has refused to supply certain documents at all, asserting the deliberative process privilege

without apparent justification. For these reasons, plaintiff seeks an injunction to compel

defendant to comply with the law.

1

## I. DEFENDANT HAS VIOLATED THE FREEDOM OF INFORMATION ACT

### A. Requirements of the Freedom of Information Act (FOIA)

A federal agency such as defendant must "promptly" make available records requested by members of the public such as plaintiff. 5 U.S.C. § 552(a)(3)(A). The statute specifies that the agency must make a determination whether to comply within twenty days (except Saturdays, Sundays and legal holidays) of request. 5 U.S.C. § 552(a)(6)(A)(I).[1] If the agency does not make a timely determination on a request, the public member who made the request may proceed as it the request had been denied. 45 C.F.R. § 5.35(a).

The FOIA further provides that requested documents will be provided without charge "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Defendant 45 C.F.R. §5.45. The agency's decision on a request for waiver of fees is appealable in the same manner as a denial of a request for documents. 45 C.F.R. § 5.45(e).

An agency's decision to withhold records or to deny a fee request can be appealed. 45 C.F.R. § 5.34. The agency must make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and public holidays) after receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii); 45 C.F.R. § 5.35(b). In addition, if the agency fails to respond timely to a request for records, for a fee waiver, or to an appeal, the requester is deemed to have exhausted remedies and can seek relief at the next stage of the process. 5 U.S.C. § 552(a)(6)(C)(I); 45

---

[1] There is a discrepancy between the twenty day time frame in the current FOIA statute and the ten day time frame in the DHHS regulations. 45 C.F.R. § 5.35(b)(1). Presumably this is the result of a failure by defendant to revise its regulations to conform to the amended statute.

C.F.R. § 5.35(a).

If requested documents are withheld, the FOIA provides for jurisdiction in United States

District Court to order the production of any agency records improperly withheld.  5 U.S.C.

§552(a)(4)(B).  If documents are explicitly withheld under a claim of exemption, the court may

examine the content of the agency records in camera to determine whether they are within the

exemptions from disclosure specified in § 552(b).  Id.  "In such a case, the court shall determine

the matter de novo."  Id.  The review for an appeal regarding waiver of fees is also de novo.  5

U.S.C. § 552(a)(4)(A)(vii).  When records are withheld, "the burden is on the agency to sustain

its action."  Id.  A plaintiff who has "substantially prevailed" in an action to obtain documents

under the FOIA is entitled to attorney fees.  5 U.S.C. § 552(a)(4)(E).

     B.  Defendant's Actions and Inactions Have Violated the Requirements of the Act

         1.  Defendant Has Not Responded Timely and Fully To Plaintiff's Requests

Plaintiff's Statement Of Facts shows that defendant has repeatedly failed to comply with

the timeliness and production requirements of the FOIA.

Plaintiff made its request for copies of "articles, reports, studies, memoranda, letters and

writings of any kind concerning videoconferencing (VTC)" that were used or reviewed in

designing or establishing the new Medicare VTC hearing system on August 25, 2005.  The

request was sent to the Freedom Of Information Group within defendant's Medicare division, the

Centers for Medicare & Medicaid Services (CMS).  Plaintiff's Statement of Material Facts,

Exhibit A.  It was received by defendant on August 29, 2005.

On October 3, 2005 CMS, replied to plaintiff's request by letter stating that the agency

would be responding on a "first in, first out" basis, without giving any date for response.   Id.,

Ex. B. Defendant's determination should have been made by September 26, 2005 under the

FOIA. More seriously, defendant made no determination with respect to plaintiff's request,

although FOIA requires the determination within 20 days of receipt of the request.

Defendant further stated in its October 3, 2005 letter that it was denying plaintiff's

request for a waiver or reduction of fees. Although defendant's letter stated that a copy of its

FOIA regulation setting forth the tests for waiver or reduction of fees was enclosed, there was no

enclosure in the letter.

Plaintiff responded by letter of October 31, 2005 to the defendant's CMS FOIA Group.

Plaintiff appealed the defendant's failure to supply the requested documents within the time

frame specified in the law. Id., Ex. C. Plaintiff further appealed the denial of its request for

waiver of fees and set out facts concerning its non-profit nature and public interest activities that

qualify it for waiver.

The CMS FOIA Group acknowledged receipt of plaintiff's October 21, 2005 appeal by

letter of November16, 2005, which was delivered on November 21, 2005. Id., Ex. D. However,

defendant did not respond to the appeal with respect to either issue, in violation of the

requirement of the FOIA that a decision be made within 20 working days, or by December 2,

2005.

Defendant's next communication to plaintiff was dated December 27, 2005, well after the

Complaint was filed in this lawsuit. Id., Ex. E. Defendant's CMA FOIA Group wrote to

plaintiff again, stating that plaintiff's request had been referred to Director Eckart in the FOIA

Division of defendant DHHS, along with responsive CMS files. Still no records or information

were supplied to plaintiff.

4

At last, by letter of January 19, 2006, defendant sent plaintiff a long overdue "interim response" consisting of 33 pages of records. Id., Ex. F. Defendant further advised that 3 pages and portions of a fourth were being withheld pursuant to FOIA exemption (b)(5). In addition, defendant stated that 10 pages and a portion of an 11th page that originated in the Social Security Administration had been referred to that agency for consideration of release.

Defendant also notified plaintiff in the January 19, 2006 letter it was denying plaintiff's request for a fee waiver because "no justification has been received." This decision was not only untimely, but incorrect, since plaintiff had submitted facts justifying a fee waiver in its October 31, 2005 letter. On February 17, 2006 plaintiff filed an appeal of the denial of the fee waiver request and pointed out that the facts justifying a waiver had been provided to defendant in plaintiff's letter of October 31, 2005. Id., Ex. G. However, DHHS wrote to plaintiff on March 20, 2006, demanding payment by plaintiffs of $60.90 to cover copying charges, and said that if plaintiff's agreement to pay was not received within 30 days of receipt of the letter, plaintiff's request would be suspended pending a determination on the waiver request. See Exhibit K. The letter acknowledged that plaintiff's fee waiver appeal had been received and was being processed but offered no decision with respect to that appeal, nor has a decision been received to date. Once again, the timeliness standard of the FOIA was violated by defendant, since it received plaintiff's second appeal letter with respect to the fee waiver on February 28, 2006, and was required by FOIA to make a decision by March 28, 2006.

On March 2, 2006 the SSA FOIA officer informed plaintiff that SSA was withholding a portion of 1 page and 10 more pages that were referred to them by CMS, asserting the deliberative process privilege. See Exhibit H. Plaintiff wrote to SSA, appealing the applicability

5

of the deliberative process privilege and requesting a description of the documents for which the privilege was asserted, on March 8, 2006. See Exhibit I. This letter was actually received by SSA on March 13, 2006. Defendant has still not responded to the appeal, although FOIA deadlines expired on April 10, 2006.

On March 8, 2006 defendant DHHS wrote to plaintiffs, asserting the deliberative process privilege with respect to 7,159 pages of documents related to plaintiff's request, and releasing 250 pages of documents. See Exhibit J. Plaintiff responded to defendant on April 7, 2006, again appealing the applicability of the deliberative process privilege. Exhibit L

2. Defendant Has Withheld Information Without Just Cause.

As described above, defendant has asserted the deliberative process privilege as a basis for withholding records on three occasions. On January 19, 2006, defendant notified plaintiff that 3 pages and portions of a fourth were being withheld pursuant to FOIA exemption (b)(5). Id., Ex. F. On March 2, 2006 the SSA FOIA officer informed plaintiff that SSA was withholding a portion of 1 page and 10 more pages that were referred to them by CMS. See Exhibit H. On March 8, 2006, defendant DHHS asserted the deliberative process privilege with respect to 7,159 pages of documents related to plaintiff's request. See Exhibit J

II.    **DEFENDANT SHOULD BE ORDERED TO PRODUCE THE REQUESTED DOCUMENTS IMMEDIATELY WITHOUT CHARGE**

A.    Defendant has violated FOIA Timeliness Requirements In Failing To Produce Documents

Defendant has repeatedly failed to comply with FOIA timeliness requirements as to production of documents. Although plaintiff's initial request was received by defendant on August 29, 2005, no documents were provided until January 19, 2006, well after this lawsuit was

filed. At the current time, 425 documents have been identified but are being withheld because of defendant's failure to process plaintiff's request for a fee waiver. An unknown number of additional responsive documents may still not have been identified by defendant, and thus are also untimely.

Not only has defendant failed to produce agency documents in compliance with FOIA time frames, but defendant has ignored FOIA time frames for making decisions on plaintiff's appeals. As described above, plaintiff filed an appeal pursuant to the provisions of the FOIA on October 31, 2005 with respect to both the defendant's failure to provide requested documents and its failure to waive fees. No decision has ever been made on this appeal, although FOIA requires that it have been made by December 2, 2005.

Plaintiff filed a second appeal on February 17, 2006 with respect to a second notification from defendant that it was denying the request for a fee waiver. No decision has been made on this second appeal, although FOIA requires that it have been made by March 28, 2006.

Plaintiff filed a third appeal on March 8, 2006 with respect to defendant's assertion of the deliberative process privilege and requesting a description of the documents affected. No decision has been made on this third appeal, although FOIA requires that it have been made by April 10, 2006.

Plaintiff filed a fourth appeal on April 7, 2006 with respect to defendant's second assertion of the deliberative process privilege with respect to an additional group of documents. No decision on this fourth appeal had been received as of the date of filing this motion, but it was not yet overdue.

Plaintiff is deemed to have exhausted its remedies because of defendant's failure to respond

timely to its attempts to appeal, and thus the Court has jurisdiction to provide relief.  Oglesby v.

U.S. Dept. Of Army, 920 F.2d 57, 61 (D.C.Cir. 1990); Ervin & Assoc., Inc. v.  Dunlap, 33

F.Supp. 2d 1, 14 (D.D.C.1997).  The defendant agency must show beyond a material doubt that

it has conducted a reasonable search for the requested documents.  Weisberg v. U.S. Dept. Of

Justice, 705 F.2d 1344, 1351 (D.C.Cir. 1983).

 B.  Defendant Has Failed To Make a Timely Decision on Plaintiff's Request For A Fee Waiver

 As noted above, plaintiff requested a fee waiver pursuant to the provisions of the FOIA

based on their status as a non-profit public interest program that provides education and

advocacy for Medicare beneficiaries across the country.  Defendant denied this request on

October 3, 2005, and plaintiff filed an appeal providing additional information showing that it

met the tests for a fee waiver under FOIA on October 31, 2005.  Defendant has never responded

to this appeal, although the timeliness provisions of FOIA required a response by December 2,

2005.

 However, defendant again notified plaintiff on January 19, 2006 that it was denying

plaintiff's request for a fee waiver because "no justification has been received."  Again, plaintiff

appealed this decision, resubmitting the information about its qualifications for a fee waiver, on

February 17, 2006.  A decision on this appeal was due under FOIA on March 28, 2006 but no

decision has been made.  Defendant is now withholding documents and demanding fees that it

should have waived many months ago under the FOIA standard.

 Plaintiff has no further remedy due to the defendant's refusal to act on its request for a

waiver of fees, and this Court has jurisdiction to provide relief.  Oglesby v. U.S. Dept. Of Army,

920 F.2d at 61; <u>Ervin & Assoc., Inc. v. Dunlap</u>, 33 F.Supp. 2d at 14.

        C.      Defendant Is Withholding Documents Under Claim of Privilege

        Defendant has notified plaintiff that they are withholding a further 7,172 documents plus

portions of 2 more under claimed deliberative process exceptions.  As to these redacted or

withheld documents, the plaintiff is entitled to summary judgment unless the defendant agency

can demonstrate that each of the redacted or withheld documents falls under one of the FOIA

exemptions and so is exempt from FOIA's disclosure requirements.  <u>Military Audit Project v.</u>

<u>Casey</u>, 656 F.2d 724, 738 (D.C.Cir. 1981).  Because the purpose of FOIA is to pierce the veil of

administrative secrecy, exemptions must be narrowly construed.  <u>Dept. Of Air Force v. Rose</u>,

425 U.S. 352 (1976).

        Defendant bears the burden of producing affidavits or declarations that describe the

documents involved and justify the non-disclosure in a clear, specific and reasonably detailed

manner, and that "are not controverted by either contrary evidence in the record [or] by evidence

of agency bad faith."  <u>Voinche v. Federal Bureau Of Investigation</u>, 412 F.Supp. 2d 60, 64

(D.D.C. 2006) (quoting <u>Voinche v. F.B.I.</u>, 46 F.Supp. 2d 26, 28 (D.D.C. 1999), quoting <u>Military</u>

<u>Audit Project v. Casey, 656 F.2s 724, 738 (D.C. Cir. 1981)</u>).  A Vaughn index, which describes

each withheld document and explains why the claimed exemption is relevant, enables the court

to resolve the issues related to government claims that requested documents are exempt.  <u>Vaughn</u>

<u>v. Rosen</u>, 484 F.2d 820, 826 (D.C.Cir. 1973); <u>Founding Church of Scientology v. Bell</u>, 603 F.2d

945, 947 (D.C.Cir. 1979).

        Defendant should be ordered to prepare a Vaughn index with respect to the 7,172 plus

documents so that the Court will have sufficient information that it can determine whether the

documents fall within the claimed exemption for the deliberative process privilege.  The Court

has authority to order defendant to produce all documents that are being improperly withheld.

Gallace v. U.S. Dept. Of Agriculture, 273 F.Supp.2d 53, 58 (D.D.C. 2003), aff'd, 2003 WL

22318866 (D.C.Cir. Sept. 20, 2003).

CONCLUSION

For the foregoing reasons the Court should issue an order requiring defendant to provide

all documents responsive to plaintiff's FOIA request that have not yet been produced, requiring

defendant to make a decision granting plaintiff's request for a waiver of fees, and requiring

defendant to produce a Vaughn index so that its claim of an exemption under the deliberative

process privilege can be evaluated.   These acts should be completed by defendant promptly,

which under the FOIA is defined as within twenty working days.  In addition, plaintiff asks the

Court to award it attorney fees for the effort required to compel defendant to provide this public

information.

Dated: April 13, 2006

Respectfully submitted

*Patricia B. Nemore*

PATRICIA B. NEMORE
D.C. Bar No. 204446
Center for Medicare Advocacy, Inc.
1101 Vermont Avenue, N.W., Suite 1001
Washington, D.C. 20005
(202) 216-0028

GILL DEFORD
D.C. Bar No. 459280
JUDITH STEIN
BRAD PLEBANI
Center for Medicare Advocacy, Inc.
P.O. Box 350

10

Willimantic, CT 06226
(860) 456-7790

SALLY HART
Center for Medicare Advocacy, Inc.
100 North Stone Ave., Suite 305
Tucson, AZ 85701
(520) 327-9547

Attorneys for Plaintiff

11