# CENTER FOR MEDICARE ADVOCACY, INC.
### 100 NORTH STONE AVENUE, SUITE 305
### TUCSON, ARIZONA 85701
### (520) 327-9547  FAX (520) 884-0992

**ATTORNEYS\***
Judith A. Stein
Brad S. Plebani
Pamela A. Meliso
Gill Deford
Alfred J. Chiplin, Jr.
Toby Edelman
Vicki Gottlich
Patricia Nemore
Lara K. Stauning
Mary T. Berthelot
Mary A. Ashkar

**OF COUNSEL**
Sally Hart
Wey-Wey Elaine Kwok\*

\*Admitted in other jurisdictions

**ADMINISTRATOR**
Carolyn S. Boyle

**MEDICAL ADVOCACY COORDINATOR**
Ellen L. Lang, R.N., M.P.H.

**DATA PROJECT DIRECTOR**
Larry S. Glatz

**SENT BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED**
August 25, 2005

Freedom of Information Officer
Centers For Medicare & Medicaid Services
North Building, Room N2-20-06
7500 Security Boulevard
Baltimore, MD 21244-1850

Re:  Freedom of Information Request

Dear Freedom of Information Officer:

The Center For Medicare Advocacy, Inc., requests the following documents and information, pursuant to the Freedom of Information Act, 5 U.S.C. § 552:

All articles, reports, studies, memoranda, letters and writings of any kind concerning videoconferencing (VTC) that have been or are being reviewed and/or used in designing and/or establishing the Medicare administrative law judge hearings by VTC that are described at 42 C.F.R. § 405.1036, et seq.

We request that you waive fees for supplying this information.  The Center for Medicare Advocacy, Inc., is a not-for-profit organization that educates and advocates on behalf of Medicare beneficiaries.

We also request that you provide this information on an expedited basis, as the change to the new VTC hearing system is occurring now.  We ask that you provide the requested documents as they are located rather than waiting to supply them all when the process of gathering them has been completed.

Exhibit 1

Freedom of Information Officer
Centers For Medicare & Medicaid Services
August 25, 2005
Page 2

If you have any questions about this request, please give me a call, or contact me by Email at
shart@azdisabilitylaw.org.  Thank you for your assistance with this request.

Yours very truly,

Sally Hart
Of Counsel

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



Office of Strategic Operations and Regulatory Affairs/ Freedom of Information Group

Refer to:   C05FOI2226EW (CAS)                    OCT 03 2005

Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue
Suite 305
Tucson, Arizona 85701

Dear Ms. Hart.

I am acknowledging receipt of your Freedom of Information Act (FOIA) request
dated August 25, 2005. Because we receive a very heavy volume of FOIA requests,
we have had to establish a policy of "first in, first out" case processing. This policy is
consistent with court decisions regarding FOIA's time limits. Please be assured that a
search has been initiated for records falling within the scope of your request. If any
such records are located, they will be reviewed as soon as possible, and you will be
notified of our decision regarding release or non release of those documents.

You have asked for a waiver or reduction of the fees that we would customarily
charge for furnishing agency records. You have not, however, furnished sufficient
information to enable us to determine whether a waiver or reduction of fees is
warranted. In order to consider your request for a waiver or reduction of fees, we will
need additional information from you. Enclosed you will find a copy of the
Department of Health and Human Services FOIA regulation which sets forth the two
tests which disclosure of information must meet in order for fees to be waived or
reduced. Please carefully review this information and provide a detailed explanation
of how disclosure to you will meet the stated tests. I especially need to know how
you intend to disseminate the information to the public.

When submitting additional information, please refer to the case number listed at the
top left-hand corner of this letter, and send it to: Freedom of Information Group,
N2-20-16, 7500 Security Boulevard, Baltimore, Maryland 21244-1850.

Ex. 2

Page 2 – Ms. Hart

If you do not furnish any additional information to justify a waiver or reduction of fees, then you will owe the full cost of responding to your request.  If at any time the estimate of such fees exceeds $250.00, we will invoice you for the amount of the estimated fee and suspend processing of your request until the fee is paid.

Sincerely yours,

Michael S. Marquis
Director
Freedom of Information Group

Enclosure

NOTE:

Any questions regarding the status of this request should be referred to:  Charlotte Smith at (410) 786-6498.

# CENTER FOR MEDICARE ADVOCACY, INC.
### 100 NORTH STONE AVENUE, SUITE 305
### TUCSON, ARIZONA 85701
### (520) 327-9547 FAX (520) 884-0992

**ATTORNEYS***
Judith A. Stein
Brad S. Plebani
Pamela A. Meliso
Gill Deford
Alfred J. Chiplin, Jr.
Toby Edelman
Vicki Gottlich
Patricia Nemore
Lara K. Stauning
Mary T. Berthelot
Mary A. Ashkar

**OF COUNSEL**
Sally Hart
Wey-Way Elaine Kwok*

*Admitted in other jurisdictions

**ADMINISTRATOR**
Carolyn S. Boyle

**MEDICAL ADVOCACY COORDINATOR**
Ellen L. Lang, R.N., M.P.H.

**DATA PROJECT DIRECTOR**
Larry S. Glatz

<u>SENT CERTIFIED MAIL (No. 70040750000285196798)</u>
<u>RETURN RECEIPT REQUESTED</u>
October 31, 2005

C06 F0I 0236ᴬ

Michael S. Marquis, Director
Freedom of Information Group
Centers For Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, MD 21244-1850

   Re: Freedom of Information Act Appeal

Dear Director Marquis::

Pursuant to the Freedom Of Information Act , the Center For Medicare Advocacy, Inc. requested documents and information pertaining to the new VTC Medicare administrative hearings on August 25, 2005. A copy of our letter is enclosed.

You responded by letter dated October 3, 2005, stating that CMS would not be providing the requested documents within the prescribed statutory time frame, despite the fact that we requested the information on an expedited basis because the VTC hearing system is now being implemented. Your letter stated that our request would be handled according to a "first in, first out" system. No documents have been supplied to date, nor have we been given any estimate as to when they might be supplied.

Under 45 C.F.R. Subpart C. § 5.35a. we are proceeding as if you had denied our request and hereby appeal the denial.

Your letter also denied the request in our August 25, 2005 letter for a waiver of the fees charged for supplying agency records. Your letter stated that we had not furnished sufficient information to enable you to determine whether a waiver of fees is warranted. It stated that a copy of the DHHS FOIA regulation setting out the tests for waiver of fees was enclosed, but there was no enclosure in your letter. Nevertheless, we appeal the denial of our request for waiver of fees.

Exhibit 3

Michael S. Marquis, Director
Freedom of Information Group
Centers For Medicare & Medicaid Services
October 31, 2005
Page 2

The Center for Medicare Advocacy, Inc., is a well known not-for-profit organization that educates and advocates on behalf of Medicare beneficiaries nationwide. In carrying out our mission we prepare materials and provide trainings for Medicare beneficiaries, advocates and attorneys, comment on proposed Medicare legislation and regulations, represent beneficiaries in the administrative appeals process, and bring individual and class action lawsuits on behalf of beneficiaries. We clearly meet the standard for waiver of fees set out at 45 C.F.R. Subpart D. § 5.45 because we will use the information requested concerning VTC hearings to further the interests of Medicare beneficiaries and their advocates who will be required to use the new hearing process. The Center For Medicare Advocacy, Inc. has no commercial interest in the requested documents.

For the foregoing reasons we urge you to immediately provide us with the requested documents, and to waive fees for such documents. If you have any questions about this appeal please give me a call or contact me by Email at shart@azdisabilitylaw.org.

Yours very truly,

Sally Hart
Of Counsel


Enclosure

**DEPARTMENT OF HEALTH & HUMAN SERVICES**
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



_CENTERS for MEDICARE & MEDICAID SERVICES_

---

**Office of Strategic Operations and Regulatory Affairs / Freedom of Information Group**

November 16, 2005

Refer to:  **FOIA Appeal C06FOI0236A**

Ms. Sally Hart, Esquire
Center for Medicare Advocacy, Inc.
100 North Stone Avenue
Suite 305
Tucson, Arizona  85701

Dear Ms. Hart:

I am acknowledging receipt of your October 31, 2005 appeal, which you sent to my attention as director of the Freedom of Information Group, Centers for Medicare & Medicaid Services (CMS). We will process your appeal as expeditiously as possible, consistent with Department of Health and Human Services FOIA rules set forth at 45 CFR Part 5.

Questions regarding your appeal should be directed to Ms. Deborah Peters at (410) 786-3677.  Additionally, for your convenience, Ms. Peters may also be contacted via e-mail at Deborah.Peters@cms.hhs.gov.

Sincerely,

Michael S. Marquis
Director
Freedom of Information Group

_Exhibit 4_

**DEPARTMENT OF HEALTH & HUMAN SERVICES**
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



## Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group

Refer to:  C05FOI2226EW                    DEC 2 7 2005

Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is in response to your August 25, 2005, Freedom of Information Act (FOIA) request,
submitted to the Centers for Medicare & Medicaid Services (CMS), for records concerning
videoconferencing (VTC) that have been or are being reviewed and/or used in designing and/or
establishing the Medicare administrative law judge hearings by VTC that are described at 42
C.F.R. § 405.1036, *et seq.*

In line with Department of Health and Human Services' (HHS) FOIA regulations at
45 C.F.R. §§ 5.31(a)(1)(i) and 5.31(a)(1)(ii),  I have referred your request and all responsive
records located within CMS's files to Mr. Robert Eckert, Director, Freedom of
Information/Privacy Acts Division, Office of the Assistant Secretary for Public Affairs, HHS for
disposition.  This action was necessary because some records responsive to your request may be
housed in HHS offices and units other than CMS, and because responsive records located within
CMS's files include records involving other HHS offices and units.   Mr. Eckert's office will
respond to both your request for records and for a waiver of FOIA processing fees.

Sincerely,

Michael S. Marquis
Director
Freedom of Information Group

cc:  Robert Eckert

Exhibit 5

Page 2 - Ms. Sally Hart - Case No. 2006-0141RE

There is no charge for FOIA processing services at this time.  We will provide an estimate of charges when we ascertain that the billable fees will exceed our $25.00 threshold for billing purposes.  FOIA requesters in your fee category receive two hours of search time, and the first 100 pages of duplication services, without charge.

If you have reason to believe that any denied documents should not be exempt from disclosure, you may appeal.  Your appeal should be mailed within thirty (30) days from the date of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, Room 645F, HHH Building, 200 Independence Avenue, S.W., Washington, D.C. 20201.  Clearly mark both the envelope and your letter of appeal "FOIA APPEAL".

Sincerely,


Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures

**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Office of the Secretary

_____

Case No. 2006-0141RE                                          Washington, D.C. 20201

January 19, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is an interim response to your August 25, 2005, Freedom of Information Act (FOIA) request
to the Freedom of Information Officer, Centers for Medicare & Medicaid Services (CMS),
Baltimore, Maryland, seeking all documentation concerning videoteleconferencing (VTC) that
has been or is being reviewed and/or used in designing and/or establishing the Medicare admin-
istrative law judge hearings, by VTC, that are described at 42 C.F.R. Section 405.1036, et. seq.
Your request, along with thirty-seven (37) pages of records responsive to your request, has been
referred to my office from CMS for disposition determination.

Of the 37 pages, thirty-three (33) pages are being released to you, in their entirety.  I have
determined to withhold three (3) pages, in their entirety, and portions of one (1) page under
exemption (b)(5).  Exemption (b)(5) permits withholding of internal government records which
is intended to protect and preserve free and candid internal dialogue leading to decision-making.
The material falls within the deliberative process and attorney-client privileges, and contains staff
advice, opinion and recommendation.

Our review identified a portion of one (1) page, and ten (10) pages, in their entirety, that
originated in the Social Security Administration (SSA).  It is this Department's policy to refer
records originating in a Federal agency, outside of HHS, to that agency for disposition
determination.  Therefore, we have referred those pages to SSA for its review and direct
response to you as to whether or not the records may be released.  If you have any questions
concerning this referral, please contact Ethel Burrows on (410) 965-3948.

In CMS' October 3, 2005, letter to you, you were asked to provide additional justification for a
fee waiver, for your request.   No justification has been received and I have determined to deny
your requested fee waiver because the criteria in the Department's regulations at 45 C.F.R.
Section 5.45 have not been met.

I have also determined to deny your request for expedited processing because it did not satisfy
the criteria in 5 U.S.C. Section 552(a)(6)(E)(v).

Exhibit 6

Page 2 - Ms. Sally Hart - Case No. 2006-0141RE

There is no charge for FOIA processing services at this time.   We will provide an estimate of charges when we ascertain that the billable fees will exceed our $25.00 threshold for billing purposes.   FOIA requesters in your fee category receive two hours of search time, and the first 100 pages of duplication services, without charge.

If you have reason to believe that any denied documents should not be exempt from disclosure, you may appeal.  Your appeal should be mailed within thirty (30) days from the date of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, Room 645F, HHH Building, 200 Independence Avenue, S.W., Washington, D.C. 20201.   Clearly mark both the envelope and your letter of appeal "FOIA APPEAL".

Sincerely,

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures

**CENTER FOR MEDICARE ADVOCACY, INC.**
1101 VERMONT AVENUE, N.W., SUITE 1001
WASHINGTON, D.C. 20005
(202) 216-0028    FAX (202) 216-0119
www.medicareadvocacy.org

ATTORNEYS
  Judith A. Stein*
  Brad S. Plebani*
  Pamela A. Meliso*
  Gill Deford
  Alfred J. Chiplin, Jr.
  Toby Edelman
  Vicki Gottlich
  Patricia Nemore
  Lara K. Stauning*
  Mary T. Berthelot*
  Mary A. Ashkar*

OF COUNSEL
  Sally Hart*
  Wey-Wey Elaine Kwok*

*Admitted in other jurisdictions

ADMINISTRATOR
  Carolyn S. Boyle

MEDICAL ADVOCACY COORDINATOR
  Ellen L. Lang, R.N., M.P.H.

DATA PROJECT DIRECTOR
  Larry S. Glatz

February 21, 2006

Deputy Assistant Secretary for Public Affairs (Media),
U.S. Department of Health and Human Services,
Room 645F, HHH Building,
200 Independence Avenue, SW
Washington, D.C. 20201

FOIA APPEAL – Case No. 2006-014IRE, originally filed August 25, 2005
FOIA Appeal C06FOI0136A, filed October 31, 2005

Dear Assistant Secretary,

The Center for Medicare Advocacy, Inc. hereby appeals the denial of fee waiver request in the above-identified case.

By letter of January 19, 2006, Robert Eckert, Director, FOI/Privacy Acts Division, Office of Public Affairs of the Department of Health and Human Services states that the Center was asked for justification of its fee request by letter of October 3, 2005. He further states that "no justification has been received and I have determined to deny your requested fee waiver because" the criteria of the law have not been met.

It is not true that the Center for Medicare Advocacy provided no justification for its request in response to the October 3rd letter. By letter dated October 31, 2005 to Michael S. Marquis, at the address identified in the October 3rd letter, Ms. Sally Hart, on behalf of the Center, provided the following justification:

The Center for Medicare Advocacy, Inc. is a well known not-for-profit organization that educates and advocates on behalf of Medicare beneficiaries nationwide. In carrying out our mission we prepare materials and provide trainings for Medicare beneficiaries, advocates and attorneys, comment on proposed Medicare legislation and regulations, represent beneficiaries in the administrative appeals process, and bring individual and class action lawsuits on behalf of

*Exhibit 7*

beneficiaries. We clearly meet the standard for waiver of fees set out in 45 C.F.R. Subpart D. §5.45 because we will use the information requested concerning VTC hearings to further the interests of Medicare beneficiaries and their advocates who will be required to use the new hearing process. The Center For (sic) Medicare Advocacy, Inc. has no commercial interest in the requested documents."

For the stated reasons, the Center is entitled to a waiver of all fees in connection with its FOIA request.

Sincerely,

*Patricia B. Nemore*

Patricia B. Nemore
Attorney

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Case No. 2006-0141RE

Washington, D.C. 20201

March 8, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Inc
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is a second interim response to your August 25, 2005, Freedom of Information Act (FOIA) request to the Freedom of Information Officer, Centers for Medicare & Medicaid Services (CMS), Baltimore, Maryland, seeking all documentation concerning videoteleconferencing (VTC) that has been or is being reviewed and/or used in designing and/or establishing the Medicare administrative law judge hearings, by VTC, that are described at 42 C.F.R. Section 405.1036, et. seq.

Staff in the Office of the General Counsel (OGC) provided this office with seven thousand four hundred and nine (7,409) pages of records responsive to your request.    I have determined to withhold seven thousand one hundred and fifty-nine (7,159) pages in their entirety under exemption  (b)(5) of the FOIA.    The remaining two hundred fifty (250) pages are being released in their entirety.   The withholdings consist of draft regulations, draft staff manuals and other draft documents circulated to OGC by the agency for legal comments.

Exemption (b)(5) permits withholding of internal government records which is intended to protect and preserve free and candid internal dialogue leading to decision-making.   The material falls within the deliberative process and attorney-client privileges, and contains staff advice, opinion and recommendation.

Again, no charge for FOIA processing services has been determined at this time.   We will provide an estimate of charges when we ascertain that the billable fees will exceed our $25.00 threshold for billing purposes.   FOIA requesters in your fee category receive two hours of search time, and the first 100 pages of duplication services, without charge.

If you have reason to believe that any denied documents should not be exempt from disclosure, you may appeal.  Your appeal should be mailed within thirty (30) days from the date of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of

*Exhibit 8*

FILE
COPY



| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|--------|---------|------|--------|---------|------|--------|---------|------|
| OPA | WHARTON | 3/8/06 | | | | | | |
| | MER | 3/8/06 | | | | | | |

Page 2 - Ms. Sally Hart - Case No. 2006-0141RE

Health and Human Services, Room 645F, HHH Building, 200 Independence Avenue, S.W., Washington, D.C. 20201.   Clearly mark both the envelope and your letter of appeal "FOIA APPEAL".

Sincerely,

/s/

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Case No. 2006-0141RE

Washington, D.C. 20201

March 20, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is in response to your August 25, 2005, Freedom of Information Act (FOIA) request in which you asked for a fee waiver.

This office has received your FOIA appeal concerning our denial of your requested fee waiver. Your fee waiver appeal is being processed, and upon completion of processing a determination will be issued by the Assistant Secretary for Public Affairs (Media).

To date, this office has provided you some of the records responsive to your request as the threshold for billing had not been reached. However, at this time additional pages of records have been located, for which the copying costs will exceed the threshold amount of $25.00. In our first two interim responsess, we released two hundred eighty-four (284) pages in full or in part. We have identified an additional four hundred twenty-five (425) pages for release. In order for this office to continue processing your request, you must agree to pay ($60.90) the copying charges for this portion of your request, after allowance for the first one hundred (100) pages, as FOIA requesters in your fee category receive review time, two hours of search time, and the first 100 pages of duplication services without charge. We must receive your agreement to pay within thirty (30) days from the date of receipt of this letter. If we do not receive your agreement to pay, processing of your request will be suspended, pending the processing and determination on your fee waiver appeal.

Sincerely,

/S/

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

*Exhibit 9*

FILE
COPY

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|--------|---------|------|--------|---------|------|--------|---------|------|
| OPA | LWHARTIN | 3/20/06 | | | | | | |
| | | 3/2/06 | | | | | | |

**CENTER FOR MEDICARE ADVOCACY, INC.**
100 NORTH STONE AVENUE, SUITE 305
TUCSON, ARIZONA 85701
(520) 327-9547  FAX (520) 884-0992

ATTORNEYS*
Judith A. Stein
Brad S. Plebani
Pamela A. Meliso
Gill Deford
Alfred J. Chiplin, Jr.
Toby Edelman
Vicki Gottlich
Patricia Nemore
Lara K. Stauning
Mary T. Berthelot
Mary A. Ashkar

OF COUNSEL
Sally Hart
Wey-Wey Elaine Kwok*

*Admitted in other jurisdictions

ADMINISTRATOR
Carolyn S. Boyle

MEDICAL ADVOCACY COORDINATOR
Ellen L. Lang, R.N., M.P.H.

DATA PROJECT DIRECTOR
Larry S. Glatz

April 7, 2006

*Sent via Federal Express*


Deputy Assistant Secretary for Public Affairs (Media)
U.S. Department of Health and Human Services
Room 645F, HHH Building
200 Independence Ave., S.W.
Washington, D.C. 20201

Re:    Freedom of Information Appeal
       Case No. 2006-0141RE

Dear Sir or Madam:

This letter is an appeal of a decision by the Department of Health and Human Services, refusing to release information requested under the Freedom of Information Act.

The information at issue was requested by the undersigned on behalf of the Center For Medicare Advocacy, Inc., on August 25, 2005. The request letter was directed to the Center For Medicare & Medicaid Services (CMS), and sought documents related to videoconferencing (VTC) that were reviewed by the agency in designing and establishing the Medicare administrative law judge hearings conducted by VTC.

By letter of March 8, 20065, Robert Eckert, Director, FOI/Privacy Acts Division, Office of Public Affairs, informed us that 7,159 pages were being withheld under a claim of exemption based on 5 U.S.C. § 552(b)(5).

CENTRAL OFFICE:  P.O. BOX 350, WILLIMANTIC, CT 06226     (860) 456-7790    FAX (860) 456-2614    *Exhibit 10*

Executive Director
Office of Public Disclosure
April 7, 2006
Page 2


We ask you to provide descriptions of the documents for which you assert this exemption together with explanations of the bases for your deliberative process claims.  If you have any questions about this appeal, please contact me.


Yours very truly,

Sally Hart
Litigation Group



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Washington, D C 20201

Appeal Case Number 2006A-0062RE
Appeal Case Number 2006A-0055RE
Appeal Case Number C06FOI0236A (CMS)

**MAY 1 5 2006**

Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is in response to the above-referenced appeals that your organization has sent to the Department of Health and Human Services (the Department). The first appeal, dated October 31, 2005, was sent to the Centers for Medicare & Medicaid Services (CMS) and challenged CMS' failure to respond to your Freedom of Information Act request and fee waiver denial. The second appeal, dated February 21, 2006, from Patricia Nemore of your organization, was sent to the Department and challenged the Department's fee waiver denial. The third appeal, dated April 7, 2006, was sent to the Department and challenged the withholdings made under Freedom of Information Act (FOIA) Exemption 5 (5 U.S.C. § 552(b)(5)) in the Department's interim response, dated March 8, 2006.

The "failure to respond" challenge in your appeal to CMS, dated October 31, 2005, is now moot because the Department subsequently released the nonexempt responsive CMS records by letter dated January 19, 2006. The records that remain to be processed, that are responsive to your request, are not from CMS files but are from files of other organizational components of the Department.

I understand that the issues presented in your April 7, 2006, appeal concerning the Department's use of Exemption 5 to withhold certain records are the subject of a pending FOIA litigation against the Department, <u>Center for Medicare Advocacy, Inc., v. Department of Health and Human Services</u>, Civil Action Number 05-2266 (U.S. District Court for District of Columbia). Therefore, I will take no further action on your administrative appeal of the withholdings.

I will, however, provide a final decision on your appeals of the denial of a requested fee waiver because we have halted processing of your FOIA request, pending your agreement to pay

*Exhibit 11*

incurred FOIA fees. Given my determination below, I encourage you to do so in order that we may continue processing your request. Your commitment to pay the incurred fees does not waive your right to challenge my determination in the United States District Court but rather allows the administrative process to conclude, provides you with an opportunity to review the remainder of the releasable material, and gives this agency an assurance of payment for work already done should my determination be upheld.

Your original FOIA request sought articles, reports, memoranda, letters, and writings of any kind concerning videoconferencing (VTC) that have been or are being reviewed and/or used in designing and/or establishing the Medicare administrative law judge hearing by VTC that are described at 42 C.F.R. § 405.1036, et seq. Two of your appeals stated that your organization is a "well known not-for-profit organization that educates and advocates on behalf of Medicare beneficiaries nationwide." Your appeals also mentioned that "[i]n carrying out [your] mission [you] prepare materials and provide trainings for Medicare beneficiaries, advocates and attorneys, comment on proposed Medicare legislation and regulations, represent beneficiaries in the administrative appeals process, and bring individual and class action lawsuits on behalf of beneficiaries." Your appeals further stated that you believe you meet our standard for fee waiver under 45 C.F.R. § 5.45 "because [you] will use the information requested concerning VTC hearings to further the interests of Medicare beneficiaries and their advocates who will be required to use the new hearing process." Finally, your appeals noted that your organization has no commercial interest in the requested records.

It is the policy of this Department to waive or reduce fees if disclosure of the information meets both the following tests: (1) it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government; and (2) it is not primarily in the commercial interest of the requester.

In analyzing the public interest, we consider the following factors:

(1) How, if at all, do the records to be disclosed pertain to the operations or activities of the Federal Government?

(2) Would disclosure of the records reveal meaningful information about government operations or activities? Can one learn from these records anything about such operations that is not already public knowledge?

(3) Will the disclosure advance the understanding of the general public as distinguished from a narrow segment of interested persons?

(4) Will the contribution to public understanding be a significant one? Will the public's understanding of the government's operations be substantially greater as a result of the disclosure?

Although Medicare administrative law judge hearings by VTC are an activity of the Federal Government, many of the records responsive to your request are not about a federal activity. For



example, documents not yet released to you because of the halt in processing largely consist of brochures, pamphlets, and other similar material on the subject of VTC and comes from the companies soliciting business with the federal government or materials downloaded from the Internet in connection with the Department's review of VTC. While the Department's review and analysis of solicitations received or VTC materials found on the Internet may properly be considered an activity of the Federal Government, these particular materials do not concern the operations or activities of the Department given their origin outside the government.

You have not demonstrated how your proposed dissemination of material already in the public domain would reveal any meaningful information about government activities that is not already public knowledge. Over 90% of the records already released to you consist of published regulations, a report to Congress, a statute, and a Government Accountability Office report, all of which are readily accessible to the public through the Internet (http://www.gao.gov/new.items/d0545.pdf, http://thomas.loc.gov/, http://www.hhs.gov/medicare/appealsrpt.html) or in the Federal Register. Given that the vast amount of the records disclosed or to be disclosed to you thus far are already in the public domain, you have not explained in any manner how release to CMA of publicly available information would add anything to the public understanding, nor shown how your redistribution of that same information would contribute to that understanding in a significant way.

Further, a small portion of records yet to be released to you because of the halt in processing consist of internal administrative matters and contain no substantive information with regard to the subject matter of your request. For example, one document is an internal note about using a government purchasing card to secure VTC sites or services. Such information does not qualify for a fee waiver because it deals with internal administrative matters with regard to securing VTC sites or services and not matters of substance or significance with regard to the underlying subject matter of your request.

Because you have failed to satisfy factors 2 and 4 of the public interest test, as well as factor 1 for a portion of the records yet to be released, a public interest fee waiver may not be granted.

Please note that we have not completed processing all responsive records, therefore, if we find documents that may qualify for a fee waiver, we will consider that issue at that time. Based upon my staff's initial review of the records remaining to be processed, it would appear that the likelihood of granting even a partial fee waiver is small. The majority of the remaining records consist of publicly available material; promotional material from non-federal entities; or records of which the substantive portion will be protected under Exemption 5 of the FOIA because they reflect the agency's internal, predecisional deliberations about Medicare appeal hearings or confidential attorney-client communications.

Because I have determined that you have not met the public interest test, there is no need to resolve the commercial interest factors outlined in 45 C.F.R. § 5.45(c)(1). For the above reasons, I uphold the denial of your fee waiver request. This FOIA request has been placed in the "other" fee category. In this fee category, FOIA requesters are charged for search costs after the first two hours of search time, and for duplication services after the first 100 pages of copying.

This letter constitutes the final decision of the Department in the matter.  If you wish, you may seek judicial review in the district court of the United States in the district in which you reside, have your principal place of business, in which the agency records are located, or in the District of Columbia.

Sincerely yours,

Christina H. Pearson
Deputy Assistant Secretary
for Public Affairs (Media)

cc:    Patricia Nemore