**From:** Gill Deford [mailto:GDeford@medicareadvocacy.org]
**Sent:** Thursday, June 29, 2006 3:14 PM
**To:** WHARTON, FRANCES (HHS/ASPA)
**Subject:** Fee waiver

Ms. Wharton --

In response to Robert Eckert's letter of March 20, 2006 to Sally Hart, my colleague, and pursuant to our conversation of today, this is to advise you that we will agree to pay the copying charges for this part of the request in the event that it is determined that we are liable for them. Thank you.

Gill Deford
Attorney
Center for Medicare Advocacy, Inc.
P.O. Box 350
Willimantic, CT 06226
gdeford@medicareadvocacy.org
(860) 456-7790
Fax: (860) 456-2614
www.medicareadvocacy.org

Exhibit B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　　　Office of the Secretary

Washington, D.C. 20201

Case No. 2006-0141RE

July 10, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is the final response to your August 25, 2005, Freedom of Information Act (FOIA) request to the Centers for Medicare and Medicaid Services (CMS) requesting all documentation concerning videoconferencing (VTC) that has been or is being reviewed and/or used in designing and/or establishing Medicare administrative law judge hearings. Your request was referred to my office because of my responsibility as the Departmental Freedom of Information Officer.

The Office of Medicare Hearings and Appeals (OMHA) and the Office of the Assistant Secretary for Budget, Technology and Finance (ASBTF) performed a search and located four hundred and twenty-one (421) pages of records responsive to your request.

Three hundred and nineteen (319) pages (enclosed) are released, in their entirety. I have determined to withhold portions of three (3) pages of the released records; and ninety-nine (99) of the pages, in their entirety, under FOIA exemptions (b)(5) and (b)(6). The withheld materials include a draft issue paper, draft MOUs, e-mail messages, attorney-client (privileged) communications and a private individual's name.

Please note that we have revised the page count relative to our interim letters. The first two responses totalled two hundred and fifty-five (255) pages, that were either released in their entirety or partially.

We have also referred one hundred and ninety-two (192) pages of responsive records to the Social Security Administration, from which the records originated. For status on those records, you may contact Ethel Burrows in their FOIA Disclosure Office on 410-965-3948.

Exemption (b)(5) permits the withholding of internal government communications which are predecisional and contains staff advice, opinion and recommendations. This exemption is intended to preserve free and candid internal dialogue leading to

Exhibit 14

Page 2 – Ms. Sally Hart – Case No. 2006-0141RE

decisionmaking, and in this instance includes the attorney-client privilege. Exemption (b)(6) permits the withholding of information that if released would constitute a clearly unwarranted invasion of personal privacy.

Also enclosed is an Invoice of Fees for FOIA Services in the amount of $359.70. Please note the remittance instructions and penalty information at the bottom of your invoice.

If you have reason to believe that the denied documents should not be exempt from disclosure, you may appeal. Your appeal should be mailed within thirty (30) days of the date of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, Room 645F, HHH Building, 200 Independence Avenue, S.W., Washington, D.C. 20201. Clearly mark both the envelope and your letter of appeal "Freedom of Information Act Appeal".

Sincerely,

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the Secretary

Washington, D.C. 20201

Case No. 2006-0141RE

July 12, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is a follow-up response to your August 25, 2005, Freedom of Information Act (FOIA) request, originally sent to the Centers for Medicare and Medicaid Services (CMS), in which you requested records concerning videoteleconferencing (VTC) of Medicare administrative law judge hearings.

My response, dated July 11, 2006, did not address an additional four hundred and sixty-nine (469) pages of documents which had been located within the Office of Medicare Hearings and Appeals (OMHA). Enclosed, in their entirety, are ten (10) pages of these records. I have determined to withhold four hundred and fifty-nine (459) pages of these records, in their entirety, under FOIA exemption (b)(5). The withheld materials include draft documents, deliberative e-mail messages, and attorney-client (privileged) communications.

Exemption (b)(5) permits the withholding of internal government communications which are predecisional and contains staff advice, opinion and recommendations. This exemption is intended to preserve free and candid internal dialogue leading to decisionmaking, and in this instance includes the attorney-client privilege.

There is no charge for FOIA services in this instance because chargeable fees are under our $25 threshold for billing purposes.

If you have reason to believe that the denied documents should not be exempt from disclosure, you may appeal. Your appeal should be mailed within thirty (30) days from the date of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs

Exhibit 15

Page 2 – Ms. Sally Hart – Case No. 2006-0141RE

(Media), U.S. Department of Health and Human Services, Room 645F, HHH Building, 200 Independence Avenue, S.W., Washington, D.C. 20201. Clearly mark both the envelope and your letter of appeal "Freedom of Information Act Appeal".

Sincerely,

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures