**Vaughn Index of Withheld Documents from First Interim Release, Dated 1/19/2006**

| Doc. # | # of Pages | Description | Withheld Information | Basis for Withholding |
|---|---|---|---|---|
| 1 | 3 | Email string, starting with April 13, 2005, 1:17 p.m., email, exchanged between Centers for Medicare and Medicaid Services (CMS) staff, Department of Health and Human Services (HHS) staff, and HHS Office of the General Counsel (OGC) attorney, regarding (re.) Qualified Independent Contractor (QIC) reconsideration notice issue raised during Hill briefing. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The emails were exchanged among CMS and HHS staff and an OGC attorney and provide advice and recommendations about suggested language that might be added to the QIC reconsideration notices to appellants. The withheld material contains suggestions, advice, and recommendations and a request for legal advice from agency client to agency attorney re. draft language for QIC reconsideration notice to appellants about requesting in-person hearing. This draft contains the author's recommendation of what the final document should say. The final decision would be the actual QIC reconsideration notice that is given to appellants. Non-exempt information amounts to essentially meaningless words and phrases. |

| 2 | 2 | May 25, 2005, 7:52 p.m., email exchanged between CMS staff, HHS staff, and OGC attorney, re. draft Social Security Administration (SSA)-HHS Medicare appeals funding contingency plan requested at 5/15 Office of Management and Budget (OMB) meeting. | 20 sentences | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The email discusses a proposal from SSA about remands in Medicare appeals, SSA's advice about HHS's hiring of SSA's judges, SSA's suggestions about the procurement of medical experts, suggestions about why the April receipts of Medicare appeals is up, advice about suggested  memorandum of understanding (MOU) between HHS and SSA, suggested appropriations language, and OGC legal advice about resolving contingency policy with SSA.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. SSA proposal to HHS about remands, judges HHS is hiring, the hiring or contracting of medical experts, April receipt number for Medicare appeals, agency-suggested appropriations language, and contingency policy between SSA and HHS.  Unreleased non-exempt information amounts to essentially meaningless words and phrases. |

| 3 | 11 | Email string, starting with June 3, 2005, 9:57 a.m., email, exchanged between CMS staff, HHS staff, OGC attorney, and Social Security Administration (SSA) staff, re. MOU for shared use of SSA video hearing facilities and attaching 10-page June 2, 2005 draft MOU between SSA and HHS for shared use of SSA video hearing facilities. | June 2, 2005, 1:32 p.m., email from SSA and 10-page attachment from SSA | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS Freedom of Information Act (FOIA) regulation, 45 C.F.R. § 5.23. |

**Vaughn Index of Withheld Records from Second Interim Release, Dated March 8, 2006**

| Doc. # | # of Pages | Description | Withheld Information | Basis for Withholding |
|---|---|---|---|---|
| 4 | 18 | Email string, starting with August 3, 2005, 1:47 p.m., email, exchanged between Office of the General Counsel (OGC) attorneys and OGC staff re. video teleconferencing facilities and attaching 3-page draft note from OGC attorney to client, OGC mark-up of 6-page draft executive decision memo from Nancy Thompson, Department of Health and Human Services (HHS), to Under Secretary of Health of Veterans Health Administration, and OGC mark-up of 8-page draft memorandum of understanding (MOU) between HHS and Department of Veterans Affairs (VA) for use of VA video-teleconferencing (VTC) facilities. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains an email exchange between OGC attorneys and staff and attachments concerning OGC's review and suggested edits of a draft memorandum from HHS to VA and a draft MOU between VA and HHS for use of VA VTC facilities for Medicare hearings and includes a draft note from OGC to the agency client about the review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft legal advice to the agency client, HHS attorney mark-ups of draft executive decision memo and draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 5 | 2 | Email string, starting with August 2, 2005, 10:12 a.m., email, exchanged between OGC attorneys, HHS staff, and Centers for Medicare and Medicaid Services (CMS) staff, re. Government Accountability Office (GAO) report about Medicare appeals transfer. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an email exchange between OGC attorneys in response to receiving a GAO report from the agency client and contains OGC attorney's opinions to a higher level OGC attorney about the report in anticipation of a Secretarial press conference in which the report may come up. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. GAO report in anticipation that HHS Secretary may be asked about it during a press conference. Non-exempt information amounts to essentially meaningless words and phrases. |

| 6 | 3 | Email string, starting with August 2, 2005, 10:03 a.m., email, exchanged between OGC attorneys, re. article about Finance Committee Leaders pressing HHS to remedy Medicare appeals transfer. | **During litigation, HHS released the last two pages of the document and continued to withhold the first page.** | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an email exchange between OGC attorneys in response to receiving an article about a GAO report and a request from Senators Grassley and Baucus that HHS take all necessary steps to ensure that Medicare beneficiaries have access to a fair and accessible appeals process for denied claims and contains OGC attorney's opinions to a higher level OGC attorney about the GAO report in anticipation of a Secretarial press conference in which the report may come up. The withheld material contains advice, recommendations, and suggestions re. GAO report in anticipation that HHS Secretary may be asked about it during a press conference. Unreleased non-exempt information amounts to essentially meaningless words and phrases. |

| 7 | 17 | 1-page August 1, 2005, 10:07 a.m., email, exchanged between OGC attorneys, re. MOU/Decision Memo and attaching 8-page OGC mark-up of draft MOU between HHS and VA for use of VA video-teleconferencing facilities; 7-page OGC mark-up of draft executive decision memo from Nancy Thompson, HHS, to Under Secretary for Health, Veterans Health Administration; and 1-page draft note from one OGC attorney to another, re. mark-ups. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains an email between OGC attorneys and attachments concerning OGC's review and suggested edits of a draft memorandum from HHS to VA and a draft MOU between VA and HHS for use of VA VTC facilities for Medicare hearings.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft legal advice to the agency client, HHS attorney mark-ups of draft executive decision memo and draft MOU, and draft note to HHS attorney re. mark-ups.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 8 | 14 | 2-page email string, starting with July 28, 2005, 10:54 a.m., email, exchanged between OGC attorneys, OGC staff, and HHS staff, re. "OK to send to VA?  VTC request to work with HHS," and attaching 5-page draft executive decision memo from Nancy Thompson, HHS, to Under Secretary for Health, Veterans Health Administration, and 7-page draft MOU between HHS and VA for use of VA video-teleconferencing facilities. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains an email exchange between OGC attorneys and staff and attachments concerning agency client's submittal to OGC for review of draft memorandum from HHS to VA and a draft MOU between VA and HHS for use of VA VTC facilities for Medicare hearings.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. legal review of draft executive decision memo and draft MOU submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 9 | 3 | Email string, starting with July 27, 2005, 8:36 p.m., email, exchanged between OGC attorneys and HHS staff, re. "OK to send to VA? VTC request to work with HHS." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an email exchange between OGC attorneys and agency clients about agency client's submittal to OGC for review of draft memorandum from HHS to VA and a draft MOU between VA and HHS for use of VA VTC facilities for Medicare hearings and agency clients' opinions about the draft documents. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. legal review of draft executive decision memo and draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 10 | 6 | 1-page July 26, 2005, 1:31 p.m., email exchanged between OGC attorneys and CMS staff, re. correcting amendment and attaching 5-page CMS Centers for Beneficiary Choices and OGC edits to draft correcting amendment to another correcting amendment entitled, "Medicare Program; Changes to the Medicare Claims Appeal Procedures: Correcting Amendment to an Interim Final Rule" (70 FR 37700, June 30, 2005). | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is OGC's and an agency client's suggested edits to a draft agency correcting amendment that corrects a technical error in a previous correcting amendment that was published in the Federal Register.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. a draft correction amendment submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 50214 (Aug. 26, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 11 | 7 | 1-page July 22, 2005, 12:17 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. CMS-4064-IFC3 and attaching 1-page July 22, 2005 note from OGC attorney to CMS staff, re. CMS-4064-IFC (interim final rule with comment); Medicare Program; Changes to the Medicare Claims Appeal Procedures: Correcting Amendment to a Correcting Amendment and 5-page OGC mark-up of draft correcting amendment. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is OGC's suggested edits, sent to the agency client, for a draft agency correcting amendment that corrects a technical error in a previous correcting amendment that was published in the Federal Register. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. a draft correction amendment submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 50214 (Aug. 26, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 12 | 7 | 2-page email string, starting with July 21, 2005, 12:09 p.m., email, exchanged between OGC attorneys and CMS staff, re. Medicare Program; Changes to the Medicare Claims Appeal Procedures; Correcting Amendment to a Correcting Amendment (CMS-4064-IFC) and attaching 1-page regulations clearance request and 4-page draft correcting amendment. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the agency client's submittal to OGC for review of a draft agency correcting amendment that corrects a technical error in a previous correcting amendment that was published in the Federal Register. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. a draft correction amendment submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 50214 (Aug. 26, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 13 | 5 | Email string, starting with July 14, 2005, 10:21 a.m., email, exchanged between OGC attorneys, OGC staff, HHS staff, and CMS staff, re. draft website material. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. material proposed for the HHS Office of Medicare Hearing and Appeals (OMHA) website submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. |
| 14 | 6 | 1-page July 13, 2005, 12:43 p.m., email from HHS staff to OGC attorneys, re. draft notice of hearing and attaching 5-page draft notice of hearing. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft notice of hearing submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. |

13

| 15 | 13 | 1-page July 12, 2005, 10:55 a.m., email from OGC attorneys to HHS staff, re. draft notice of hearing documents and attaching a 6-page OGC mark-up of draft notice of hearing and a 1-page OGC mark-up of draft "What to Expect in a Video-Teleconference Hearing" document, and a 5-page OGC mark-up of a draft travel policy for OMHA. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft notice of hearing documents submitted to OGC for legal review and OGC mark-up of the drafts.  This draft contains the author's recommendation of what the final document should say. |
| 16 | 4 | 1-page July 12, 2005, 10:16 a.m., email from HHS staff to OGC attorneys, re. draft response to notice of hearing form and attaching 3-page draft form. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft response to notice of hearing form submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say. |

| 17 | 12 | 2-page email string, staring with July 8, 2005, 8:12 p.m., email, exchanged between HHS staff and OGC attorneys, re. draft notice of hearing documents and attaching 5-page draft notice of hearing, 4-page draft travel policy for OMHA, and 1-page draft "What to Expect in a Video-Teleconference Hearing" document. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft notice of hearing documents submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. |
| --- | --- | --- | --- | --- |
| 18 | 1 | Email string, starting with June 30, 2005, 11:09 a.m., email, exchanged between OGC attorneys, re. draft press release. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions re. draft press release about Medicare appeals. This draft contains the author's recommendation of what the final document should say. |

| 19 | 87 | 1-page July 5, 2005, 5:56 p.m., email from HHS staff to HHS staff, CMS staff, and OGC attorneys, re. draft OMHA hearings manual and attaching 86-page June 2005 draft hearings manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a submittal of a July 5, 2005 draft of the OMHA hearings manual to OGC and to other HHS and CMS staff for their review and requesting comments on the draft manual by August 1, 2005.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 20 | 28 | 1-page June 29, 2005, 11:21 a.m., email from OGC attorney to HHS staff and OGC attorneys, re. draft hearings manual and attaching 27-page OGC mark-up of draft portions of hearings manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is OGC's suggested edits, sent to the agency clients, for a June 2005 draft of portions of the OMHA hearings manual. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review and OGC mark-up of draft. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 21 | 32 | 1-page June 28, 2005, 4:50 p.m., email, from OGC attorney to HHS staff and OGC attorneys, re. draft hearings manual and attaching 31-page OGC mark-up of draft portions of the hearings manual. This document is OGC's suggested edits, sent to the agency clients, for a June 2005 draft of portions of the OMHA hearings manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is OGC's suggested edits, sent to the agency clients, for a June 2005 draft of portions of the OMHA hearings manual. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review and OGC mark-up of draft. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 22 | 15 | 4-page email string, starting with June 28, 2005, 10:54 a.m., email, exchanged between HHS staff and OGC attorneys, re. draft hearings forms and portions of draft hearings manual and attaching 11 pages of forms under consideration. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an email exchange between OGC attorneys and agency client about client's legal questions about proposed sections of the draft OMHA hearings manual and proposed forms to be used in the Medicare appeals process. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual and forms submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 23 | 13 | 1-page email string, starting with June 24, 2005, 6:44 p.m., email, exchanged between OGC attorneys, HHS staff, and Social Security Administration (SSA) staff, re. HHS's proposed changes to SSA's June 9 version of VTC MOU for shared use of SSA video hearing facilities and attaching 3-page explanation of HHS's proposed revisions and 9-page June 24, 2005 draft of MOU. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an email exchange between OGC attorneys, HHS staff, and SSA staff about proposed HHS edits to a draft MOU between HHS and SSA on shared use of SSA video hearing facilities for the conduct of Medicare hearings by HHS Administrative Law Judges (ALJs).  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 24 | 32 | 2-page email string, starting with June 22, 2005, 1:41 p.m., email, exchanged between OGC attorneys and CMS staff, re. draft correcting amendment for interim final rule entitled, "Medicare Program: Changes to the Medicare Claims Appeal Procedures," (70 FR 11420, March 8, 2005), and attaching 30-page OGC mark-up of draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC and its agency clients and contains OGC's suggested edits to the agency's draft correction amendment that corrects technical errors in an interim final rule that was published in the Federal Register. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. a draft correction amendment submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 25 | 3 | 1-page June 17, 2005, 11:50 a.m., email from OGC attorney to CMS staff and other OGC attorneys, re. draft correcting amendment for interim final rule entitled, "Medicare Program: Changes to the Medicare Claims Appeal Procedures," and attaching 2-page June 17, 2005 note from OGC attorney to CMS staff, re. OGC edits and advice about draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is from OGC to agency clients and contains a revised note to the agency clients about OGC's suggested edits to agency's draft correction amendment that corrects technical errors in an interim final rule that was published in the Federal Register. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. a draft correction amendment submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 26 | 29 | 1-page June 17, 2005, 11:26 a.m., email from OGC attorney to CMS staff and other OGC attorneys, re. draft correcting amendment for interim final rule entitled, "Medicare Program: Changes to the Medicare Claims Appeal Procedures," and attaching 2-page June 17, 2005 note from OGC attorney to CMS staff, re. OGC edits and advice about draft and 26-page OGC mark-up of draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is from OGC to agency clients and contains a note and attachment to the agency clients about OGC's suggested edits to agency's draft correction amendment that corrects technical errors in an interim final rule that was published in the Federal Register.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. a draft correction amendment submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 27 | 81 | 2-page email string, starting with June 17, 2005, 12:51 a.m., email, exchanged between OGC attorneys and HHS staff, re. draft hearings manual, and attaching 79-page draft manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an email exchanged between OGC and agency clients about June 2005 draft OMHA hearings manual submitted to OGC for review and suggested OGC edits to draft manual.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 28 | 12 | 2-page email string, starting with June 6, 2005, 12:12 p.m., email, exchanged between OGC attorneys, OGC staff, HHS staff, CMS staff, and SSA staff, re. draft MOU for shared use of SSA video hearing facilities, and attaching 10-page June 2, 2005 draft MOU. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an email exchange between SSA staff, HHS staff, CMS staff, and OGC attorneys and staff, in which HHS staff sought OGC advice on June 2, 2005 draft of MOU between SSA and HHS for shared use of SSA video hearing facilities in Medicare appeal hearings. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 29 | 21 | 1-page June 6, 2005, 9:04 a.m., email from CMS staff to OGC attorneys, re. draft technical correction notice circulated for review, and attaching 1-page note from CMS staff, requesting clearance, 1-page clearance request form, and 18-page June 3, 2005 draft of correcting amendment for "Medicare Program: Changes to the Medicare Claims Appeal Procedures" (70 FR 11420). | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The email and attachments are the agency client's submittal to OGC for a review of the agency's draft correction amendment that corrects technical errors in an interim final rule that was published in the Federal Register. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. a draft correction amendment submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 30 | 5 | 1-page June 3, 2005, 7:42 p.m., email from OGC attorney to OGC attorneys, re. SSA VTC MOU, and attaching 4-page email string, starting with June 3, 2005, 6:50 p.m., email, exchanged between HHS staff, CMS staff, and OGC attorney, re. same subject. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The document contains emails exchanged between OGC attorneys, HHS staff, and CMS staff about HHS and CMS staff's suggestions for draft MOU between HHS and SSA for shared use of SSA video hearing facilities in Medicare appeal hearings. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 31 | 11 | 1-page email string, starting with June 3, 2005, 7:02 p.m., email, exchanged between OGC attorneys, OGC staff, HHS staff, CMS staff, and SSA staff, re. draft MOU for shared use of SSA video hearings facilities, and attaching 10-page June 2, 2005 draft MOU. | Entire document. | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an email exchange between SSA staff, HHS staff, CMS staff, and OGC attorneys and staff, in which HHS staff sought OGC advice on June 2, 2005 draft of MOU between SSA and HHS for shared use of SSA video hearing facilities in Medicare appeal hearings. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 32 | 1 | 1-page email string, starting with June 2, 2005, 6:29 a.m., email, exchanged between HHS attorneys, re. discussion of VTC issue with Justice Department attorney. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document recounts a discussion between an OGC attorney and a Justice Department attorney about HHS's litigation risk re. use of VTC in Medicare hearing appeals and contains the Justice Department attorney's advice on that issue.  The withheld material contains advice, recommendations, and suggestions shared between OGC attorneys and Justice Department attorney, who represents HHS in litigation, re. requiring the use of VTC.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 33 | 57 | 2-page email string, starting with June 1, 2005, 5:38 p.m., email, exchanged between OGC attorneys, HHS staff, CMS staff, and Government Accountability Office (GAO) staff, re. draft GAO correspondence on Medicare appeals submitted to HHS for comments, and attaching 1-page June 1, 2005 letter, stating that draft GAO correspondence is property of GAO and requesting HHS comments, and 54-page draft GAO document on Medicare: Concerns Remain Regarding Plans to Transfer the Appeals Workload from SSA to HHS. | **During litigation, HHS Released June 1, 2005 letter and withheld six sentences on first page of 2-page email string. 54-page draft GAO document is the property of GAO.** | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The 2-page email contains agency client's submittal to OGC attorney and staff and other HHS staff the draft GAO correspondence on the transfer of Medicare appeals workload from SSA to HHS, on which HHS staff and OGC are to provide comments. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft GAO correspondence on Medicare appeals. The actual 54-page GAO draft correspondence is not an HHS document and is the property of GAO, an agent of the Legislative Branch. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d05703r.pdf. Unreleased non-exempt information amounts to essentially meaningless words and phrases. |

| 34 | 5 | 2-page email string, starting with May 26, 2005, 5:36 p.m., email, exchanged between OGC attorneys, HHS staff, CMS staff, and SSA staff, re. draft SSA-HHS Medicare appeals funding contingency plan requested at 5/15 OMB meeting, and attaching 1-page draft funding issues, 1-page draft legal authorities, and 1-page draft appropriations language. | Portions of 2-page email string withheld and the remaining 3 pages withheld in their entirety | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The email discusses a proposal from SSA about remands in Medicare appeals, SSA's advice about HHS's hiring of SSA's judges, SSA's suggestions about the procurement of medical experts, suggestions about why the April receipts of Medicare appeals is up, advice about suggested memorandum of understanding (MOU) between HHS and SSA, SSA's three suggested workload scenarios for Medicare appeals pending at SSA at the end of Fiscal Year 2005, suggested appropriations language, and OGC legal advice about resolving contingency policy with SSA. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. SSA proposal to HHS about remands, judges HHS is hiring, the hiring or contracting of medical experts, April receipt number for Medicare appeals, agency-suggested appropriations language, and contingency policy between SSA and HHS. Unreleased non-exempt information amounts to essentially meaningless words and phrases. |

| 35 | 2 | Email string, starting with May 26, 2005, 2:26 p.m., email, exchanged between HHS attorneys and a Justice Department attorney, re. draft questions and answers about VTC hearings. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains communications between OGC attorneys and a Justice Department attorney about HHS's litigation risk re. use of VTC in Medicare hearing appeals and contains the Justice Department attorney's advice on that issue and about draft HHS questions and answers re. VTC hearings.  The withheld material contains advice, recommendations, and suggestions shared between OGC attorneys and Justice Department attorney, who represents HHS in litigation, re. requiring the use of VTC and draft questions and answers about VTC hearings.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 36 | 1 | May 26, 2005, 8:30 a.m., email from OGC attorney to Justice Department attorney and OGC attorney, re. draft questions and answers about VTC hearings. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains an email from an OGC attorney to a Justice Department attorney, transmitting draft HHS questions and answers re. VTC hearings for Justice Department attorney's advice and containing OGC attorney's advice about draft. The withheld material contains advice, recommendations, and suggestions shared between OGC attorneys and Justice Department attorney, who represents HHS in litigation, re. draft questions and answers about VTC hearings.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 37 | 1 | May 24, 2005, 8:20 p.m., email from OGC attorney to OGC attorney, re. draft question and answer about VTC hearings. | Entire document | The withheld material is protected by the deliberative process privilege 5 U.S.C. § 552(b)(5).  This email contains an OGC attorney's suggested edits to a draft HHS question and answer about VTC hearings and in-person hearings.  The withheld material contains advice, recommendations, and suggestions shared between OGC attorneys re. draft question and answer about VTC hearings.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 38 | 26 | 1-page May 23, 2005, 3:34 p.m., email from OGC attorney to HHS staff and OGC attorneys, re. draft hearings manual, and attaching 25-page OGC mark-up of draft portion of the manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains OGC's suggested edits and advice about a portion of a draft OMHA hearings manual submitted by the client to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review and OGC mark-up of draft.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 39 | 1 | May 23, 2005, 11:34 a.m., email from OGC attorney to OGC attorney, re. draft questions and answers about VTC. | Entire document | The withheld material is protected by the deliberative process privilege 5 U.S.C. § 552(b)(5).  This document is an OGC attorney's suggested draft of HHS questions and answers on VTC hearings and in-person hearings for Medicare appeals.  The withheld material contains advice, recommendations, and suggestions shared between OGC attorneys re. draft questions and answers about VTC hearings.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 40 | 2 | Email string, starting with May 23, 2005, 9:24 a.m., email, exchanged between OGC attorneys and HHS staff, re. Administrative Procedure Act (APA) rotation of cases among judges. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains an agency client's request for legal advice about the APA and rotating Medicare appeals administrative law judges and discussions amongst OGC attorneys about possible legal advice before it is transmitted to the client.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. the rotation of cases among administrative law judges.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 41 | 2 | Email string, starting with May 22, 2005, 11:54 a.m., email, exchanged between OGC attorneys and HHS staff, re. Administrative Procedure Act rotation of cases among judges. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains an agency client's request for legal advice about the APA and rotating Medicare appeals administrative law judges and discussions amongst OGC attorneys about possible legal advice before it is transmitted to the client. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. the rotation of cases among administrative law judges. Non-exempt information amounts to essentially meaningless words and phrases. |
| 42 | 1 | Email string, starting with May 19, 2005, 4:13 p.m., email, exchanged between OGC attorneys, re. VTC requirement. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document contains OGC attorneys' suggestions about possible policy changes to VTC requirement and ability to have in-person hearings in certain category of Medicare appeals. The withheld material contains advice, recommendations, and suggestions re. VTC requirement and possible policy changes. Non-exempt information amounts to essentially meaningless words and phrases. |

| 43 | 1 | Email string, starting with May 19, 2005, 12:32 p.m., email, exchanged between OGC attorneys, re. VTC requirement. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains OGC attorneys' suggestions about possible policy changes to VTC requirement and ability to have in-person hearings in certain category of Medicare appeals.  The withheld material contains advice, recommendations, and suggestions re. VTC requirement and possible policy changes.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 44 | 1 | May 19, 2005, 12:05 p.m., email, from OGC attorney to OGC attorney, re. VTC requirement. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains OGC attorney's suggestions about possible policy changes to VTC requirement and ability to have in-person hearings in certain category of Medicare appeals.  The withheld material contains advice, recommendations, and suggestions re. VTC requirement and possible policy changes.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 45 | 1 | Email string, starting with May 17, 2005, 3:46 p.m., email from OGC attorney to OGC attorneys, re. ability to have in-person hearing. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains OGC attorneys' suggestions about possible policy changes to VTC requirement and ability to have in-person hearings in certain category of Medicare appeals.  The withheld material contains advice, recommendations, and suggestions re. ability to have in-person hearings and possible policy changes.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 46 | 1 | May 17, 2005, 11:02 a.m., email, from OGC attorney to OGC attorney, re. ability to have in-person hearing. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains OGC attorney's suggestions about possible policy changes to VTC requirement and ability to have in-person hearings in certain category of Medicare appeals.  The withheld material contains advice, recommendations, and suggestions re. ability to have in-person hearings and possible policy changes.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 47 | 19 | 1-page May 13, 2005, 5:36 p.m., email from OGC attorney to HHS staff, CMS staff, and OGC attorneys, re. draft hearings manual, and attaching 18-page OGC mark-up of draft portion of the manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is OGC's suggested edits and advice about draft portion of OMHA hearings manual submitted to OGC by agency client for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review and OGC mark-up of draft.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 48 | 2 | Email string, starting with May 9, 2005, 6:21 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft correction notice for Medicare hearing appeals regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This documents contains the agency client's submittal of an agency draft correcting amendment to OGC for review and OGC attorneys' preliminary advice and suggestions, exchanged within OGC, about a proposed agency draft correcting amendment to correct errors in an interim final rule that was published in the Federal Register.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correction notice submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 49 | 2 | Email string, starting with May 9, 2005, 4:59 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft correction notice for Medicare hearing appeals regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This documents contains the agency client's submittal of an agency draft correcting amendment to OGC for review and OGC attorney's preliminary advice and suggestions, exchanged within OGC, about a proposed agency draft correcting amendment to correct errors in an interim final rule that was published in the Federal Register.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correction notice submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 50 | 11 | 2-page email string, starting with May 6, 2005, 4:59 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft GAO exit summary document and draft myths and realities document about Medicare hearings transition, and attaching 4-page draft GAO exit summary and 5-page draft myths and realities document. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains the agency client's submittal of draft agency documents re. the Medicare hearings function transfer from SSA to HHS to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft GAO exit summary and draft myths and realities document submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 51 | 1 | May 6, 2005, 4:15 p.m., email, from OGC attorney to OGC attorneys, re. proposed technical correction for Medicare appeals rule. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This documents recounts communications between OGC attorneys and agency clients about a proposed agency correcting amendment to correct errors in an interim final rule that was published in the Federal Register and a statement in a draft myths and realities document re. Medicare appeals that was submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. proposed correction notice and draft myths and realities document about Medicare appeals submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the correction notice was published at 70 Fed. Reg. 37700 (June 30, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 52 | 2 | Email string, starting with May 6, 2005, 11:44 a.m., email, exchanged between OGC attorneys, re. GAO document edits and draft myth and realities document concerning transfer of Medicare appeals function from SSA to HHS. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The document contains OGC attorney's preliminary advice, exchanged with OGC, about two draft documents re. transfer of Medicare appeals from SSA to HHS submitted by agency client to OGC for review. The withheld material contains advice, recommendations, and suggestions re. proposed agency edits to GAO exit conference document and draft myths and realities document about Medicare appeals. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 53 | 10 | 1-page email string, starting with May 5, 2005, 5:29 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft GAO exit summary document and draft myths and realities document, and attaching 4-page draft GAO exit summary document and 5-page draft myths and realities document. | Entire document | The withheld material is protected by the deliberative process privilege and the attorney-client privilege, 5 U.S.C. § 552(b)(5).  The document contains the agency client's transmittal to OGC attorney and other HHS and CMS staff of two draft agency documents re. transfer of Medicare appeals from SSA to HHS and request for comments.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications, re. proposed agency edits to GAO exit conference document and draft myths and realities document about Medicare appeals submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 54 | 13 | 1-page May 5, 2005, 12:47 p.m., email from OGC attorney to HHS staff and OGC attorneys, re. draft hearings manual, and attaching 12-page OGC mark-up of draft portion of the manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is OGC's suggested edits and advice about draft portion of OMHA hearings manual submitted to OGC by agency client for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review and OGC mark-up of draft. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 55 | 6 | Email string, starting with May 5, 2005, 7:51 a.m., email, exchanged between OGC attorneys, re. legal comments about draft portions of hearings manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an email exchange between OGC attorneys re. their suggested edits and comments about draft portions of OMHA hearings manual submitted to OGC by agency client for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 56 | 5 | Email string, starting with May 5, 2005, 7:40 a.m., email, exchanged between OGC attorneys, re. legal comments about draft portions of hearings manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an email exchange between OGC attorneys re. their suggested edits and comments about draft portions of OMHA hearings manual submitted to OGC by agency client for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 57 | 6 | 1-page email string, starting with May 4, 2005, 5:36 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft GAO exit conference summary document, and attaching 1-page agenda for HHS internal meeting of the hearings and appeals restructuring team and 4-page draft GAO exit conference summary document. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The document contains the agency client's transmittal to OGC attorney and other HHS and CMS staff of two draft agency documents re. transfer of Medicare appeals from SSA to HHS and request for comments and advice exchanged between OGC attorneys about the drafts. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft GAO exit conference summary document submitted to OGC for legal review and proposals on agenda for internal HHS team. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 58 | 1 | May 2, 2005, 7:10 p.m., email from OGC attorney to OGC attorney, re. possible change to Medicare appeals regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys and contains recount of OGC attorney's advice to agency clients about a proposed change to the Medicare appeals regulation and a possible response to Congressman Ford on Medicare appeals issue. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. possible change to the Medicare appeals regulation. Non-exempt information amounts to essentially meaningless words and phrases. |

| 59 | 2 | Email string, starting with April 28, 2005, 9:26 a.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. wording of Medicare appeals reconsideration language. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys and HHS and CMS staff and concerns proposed draft of language for reconsideration notices about use of VTC hearings in Medicare appeals. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft reconsideration language for Medicare hearing appeals submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 60 | 2 | Email string, starting with April 26, 2005, 11:58 a.m., email, exchanged between OGC attorneys and HHS staff, regarding availability of in-person hearings. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys and HHS staff re. request for legal advice on the ability to have in-person hearings for Medicare appeals. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. legal advice about availability of in-person Medicare appeals hearings. Non-exempt information amounts to essentially meaningless words and phrases. |

| 61 | 5 | Email string, starting with April 25, 2005, 9:42 a.m., email, exchanged between CMS staff and OGC staff, re. affect of the press on proposed changes to Medicare appeals hearings. | Two sentences of April 25, 2005, 9:22 a.m., email. | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains a CMS staff person's opinion about the affect of the press on use by HHS of proposed VTC Medicare appeals hearings. The withheld material contains advice, recommendations, and suggestions about affect of the press on proposed changes to Medicare appeals hearings.  Unreleased non-exempt information amounts to essentially meaningless words and phrases. |
| 62 | 65 | 1-page April 15, 2005, 2:20 p.m., email, from HHS staff to OGC attorneys, OGC staff, HHS staff, and CMS staff, re. draft Medicare hearings manual, and attaching 64-page April 2005 draft Medicare hearings manual with typed edits or notes to OGC or CMS. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains the agency client's submittal of an April 2005 draft section of the draft OMHA hearings manuals to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 63 | 2 | Email string, starting with April 15, 2005, 9:55 a.m., email, exchanged between OGC attorneys, OGC staff, HHS staff, and CMS staff, re. Qualified Independent Contractor (QIC) reconsideration notice issue raised during Hill briefing. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The emails were exchanged among CMS and HHS staff and an OGC attorney and provide advice and recommendations about suggested language that might be added to the QIC reconsideration notices to appellants. The withheld material contains suggestions, advice, and recommendations and a request for legal advice from agency client to agency attorney re. draft language for QIC reconsideration notice to appellants about requesting in-person hearing. This draft contains the author's recommendation of what the final document should say. The final decision would be the actual QIC reconsideration notice that is given to appellants. Non-exempt information amounts to essentially meaningless words and phrases. |

| 64 | 5 | April 11, 2005, 4:28 p.m., email, from HHS staff to OGC attorneys, OGC staff, and HHS staff, re. draft portion of Medicare hearings manual, and attaching 4-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains the agency client's submittal of an April 2005 draft section of the draft OMHA hearings manuals to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. portion of draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 65 | 5 | 1-page April 11, 2005, 3:59 p.m., email from CMS staff to HHS staff and OGC attorneys, re. draft portion of Medicare hearings manual, and attaching 4-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains the agency client's submittal of an April 2005 draft section of the draft OMHA hearings manuals to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. portion of draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 66 | 10 | 1-page email string, starting with April 7, 2005, 1:12 p.m., email, exchanged between HHS staff, CMS staff, OGC attorneys and OGC staff, re. draft response to Grassley/Baucus letter re. Office of Medicare Hearings and Appeals, and attaching 9-page draft response. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains the agency client's submittal of a draft agency congressional response to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft response to two congressional letters submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 67 | 3 | 1-page email string, starting with April 7, 2005, 10:42 a.m., email, from HHS staff to OGC attorneys, OGC staff, CMS staff, and HHS staff, re. draft portion of Medicare hearings manual, and attaching 2-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).   This document contains the agency client's submittal of an April 2005 draft section of the draft OMHA hearings manuals to OGC for review. The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. portion of draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 68 | 1 | April 7, 2005, 8:51 a.m., email, from OGC attorney to OGC attorneys, re. draft response to Grassley/Baucus letter re. Office of Medicare Hearings and Appeals. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document concerns OGC review of, and suggested edits to, a draft agency congressional response submitted by agency client to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft response to two congressional letters submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 69 | 94 | 1-page email string, starting with April 6, 2005, 10:23 a.m., email, exchanged between HHS staff and OGC attorneys, re. draft response to Grassley/Baucus letter re. Office of Medicare Hearings and Appeals, and attaching 93-page draft response. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains the agency client's submittal of a draft agency congressional response to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft response to two congressional letters submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 70 | 2 | 1-page email string, starting with April 5, 2005, 7:06 p.m., email, exchanged between HHS staff, CMS staff, OGC attorneys, and OGC staff, re. draft portion of Medicare hearings manual, and attaching 1-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains the agency client's submittal of an April 2005 draft section of the draft OMHA hearings manuals to OGC for review.  The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. portion of draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 71 | 15 | 1-page email string, starting with April 4, 2005, 12:37 p.m., email, exchanged between HHS staff, CMS staff, OGC attorneys, and OGC staff, re. draft portions of Medicare hearings manual, and attaching 14-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains the agency client's submittal of April 2005 draft sections of the draft OMHA hearings manuals to OGC for review.  The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. portions of draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 72 | 5 | 1-page email string, starting with March 24, 2005, 7:29 p.m., email, exchanged between OGC attorneys and GAO staff, re. follow-up questions from GAO about Medicare hearings appeals, and attaching 4-pages of questions. **HHS released this document.** | **During litigation, HHS released this document.** | **This document is no longer at issue.** |

| 73 | 4 | 1-page March 9, 2005, 3:50 p.m., email from OGC attorney to OGC attorneys, re. draft note from General Counsel to HHS staff advising about clearance process for the interim final rule with comment implementing section 521 of the Medicare, Medicaid, and SCHIP Benefits Improvement and Protection Act of 2000 (BIPA 521), and attaching 3-page draft note. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft General Counsel note, submitted by OGC attorney to her supervisor, containing OGC's advice about the clearance process for the BIPA 521 interim final rule. The withheld material contains advice, recommendations, and suggestions re. draft note about clearance process. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 74 | 5 | 1-page February 28, 2005, 2:04 p.m., email from OGC attorney to CMS staff and OGC attorneys, re. OGC mark-up of draft BIPA questions and answers, and attaching 4-page mark-up of draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is OGC's suggested edits to draft BIPA question and answer document submitted by agency client to OGC for review. The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. draft questions and answers document submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 75 | 17 | 1-page February 25, 2005, 12:02 p.m., email from OGC attorney to CMS staff, re. OGC mark-up of draft preamble language about VTC, and 16-page attaching 16-page OGC mark-up of draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is OGC's suggested edits to draft regulation submitted by agency client to OGC for review. The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. draft preamble language submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 76 | 17 | 1-page February 24, 2005, 2:39 p.m., email from OGC attorney to CMS staff and OGC attorneys, re. revised preamble and regulatory text on Administrative Law Judge (ALJ) hearings, and attaching 16-page OGC mark-up of draft preamble and regulatory text. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The document is OGC's suggested edits to draft regulation submitted by agency client to OGC for review.  The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. draft preamble and regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 77 | 16 | 1-page February 24, 2005, 12:57 p.m., email from CMS staff to OGC attorneys and CMS staff, re. draft revised preamble and regulatory language about VTC, and attaching 15-page draft language. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The document is the agency client's submittal of a portion of a draft regulation to OGC for review.  The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. draft preamble and regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 78 | 2 | Email string, starting with February 24, 2005, 10:37 a.m., email, exchanged between OGC attorneys, re. suggested VTC language for regulation. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  The document is an exchange between OGC attorneys about suggested edit to proposed draft language for a regulation.  The withheld material contains advice, recommendations, and suggestions re. draft preamble and regulatory language about VTC.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |
| 79 | 2 | Email string, starting with February 24, 2005, 10:24 a.m., email, exchanged between OGC attorneys, re. suggested VTC language for regulation. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  The document is an exchange between OGC attorneys about suggested edit to proposed draft language for a regulation.  The withheld material contains advice, recommendations, and suggestions re. draft preamble and regulatory language about VTC.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 80 | 1 | February 23, 2005, 7:43 p.m., email from OGC attorney to OGC attorneys, re. suggested VTC language for regulation. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The document is an exchange between OGC attorneys about suggested edit to proposed draft language for a regulation. The withheld material contains advice, recommendations, and suggestions re. draft preamble and regulatory language about VTC. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |
| 81 | 2 | Email string, starting with February 23, 2005, 3:54 p.m., email, exchanged between OGC attorneys re. update about BIPA 521 rule. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The document is an exchange between OGC attorneys about draft regulation The withheld material contains advice, recommendations, and suggestions re. draft BIPA 521 rule. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 82 | 3 | Email string, starting with February 23, 2005, 1:45 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. OMB and OGC comments about draft BIPA 521 rule. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys, HHS staff, and CMS staff about a draft regulation and about OMB and OGC comments about draft regulation. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft BIPA 521 rule submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 83 | 2 | Email string, starting with February 23, 2005, 11:24 a.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. OMB and OGC comments about draft BIPA 521 rule. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).   This document is an exchange between OGC attorneys, HHS staff, and CMS staff about a draft regulation and about OMB and OGC comments about draft regulation.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft BIPA 521 rule submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 84 | 2 | February 22, 2005, 5:04 p.m., email from OGC attorney to OGC attorney, re. OGC meeting with CMS on draft BIPA 521 interim final rule with comment. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys about meeting with agency client about draft regulation. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft BIPA 521 rule submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 85 | 1 | Email string, starting with January 6, 2005, 9:49 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. proposed VTC language for BIPA 521 regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains an agency client's suggested VTC language for a draft regulation submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC language for BIPA 521 rule submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 86 | 11 | 1-page email string, starting with January 25, 2005, 4:58 p.m., email, exchanged between OGC attorneys, OGC staff, and CMS staff, re. draft HHS response to latest GAO information request, and attaching 10-page draft response. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The document contains agency client's submittal of draft agency response to GAO information request submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS response to GAO information request submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 87 | 2 | 1-page email string, starting with January 3, 2005, 1:26 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. agenda for Hearings and Appeals Restructuring (HAR) team meeting, and attaching 1-page agenda. **HHS released this document.** | **During litigation, HHS released this document.** | **This document is no longer at issue.** |

| 88 | 1 | Email string, starting with December 22, 2004, 12:00 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. VTC policy options. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between OGC attorneys, HHS staff, and CMS staff about proposed VTC policy options for draft regulation.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. proposed policy options for VTC.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 89 | 1 | December 21, 2004, 8:56 a.m., email from OGC attorney to OGC attorney, re. VTC and prior proposal to conduct telephone hearings. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The document is a recount of an OGC attorney's discussion with an agency client about prior proposal to conduct telephone hearings to assist OGC review of proposed use of VTC.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. proposed use of VTC and prior proposal for telephone hearings.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 90 | 2 | December 20, 2004, 3:55 p.m., email from OGC attorney to OGC attorneys, re. VTC. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys about prior proposal to conduct telephone hearings to assist OGC review of proposed use of VTC for draft Medicare appeals regulation. The withheld material contains advice, recommendations, and suggestions re. proposed use of VTC in draft regulations. Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 91 | 3 | Email string, starting with December 20, 2004, 1:52 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft VTC talking points, and attaching 2-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is agency client's submittal of draft talking points for review by OGC and others at HHS. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC talking points submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 92 | 2 | Email string, starting with December 17, 2004, 10:06 a.m., email, exchanged between OGC attorneys, re. proposed use of VTC in Medicare appeals hearings. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The document is an exchange between OGC attorneys about proposed use of VTC in Medicare appeals hearings. The withheld material contains advice, recommendations, and suggestions re. proposed use of VTC. Non-exempt information amounts to essentially meaningless words and phrases. |
| 93 | 5 | 1-page email string, starting with December 16, 2004, 9:32 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft VTC options paper, and attaching 4-page draft. Draft is marked "Predecisional-For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an agency client's submittal to OGC and others at HHS of draft options paper on use of VTC hearing for Medicare appeals hearings. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC options paper submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 94 | 1 | December 16, 2004, 3:58 p.m., email from OGC attorney to OGC attorney, re. proposed use of VTC in Medicare appeals hearings. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  The document is an exchange between OGC attorneys about proposed use of VTC in Medicare appeals hearings. The withheld material contains advice, recommendations, and suggestions re. proposed use of VTC for appeals.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 95 | 5 | 1-page email string, starting with December 15, 2004, 10:11 a.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. draft VTC options paper, and attaching 4-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an agency client's submittal to OGC and others at HHS of draft options paper on use of VTC hearing for Medicare appeals hearings.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC options paper submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 96 | 3 | 2-page email string, starting with December 7, 2004, 6:44 p.m., email, exchanged between CMS staff, HHS staff, and OGC attorneys, re. electronic tracking and data systems for all cases and draft regulatory language about VTC, and attaching 1-page draft regulatory language about VTC. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains suggested edits to regulatory text for 42 C.F.R. § 405.1020 and opinions about whether QICs will be fully electronic with the tracking and data entry before ALJ function is operational. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. electronic tracking and data systems for all cases and draft regulatory language about VTC submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 97 | 3 | Email string, starting with December 2, 2004, 9:46 a.m., email, exchanged between OGC attorneys and CMS staff, re. draft VTC regulatory language. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between CMS staff and OGC attorneys about draft regulatory language for 42 C.F.R. § 405.1020.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 98 | 2 | Email string, starting with December 1, 2004, 6:20 p.m., email, exchanged between OGC attorneys and CMS staff, re. draft VTC regulatory language. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between CMS staff and OGC attorneys about draft regulatory language for 42 C.F.R. § 405.1020.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 99 | 1 | Email string, starting with December 1, 2004, 1:45 p.m., email, exchanged between OGC attorneys and CMS staff, re. draft VTC regulatory language. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between CMS staff and OGC attorneys about draft regulatory language for 42 C.F.R. § 405.1020. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC regulatory language submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 100 | 2 | November 30, 2004, 6:30 p.m., email from OGC attorney to OGC attorneys, re. status of BIPA regulation and discussion with CMS staff about various issues concerning draft Medicare appeals regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document recounts an exchange between CMS staff and OGC attorneys about draft regulatory language for 42 C.F.R. § 405.1020. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC regulatory language submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 101 | 2 | Email string, starting with November 23, 2004, 2:03 p.m., email, exchanged between OGC attorneys and CMS staff, re. status update for various draft regulations, CMS-4004-FC, CMS-4064-IFC, Title II regulation, and Title I regulation and discussing OGC comments on drafts. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains an agency client's communication to OGC about various draft CMS regulations that OGC was reviewing.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulations submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the CMS-4064-IFC document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 102 | 5 | 1-page November 1, 2004, 4:23 p.m., email from OGC attorney to CMS staff and OGC attorneys, and attaching 4-page memorandum from OGC attorney to OGC attorney, re. additional comments on the draft BIPA 521 interim final rule. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is OGC's legal comments and suggested edits for CMS draft regulation, CMS-4064-IFC, which was submitted by agency client to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulations submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 103 | 1 | Email string, starting with October 31, 2004, 1:27 p.m., email, exchanged between OGC attorneys and HHS staff, re. ALJ use of VTC. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The document is an exchange between OGC attorneys and HHS staff re. the possible creation of departmental procedures for VTC. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. regulatory issue concerning the ALJs and setting VTC as a default.  Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 104 | 1 | Email string, starting with October 21, 2004, 8:14 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. SSA briefing to HHS about VTC and suggested costs for VTC capabilities. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between OGC attorneys, CMS staff, and HHS staff about contains an internal agency communication about suggested costs for use of VTC in Medicare appeals hearing.  The withheld material contains advice, recommendations, and suggestions re. cost estimates for VTC.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 105 | 2 | Email string, starting with October 8, 2004, 9:36 a.m., email, exchanged between OGC attorneys, re. draft BIPA 521 rule. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys about draft BIPA 521 rule concerning procedures for Medicare appeals hearings. The withheld material contains advice, recommendations, and suggestions re. draft regulations. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |
| 106 | 1 | Email string, starting with October 7, 2004, 7:42 p.m., email, exchanged between OGC attorneys, re. draft BIPA 521 rule. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys about draft BIPA 521 rule concerning procedures for Medicare appeals hearings. The withheld material contains  advice, recommendations, and suggestions re. draft regulations. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 107 | 7 | 1-page email string, starting with September 17, 2004, 1:42 p.m., email, exchanged between OGC attorneys, OGC staff, CMS staff, and HHS staff, re. draft HHS comments on draft GAO report, and attaching 6-page draft HHS comments on GAO report no. GAO-04-1055. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the agency client's submittal to OGC attorneys and other at HHS and CMS of the agency's draft comments on a GAO report for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS comments on a GAO report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf. Non-exempt information amounts to essentially meaningless words and phrases. |

| 108 | 6 | 1-page email string, starting with September 9, 2004, 4:01 p.m., email, exchanged between OGC attorneys, OGC staff, CMS staff, and HHS staff, re. draft HHS comments on draft GAO report, and attaching 5-page draft HHS comments on GAO report no. GAO-04-1055. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the agency client's submittal to OGC attorneys and other at HHS and CMS of the agency's draft comments on a GAO report for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS comments on a GAO report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf. Non-exempt information amounts to essentially meaningless words and phrases. |
| 109 | 35 | 1-page August 27, 2004, 1:51 p.m., email from GAO staff to Office of Inspector General staff, re. GAO draft report on Medicare Appeals (GAO-04-1055), and attaching 34-page draft GAO report. | Released 1-page email and 1-page August 27, 2004 letter from GAO. The remaining 33 pages are GAO property. | The draft report is not an HHS document and is the property of GAO, an agent of the Legislative Branch. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf. All non-exempt HHS information has been released. |

| 110 | 7 | 1-page email string, starting with August 13, 2004, 9:46 a.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, and attaching 6-page staff summary of comments from Federal Register notice on plan for the transfer of responsibility for Medicare Appeals. **HHS released this document.** | **During litigation, HHS released this document.** | **This document is no longer at issue.** |
|---|---|---|---|---|
| 111 | 2 | 1-page email string, starting with August 4, 2004, 7:01 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. the Departmental Appeals Board's (DAB) preliminary thoughts on policy matters raised by Medicare hearings and appeals transition, and attaching 1-page on DAB's preliminary thoughts. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a DAB representative's preliminary thoughts about agency policies needed for Medicare hearings and appeals transition. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. DAB's preliminary thoughts of policy matters raised by Medicare hearing and appeals transition. Non-exempt information amounts to essentially meaningless words and phrases. |

| 112 | 2 | July 9, 2004, 12:16 p.m., email from OGC attorney to OGC attorney, re. Medicare Modernization Act hearings and appeals restructuring briefing and containing draft note to General Counsel outlining options. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains a draft note for the General Counsel about a Medicare hearings and appeals restructuring briefing on HHS organizational suggestions for ALJs and geographic distribution of ALJs that was submitted to OGC attorneys for review and edits and provides recommendations and options about those topics. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft options note. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 113 | 4 | 1-page email string, starting with May 20, 2004, 8:36 a.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. letter from Senators Grassley and Baucus, and attaching 3-page letter. | 1-page email withheld. Grassley/ Baucus letter released. | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains an OGC attorney's preliminary advice about HHS response to May 10, 2004 letter from Senators Grassley and Baucus to HHS and SSA.  The withheld material contains advice, recommendations, and suggestions re. letter sent to HHS by Senators Grassley and Baucus about the plan to transfer responsibility for Medicare appeals.  Unreleased non-exempt information amounts to essentially meaningless words and phrases. |

| 114 | 7 | 1-page May 18, 2004, 6:12 a.m., email from OGC attorney to OGC attorneys, re. note on draft CMS ALJ support contract's statement of work, and attaching 6-page draft note from OGC attorney to HHS staff. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains an OGC attorney's draft note for a higher level attorney that responds to the agency client's request to review a draft statement of work for the Medicare ALJ hearings support contract.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work for Medicare ALJ hearings support contract submitted to OGC for legal review and draft OGC note.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 115 | 6 | 3-page email string, starting with May 11, 2004, 11:32 a.m., email, exchanged between OGC attorneys, re. draft ALJ support contract's statement of work, and attaching 3-page draft note from OGC attorney to HHS staff. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains an OGC attorney's draft note for a higher level attorney that responds to the agency client's request to review a draft statement of work for the Medicare ALJ hearings support contract. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work for Medicare ALJ hearings support contract submitted to OGC for legal review and draft OGC note. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 116 | 4 | 1-page email string, starting with April 23, 2004, 4:19 p.m., email, exchanged between OGC attorneys, re. draft ALJ support contract's statement of work, and attaching 3-page draft note from OGC attorney to OGC attorney. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).   This document contains an OGC attorney's draft note for a higher level attorney that responds to the agency client's request to review a draft statement of work for the Medicare ALJ hearings support contract.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work for Medicare ALJ hearings support contract submitted to OGC for legal review and draft OGC note.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 117 | 15 | 1-page email string, starting with April 22, 2004, 5:50 p.m., email, exchanged between OGC attorneys and OGC staff, re. draft ALJ support contract's statement of work, and attaching 14-page draft statement of work from client. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains agency client's submittal of draft statement of work for Medicare ALJ hearings support contract for OGC review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work for Medicare ALJ hearings support contract submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 118 | 16 | 2-page email string, starting with April 21, 2004, 10:46 a.m., email, exchanged between OGC attorneys and CMS staff, re. draft ALJ support contract's statement of work, and attaching 14-page draft statement of work from client. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains agency client's submittal of draft statement of work for Medicare ALJ hearings support contract for OGC review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work for Medicare ALJ hearings support contract submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 119 | 15 | 1-page April 16, 2004, 10:25 a.m. email from CMS staff to OGC attorneys, re. draft ALJ support contract's statement of work, and attaching 14-page draft statement of work from client. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document contains agency client's submittal of draft statement of work for Medicare ALJ hearings support contract for OGC review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work for Medicare ALJ hearings support contract submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 120 | 3 | 1-page email string, starting with March 23, 2004, 11:32 a.m., email, exchanged between OGC attorneys, CMS staff, and HHS staff, re. draft executive summary of plan to transfer Medicare appeals function from SSA to HHS, and attaching 2-page draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains agency client's submittal of draft executive summary of plan to transfer Medicare appeals function from SSA to HHS to OGC and others at HHS for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft executive summary submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html .  Non-exempt information amounts to essentially meaningless words and phrases. |

| 121 | 24 | 2-page email string, starting with March 18, 2004, 6:37 p.m., email, exchanged between OGC attorneys, HHS staff, CMS staff, and Office of Management and Budget (OMB) staff, re. draft Medicare Appeals Transfer Report to Congress with OMB's edits, and attaching 22-page draft report. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft Medicare Appeals Transfer Report to Congress with suggested edits and advice from OMB.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 122 | 43 | 2-page email string, starting with March 12, 2004, 10:22 a.m., email, exchanged between OGC attorneys, HHS staff, CMS staff, and SSA staff, re. SSA edits to draft plan on transfer of responsibility for Medicare appeals, and attaching 41 pages of two copies of draft plan with SSA's edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft plan from HHS and SSA regarding the transfer of responsibility for Medicare Appeals with suggested edits from SSA. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 123 | 22 | 1-page email string, starting with March 12, 2004, 8:18 a.m., email, exchanged between OGC attorneys and CMS staff, re. draft report to Congress on transfer of responsibility of Medicare appeals plan, and attaching 1-page clearance request and 20-page draft report. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the agency client's submittal of draft transfer plan to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 124 | 4 | 1-page March 9, 2004, 3:55 p.m., email from CMS staff to OGC attorney, re. ALJ transfer, and attaching 3-page CMS Center for Beneficiary Choices comments on the draft transfer report. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is agency client's submittal to OGC attorney of the client's suggestions and edits for the draft transfer plan.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report .  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 125 | 21 | 1-page email string, starting with March 5, 2004, 5:59 p.m., email, exchanged between OGC attorneys, CMS staff, and HHS staff, re. draft report on transfer of responsibility of Medicare appeals plan, and attaching 20-page draft report. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is the agency client's submittal of draft transfer plan to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html .  Non-exempt information amounts to essentially meaningless words and phrases. |

| 126 | 63 | 1 page March 3, 2004, 5:57 p.m., email from SSA staff to CMS staff, re. SSA comments and revised draft of HHS/SSA joint report to Congress on transfer of responsibility for Medicare appeals, and attaching 2-page summary of SSA comments and 60 pages of two copies of draft with SSA edits. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is SSA's submittal to CMS of SSA's comments and suggested revisions to draft joint plan on transfer of Medicare appeals responsibility. The withheld material contains advice, recommendations, and suggestions re. draft report. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html. Non-exempt information amounts to essentially meaningless words and phrases. |

| 127 | 7 | 1-page email string, starting with March 2, 2004, 4:57 p.m., email, exchanged between OGC attorneys, CMS staff, and OGC staff, re. additional draft documents related to draft report to Congress on transfer of responsibility for Medicare appeals plan, and attaching 1-page draft summary statement to the Secretary, 3-page draft action memorandum to the Secretary from the Acting CMS Administrator, 1-page draft transmittal letter to President of the Senate, and 1-page draft transmittal letter to Speaker of the House. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document concerns draft transmittal documents related to the draft report to Congress on transfer of Medicare appeals responsibility submitted to OGC and others at CMS and HHS for review. The withheld material contains advice, recommendations, and suggestions, and confidential attorney-client communications re. draft transmittal documents related to draft report to Congress submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the report to Congress is available at http://www.hhs.gov/medicare/appealsrpt.html .  Non-exempt information amounts to essentially meaningless words and phrases. |

| 128 | 23 | 1-page email string, starting with February 27, 2004, 5:22 p.m., email, exchanged between OGC attorneys, OGC staff, and CMS staff, re. draft report to Congress on transfer of responsibility for Medicare appeals plan, and attaching 1-page clearance request and 21-page draft report. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the agency client's submittal of draft report to Congress on transfer of Medicare appeals responsibility to OGC and others at HHS and CMS for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 129 | 26 | 1-page email string, starting with February 27, 2004, 3:03 p.m., email, exchanged between OGC attorneys, OGC staff, CMS staff, and HHS staff, re. draft report to Congress on transfer of responsibility for Medicare appeals plan, and attaching 21-page draft report and 4-page summary of edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the agency client's submittal of draft report to Congress on transfer of Medicare appeals responsibility to OGC and others at HHS for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |
| 130 | 1 | February 23, 2005, 7:43 p.m., email from OGC attorney to OGC attorneys, re. suggested preamble language about VTC. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys about suggested preamble language. The withheld material contains advice, recommendations, and suggestions re. regulatory preamble language following VTC good cause section. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 131 | 2 | Email string, starting with February 23, 2005, 4:46 p.m., email, exchanged between OGC attorneys, regarding draft BIPA 521 rule. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This email is an exchange between OGC attorneys about suggestions for draft BIPA 521 rule. The withheld material contains advice, recommendations, and suggestions re. draft rule. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |
| 132 | 2 | Email string, starting with February 23, 2005, 12:55 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. OMB comments on draft Medicare appeals regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an email exchange between HHS staff, CMS staff, and OGC attorneys about suggested edits from OMB and OGC about draft Medicare appeals regulation. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 133 | 3 | 1-page email string, starting with February 23, 2005, 11:27 a.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. OMB comments on draft CMS-4064-IFC regulation, changes to the Medicare claims appeal procedures, and attaching 2-page February 22, 2005 note to OMB, explaining HHS response to OMB's comments. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an email exchange between HHS staff, CMS staff, and OGC attorneys about suggested edits from OMB and OGC about draft Medicare appeals regulation. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 134 | 1 | Email string, starting with February 9, 2004, 5:24 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. justifying VTC in proposed HHS regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a suggestion about justifying use of VTC in draft HHS regulation about Medicare appeals hearings.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. the justification for using VTC.  The final version of the Medicare appeals hearing regulation was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |
| 135 | 2 | Email string, starting with November 4, 2003, 1:33 p.m., email, exchanged between OGC attorneys, CMS staff, and SSA staff, re. proposed SSA VTC sites. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document concerns proposed SSA VTC sites.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. proposed SSA VTC sites.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 136 | 496 | 1-page February 24, 2005, 3:09 p.m., email from CMS staff to CMS staff and OGC attorneys, re. draft CMS-4064-IFC regulation, and attaching 310-page draft preamble language and 185-page draft regulatory text. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the draft of the preamble and regulatory text for the CMS regulation about the changes to Medicare claims appeals procedures. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 137 | 6 | Undated draft questions and answers document on revisions to the appeals process for initial claim determination BIPA appeals, CMS-4064-IFC, with edits typed in and marked "Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an internal HHS document that is a draft of questions and answers about the revisions to the Medicare appeals process for initial claim determinations and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft questions and answers document submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |

| 138 | 4 | Undated draft questions and answers document on revisions to the appeals process for initial claim determination BIPA appeals, CMS-4064-IFC, marked "Internal Use Only" and differs from Document 137, above. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an internal HHS document that is a draft of questions and answers about the revisions to the Medicare appeals process for initial claim determinations and differs from Document 137, above.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft questions and answers document submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |

| 139 | 29 | Undated draft transfer of responsibility for Medicare appeals plan with typed in edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft plan for the transfer of the Medicare appeals responsibility and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |

| 140 | 21 | Undated draft transfer of responsibility for Medicare appeals plan with typed in edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft plan for the transfer of the Medicare appeals responsibility and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |

| 141 | 5 | Undated draft of regulatory language for 42 C.F.R. § 405.1020. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of suggested regulatory language for 42 C.F.R. § 405.1020.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  There is no reasonably segregable non-exempt information. |

| 142 | 16 | Undated draft preamble language and regulatory language about conduct of ALJ hearings with typed in edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of preamble language and regulatory language concerning the conduct of ALJ hearings and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft preamble and regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  There is no reasonably segregable non-exempt information. |

| 143 | 7 | March 12, 2004 memorandum from OGC attorney to CMS staff, re. legal review of draft report to Congress regarding the transfer of responsibility for Medicare appeals. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is OGC's suggested edits and legal advice about a draft report to Congress re. the transfer of Medicare appeals responsibility that was submitted by client agency for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report to Congress submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 144 | 7 | March 11, 2004 memorandum from OGC attorney to HHS staff, re. legal review of draft report to Congress regarding the transfer of responsibility for Medicare appeals. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is OGC's suggested edits and legal advice about a draft report to Congress re. the transfer of Medicare appeals responsibility that was submitted by client agency for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report to Congress submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 145 | 5 | November 2, 2004 note from OGC attorney to OGC attorney, re. legal review of draft interim final rule on changes to Medicare appeal procedures (CMS-4064-IFC). | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is from an OGC attorney to a more senior OGC attorney containing advice and suggestions about draft CMS interim final rule on changes to Medicare appeals procedures.  The withheld material contains advice, recommendations, and suggestions re. draft rule.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 146 | 8 | July 20, 2005 draft of MOU between HHS and VA for use of VA VTC facilities, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft of an MOU between VA and HHS for use of VA VTC facilities for the conduct of Medicare appeals hearings by HHS ALJs and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| 147 | 6 | Undated draft Veterans Health Administration executive decision memo from HHS to VA, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft of a Veterans Health Administration executive decision memo from HHS to VA and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft memo submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 148 | 16 | November 1, 2004 memorandum from OGC attorney to CMS staff, re. legal review of draft CMS-4064-IFC; Medicare Program: Changes to the Medicare Claims Appeal Procedures. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an OGC attorney's suggested edits and legal advice to the agency client about a draft interim final rule that changes Medicare claims appeal procedures that client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 149 | 3 | Undated note from General Counsel to HHS staff, re. legal review of HHS's detailed response to March 25, 2005 letter from Chairman Grassley and Senator Baucus re. transfer of the Medicare appeals process. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of the General Counsel's legal advice to an agency client containing legal advice and suggested edits to the client's response to a March 25, 2005 letter from Senators Grassley and Baucus re. transfer of the Medicare appeals process that the client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft response to Congress submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 150 | 20 | Undated draft transfer of responsibility for Medicare appeals plan. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft plan about the transfer of responsibility for Medicare appeals.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |

| 151 | 25 | Undated draft of correcting amendment for regulation on Medicare Program; Changes to the Medicare Appeals Procedures (70 Fed. Reg. 11420), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft of the correcting amendment for the interim final rule on the changes to the Medicare claims appeal procedures that the agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correcting amendment for regulation submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005). There is no reasonably segregable non-exempt information. |

| 152 | 25 | Undated draft of portion of ALJ hearings manual, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft portion of an ALJ hearings manual that the agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| --- | --- | --- | --- | --- |
| 153 | 12 | Undated draft of portion of ALJ hearings manual, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft portion of an ALJ hearings manual that the agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 154 | 18 | Undated draft of portion of ALJ hearings manual, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft portion of an ALJ hearings manual that the agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| --- | --- | --- | --- | --- |
| 155 | 11 | Undated draft of portion of ALJ hearings manual, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft portion of an ALJ hearings manual that the agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 156 | 104 | Undated draft of portion of ALJ hearings manual, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft portion of an ALJ hearings manual that the agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |

| 157 | 101 | Draft preamble language, discussing ALJ hearings (42 C.F.R. §§ 405.1000 - 1066), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft of preamble language about ALJ hearings for proposed 42 C.F.R. §§ 405.1000 - 1066 that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft preamble language for regulation submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). There is no reasonably segregable non-exempt information. |

| 158 | 11 | March 2, 2004 memorandum, not on letterhead, from OGC attorney to CMS staff, re. legal review of draft report to Congress on transfer of responsibility for Medicare appeals plan. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of legal advice and suggested edits from OGC attorney to agency client re. draft report to Congress on transfer of responsibility for Medicare appeals plan that client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report to Congress submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 159 | 3 | April 23, 2004 note from OGC attorney to OGC attorney, re. legal review of draft statement of work for Medicare ALJ hearings support contract. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is from an OGC attorney to a senior OGC attorney, containing legal advice and suggested edits about a draft statement of work for the Medicare ALJ hearings support contract that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 160 | 15 | Draft statement of work for Medicare ALJ hearings support contract. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The document is a draft statement of work for the Medicare ALJ hearings support contract that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 161 | 3 | Undated memorandum from OGC attorney to HHS staff, re. legal review of proposed revisions to CMS-4064-IFC. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of OGC advice and suggested edits to agency client re. proposed revisions to a draft interim final rule on Medicare appeals.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft revisions to interim final rule submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 162 | 4 | September 13, 2004 note from OGC attorney to CMS staff, re. legal review of draft HHS comments on GAO's draft report, no. GAO-04-1055. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's legal advice and suggested edits for an agency client on the draft HHS comments to a GAO draft report, no. GAO-04-1055 that the agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS comments on GAO report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf. Non-exempt information amounts to essentially meaningless words and phrases. |

| 163 | 3 | June 8, 2005 note from OGC attorney to OGC attorney, re. legal review of draft MOU for shared use of SSA video hearing facilities. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The document is legal advice and suggested edits from one OGC attorney to another OGC attorney re. a draft MOU between SSA and HHS for shared use of SSA video hearing facilities that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 164 | 3 | June 8, 2005 note from OGC attorney to CMS staff, re. legal review of draft GAO correspondence entitled "Medicare: Concerns Remain Regarding Plan to Transfer the Appeals Workload from SSA to HHS (GAO-05-703R). | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's legal advice about a draft GAO report, no. GAO-05-703R, in response to agency client's request for OGC review of the draft GAO report. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. OGC comments on draft GAO report submitted to OGC for legal review. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d05703r.pdf. Non-exempt information amounts to essentially meaningless words and phrases. |

| 165 | 3 | March 23, 2004 note from OGC attorney to CMS staff, re. legal review of draft executive summary of plan for transfer of responsibility for Medicare appeals. | Entire document. | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's legal advice and suggested edits to a draft executive summary of the plan for transfer of responsibility for Medicare appeals that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft executive summary submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 166 | 25 | June 3, 2005 draft of correcting amendment for Medicare Program: Changes to the Medicare Claims Appeal Procedures (70 FR 11420), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of a correcting amendment for an interim final rule about changes to the Medicare claims appeal procedures and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correcting amendment submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  There is no reasonably segregable non-exempt information. |

| 167 | 26 | June 16, 2005 draft of correcting amendment for Medicare Program: Changes to the Medicare Claims Appeal Procedures (70 FR 11420), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of a correcting amendment for an interim final rule about changes to the Medicare claims appeal procedures and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correcting amendment submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  There is no reasonably segregable non-exempt information. |

| 168 | 30 | June 22, 2005 draft of correcting amendment for Medicare Program: Changes to the Medicare Claims Appeal Procedures (70 FR 11420), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of a correcting amendment for an interim final rule about changes to the Medicare claims appeal procedures and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correcting amendment submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  There is no reasonably segregable non-exempt information. |

| 169 | 82 | Undated draft of portion of CMS-4064-IFC regulation (42 C.F.R. § 405.1000 to 405.1140) re. ALJ hearings, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft portion of the proposed interim final rule about changes to the Medicare claim appeal procedures about ALJ hearings and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). There is no reasonably segregable non-exempt information. |

| 170 | 26 | 1-page email string, starting with June 16, 2005, 8:53 a.m., email, exchanged between OGC attorneys and CMS staff, re. reclearance request for CMS-4064-IF: Medicare Program; Changes to the Medicare Claims Appeal Procedures: Correcting Amendment, and attaching 1-page clearance request and 24-page draft correcting amendment. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The document is the agency client's transmittal to OGC attorneys of draft correcting amendment for interim final rule about changes to the Medicare claims appeals procedures for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correcting amendment submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |
| 171 | 1 | Email string, starting with June 15, 2005, 12:16 p.m., email, exchanged between OGC attorneys, re. possible exception to VTC use. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between OGC attorneys containing attorney's advice about possible exception to VTC use.  The withheld material contains advice, recommendations, and suggestions re. a possible exception to VTC use.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 172 | 1 | June 15, 2005, 11:44 a.m., email from OGC attorney to OGC attorney, re possible exception to VTC use. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between OGC attorneys containing attorney's advice about possible exception to VTC use. The withheld material contains advice, recommendations, and suggestions re. a possible exception to VTC use. Non-exempt information amounts to essentially meaningless words and phrases. |
| 173 | 1 | Email string, starting with June 15, 2005, 11:41 a.m., email, exchanged between OGC attorneys and OGC legal intern, re. pro se litigants. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document contains OGC legal intern's advice about pro se litigants' filing requirements for appeals. The withheld material contains advice, recommendations, and suggestions re. pro se litigants filing in forma pauperis. Non-exempt information amounts to essentially meaningless words and phrases. |

| 174 | 1 | Email string, starting with June 10, 2005, 9:31 a.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. OGC comments on draft correcting amendment. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). The document is an OGC attorney's transmittal of legal advice and suggested edits to a draft correcting amendment for the interim final rule about the Medicare claims appeal procedures in response to agency client's request for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correcting amendment submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 175 | 30 | 1-page June 9, 2005, 11:11 a.m., email from OGC attorney to CMS staff and OGC attorneys, re. OGC comments on draft correcting amendment, and attaching 4-page note from OGC attorney to CMS staff, re. legal review and 25-page OGC mark up of draft correcting amendment. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  The document is an OGC attorney's transmittal of legal advice and suggested edits to a draft correcting amendment for the interim final rule about the Medicare claims appeal procedures in response to agency client's request for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft correcting amendment submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 37700 (June 30, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 176 | 13 | 1-page June 8, 2005, 2:39 p.m., email from OGC attorney to OGC attorneys and OGC staff, re. draft MOU on SSA video hearing facilities, and attaching 12-page OGC mark-up of June 2, 2005 draft MOU. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is from one OGC attorney to other OGC attorneys and staff and contains the attorney's suggested edits and legal advice about a draft MOU between HHS and SSA for shared use of SSA video hearing facilities that agency client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 177 | 2 | Email string, starting with June 7, 2005, 2:21 p.m., email, exchanged between OGC attorneys, HHS staff, and CMS staff, re. summary of VTC MOU meeting with SSA. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is agency client's submittal to OGC attorney of issues raised in a meeting with SSA re. proposed MOU between SSA and HHS for shared use of SSA hearing facilities that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. proposed VTC MOU with SSA. Non-exempt information amounts to essentially meaningless words and phrases. |
| 178 | 12 | 2-page email string, starting with June 6, 2005, 2:52 p.m., email, exchanged between OGC attorneys, OGC staff, HHS staff, CMS staff, and SSA staff, re. draft MOU for shared use of SSA video hearing facilities, and attaching 10-page draft MOU. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is the draft MOU between HHS and SSA for shared use of SSA hearing facilities that was submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC MOU with SSA submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 179 | 143 | 1-page June 6, 2005, 12:29 p.m., email from HHS staff to OGC attorneys and HHS staff, re. draft OMHA hearings manual, and attaching 142-page draft portions of manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is agency client's submittal of draft OMHA hearings manual to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 180 | 73 | 1-page June 6, 2005, 12:19 p.m., email from HHS staff to OGC attorneys, CMS staff, and HHS staff re. draft OMHA hearings manual, and attaching 72-page draft portions of manual. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is agency client's submittal of draft portion of OMHA hearings manual to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft hearings manual submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 181 | 2 | 1-page December 6, 2004 fax transmittal from OGC attorney to OGC attorney, re. 1-page handwritten edits to draft 42 C.F.R. § 405.1020 proposed by client. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between OGC attorneys containing suggested edits to agency client's draft of 42 C.F.R. § 405.1020.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |
| 182 | 4 | Undated options paper on Medicare hearings and appeals function transfer use of video teleconferencing hearings, with handwritten notes. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document presents suggested options for use of VTC hearings.  The withheld material contains advice, recommendations, and suggestions confidential attorney-client communications re. draft options paper for use of VTC hearings submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |

| 183 | 4 | Undated options paper on Medicare hearings and appeals function transfer use of VTC hearings, with handwritten and typed edits. The document is marked, "Predecisional - For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document presents suggested options for use of VTC hearings. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft options paper submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| --- | --- | --- | --- | --- |
| 184 | 7 | Undated draft preamble language for regulation about conduct of ALJ hearings-general rules, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is draft preamble language for interim final rule about the conduct of ALJ hearing and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft preamble language submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). There is no reasonably segregable non-exempt information. |

| 185 | 1 | Undated draft of proposed 42 C.F.R. § 405.1020, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft of proposed 42 C.F.R. § 405.1020 and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  There is no reasonably segregable non-exempt information. |
| --- | --- | --- | --- | --- |
| 186 | 34 | 1-page August 27, 2004 letter from GAO to HHS Secretary, enclosing 33-page draft GAO report no. 04-1055. | Released August 27, 2004 letter, and the 33-page draft GAO report is GAO property. | The draft GAO report is not an HHS document and is the property of GAO, an agent of the Legislative Branch.  The GAO cover letter states that the draft report is the property of GAO.  The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf.  All reasonably segregable HHS information has been released. |
| 187 | 11 | 4-page initial GAO information request for HHS, dated November 4, 2004, and 7-page HHS written comments to draft GAO report, with handwritten notes. **HHS released this document.** | **During litigation, HHS released this document.** | **This document is no longer at issue.** |

| 188 | 4 | September 13, 2004 note from OGC attorney to CMS staff, re. legal review of draft HHS comments on GAO draft report no. GAO-04-1055. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's suggested edits and legal advice about draft HHS comments on GAO draft report, no. GAO-04-1055 in response to agency client's submittal of draft to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS comments on GAO report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf . Non-exempt information amounts to essentially meaningless words and phrases. |

| 189 | 3 | March 23, 2004 note from OGC attorney to CMS staff, re. legal review of draft executive summary of plan for transfer of responsibility for Medicare appeals. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's suggested edits and legal advice to agency client about draft executive summary of plan for the transfer of responsibility for Medicare appeals that client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft executive summary submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 190 | 3 | April 23, 2004 note from OGC attorney to OGC attorney, re. legal review of statement of work for Medicare ALJ hearings support contract. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is OGC attorney's note to a senior OGC attorney containing suggested edits and legal advice about draft statement of work for Medicare ALJ hearings support contract that client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 191 | 4 | September 14, 2004 note from OGC attorney to CMS staff, re. legal review of draft HHS comments on GAO draft report no. GAO-04-1055. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an OGC attorney's suggested edits and legal advice about draft HHS comments on GAO draft report, no. GAO-04-1055 in response to agency client's submittal of draft to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS comments on GAO report submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 192 | 4 | September 20, 2004 note from OGC attorney to CMS staff, re. legal review of revised draft HHS comments on GAO draft report no. GAO-04-1055. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's suggested edits and legal advice about draft HHS comments on GAO draft report, no. GAO-04-1055 in response to agency client's submittal of draft to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS comments on GAO report submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d0545.pdf. Non-exempt information amounts to essentially meaningless words and phrases. |

| 193 | 3 | April 8, 2005 note from OGC attorney to HHS staff, re. legal review of draft detailed response to March 25, 2005 letter from Chairman Grassley and Senator Baucus regarding transfer of Medicare appeals process. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is the General Counsel's legal advice to an agency client containing legal advice and suggested edits to the client's response to a March 25, 2005 letter from Senators Grassley and Baucus re. transfer of the Medicare appeals process that the client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS response to Congress submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 194 | 4 | 2-page May 3, 2005 note from OGC attorney to HHS staff, re. legal review of draft response to Congressman Ford letter, and attaching 2-page OGC mark-up of draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is the General Counsel's legal advice to an agency client containing legal advice and suggested edits to the client's response to Congressman Ford's letter re. transfer of the Medicare appeals process that the client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft HHS response to Congressman submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 195 | 3 | June 9, 2005 note from OGC attorney to CMS staff, re. legal review of draft GAO correspondence on Medicare appeals (GAO-05-703R). | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's legal advice about a draft GAO report, no. GAO-05-703R, in response to agency client's request for OGC review of the draft GAO report. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. OGC comments on draft GAO report submitted to OGC for legal review. The final version of the GAO report and HHS comments is available at http://www.gao.gov/new.items/d05703r.pdf. Non-exempt information amounts to essentially meaningless words and phrases. |
| 196 | 17 | July 8, 2004 fax from OGC attorney to OGC attorneys, containing materials to be presented at meeting with HHS Deputy Secretary about ALJ transition and providing options for organizational structure for ALJs. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document was exchanged between OGC attorney and contains agency that were presented to the Deputy Secretary. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. options paper for organizational structure for ALJs. Non-exempt information amounts to essentially meaningless words and phrases. |

| 197 | 2 | Undated evaluation factors for structural options for ALJs and opinions on how the options differ. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document evaluates four suggested structural options for Medicare claims appeal ALJs. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. options for organizational structure for ALJs. Non-exempt information amounts to essentially meaningless words and phrases. |
| 198 | 8 | March 30, 2004 fax from OGC attorney to OGC attorneys, containing options for organizational structure for ALJs and denoting pros and cons of each option. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document was exchanged between OGC attorneys and contains agency client's suggested options about the organizational structure for Medicare claims appeal ALJs. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. options for organizational structure for ALJs. Non-exempt information amounts to essentially meaningless words and phrases. |

| 199 | 22 | March 12, 2004 fax from CMS staff to OGC attorney, containing 1-page clearance request and 20-page draft transfer of responsibility of Medicare appeals plan. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is agency client's submittal of draft transfer of responsibility of Medicare appeals plan to OGC attorney for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html .  Non-exempt information amounts to essentially meaningless words and phrases. |

| 200 | 32 | 11-page March 2, 2004 memorandum from OGC attorney to CMS staff, re. legal review of draft report to Congress on transfer of responsibility for Medicare appeals plan, and attaching 21-page OGC mark-up of draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's suggested edits and legal advice to an agency client on a draft report to Congress on the transfer of responsibility for Medicare appeals plan that the agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report to Congress submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . Non-exempt information amounts to essentially meaningless words and phrases. |

| 201 | 4 | Undated summary of changes to draft report to Congress on transfer of responsibility for Medicare appeals plan | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a summary of changes made to the draft report to Congress on the transfer of responsibility for Medicare appeals plan that was given to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report to Congress submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html .  Non-exempt information amounts to essentially meaningless words and phrases. |

| 202 | 24 | February 19, 2004 draft report to Congress on transfer of responsibility for Medicare appeals plan, with handwritten notes. The draft is marked, "Confidential-Predecisional Material." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft report to Congress on the transfer of responsibility for Medicare appeals plan that was given to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft report to Congress submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |

| 203 | 22 | February 25, 2004 draft transfer of responsibility for Medicare appeals plan, with handwritten notes.  The draft is marked, "Confidential-Predecisional Material." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft report to Congress on the transfer of responsibility for Medicare appeals plan that was given to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |

| 204 | 44 | Undated draft transfer of responsibility for Medicare appeals plan, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft report to Congress on the transfer of responsibility for Medicare appeals plan that was given to OGC for review and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |

| 205 | 2 | Undated draft executive summary of transfer of responsibility for Medicare appeals plan. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft executive summary of a draft report to Congress on the transfer of responsibility for Medicare appeals plan that was given to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft executive summary submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |

| 206 | 7 | Undated draft memorandum for discussion purposes only from SSA staff to CMS staff, re. service delivery plan for Medicare hearings and marked, "draft" and "confidential." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a confidential exchange from SSA staff to CMS staff and contains SSA's suggestions about an approach and plan for the delivery of Medicare hearings services to Medicare appellants by HHS/CMS under Section 1869 of the Social Security Act.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft SSA memorandum on service delivery plan for Medicare hearings.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |

| 207 | 6 | May 18, 2004 note from OGC attorney to CMS staff, re. legal review of statement of work for Medicare ALJ hearings support contract. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an OGC attorney's suggested edits and legal advice about a draft statement of work for the Medicare ALJ hearings support contract that the agency client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft statement of work submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 208 | 5 | Undated note, not on letterhead, from OGC attorney to CMS staff, re. legal review of February 10, 2004 draft of ALJ transition plan. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an OGC attorney's suggested edits and legal advice about a draft transfer of responsibility for Medicare appeals plan that was given to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html .  Non-exempt information amounts to essentially meaningless words and phrases. |

| 209 | 21 | Undated draft transfer of responsibility for Medicare appeals plan, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft transfer of responsibility for Medicare appeals plan that was given to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft plan submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of this document is available at http://www.hhs.gov/medicare/appealsrpt.html . There is no reasonably segregable non-exempt information. |
| --- | --- | --- | --- | --- |
| 210 | 4 | GAO exit conference summary about July 27, 2004 meeting between HHS and GAO. **HHS released this document.** | **During litigation, HHS released this document.** | **This document is no longer at issue.** |

| 211 | 14 | January 7, 2005 fax from OGC attorney to OGC attorney, containing 13-page draft revised VTC language for draft CMS-4064-IFC regulation, with handwritten notes. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains revised draft portions about VTC for draft interim final rule re. changes in Medicare claims appeal procedures.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulatory language submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 212 | 428 | 1-page September 16, 2004, 6:48 p.m., email from CMS staff to CMS staff, regarding CMS-4064-IFC regulation (Medicare Program: Changes to the Medicare Claims Appeal Procedures), and attaching 427-page draft regulation and preamble. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is a draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation and preamble.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 213 | 311 | January 7, 2004 draft preamble language for CMS-4064-IFC regulation (Medicare Program: Changes to the Medicare Claims Appeal Procedures), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft preamble language for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and attorney-client communications re. draft preamble for regulation.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  There is no reasonably segregable non-exempt information. |

| 214 | 192 | 1-page January 11, 2005, 8:46 p.m., email from CMS staff to CMS staff and OGC attorneys, and 1-page January 11, 2005 4:48 p.m., email from CMS staff to CMS staff, re. redline versions of CMS Office of Strategic and Regulatory Affairs' latest draft version of CMS-4064-IFC regulation's regulatory text (Medicare Program: Changes to the Medicare Claims Appeal Procedures), and attaching 190-page draft, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is draft regulatory text for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulatory language submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 215 | 186 | 1-page email string, starting with February 24, 2005, 3:48 p.m., email, exchanged between OGC attorneys and CMS staff, re. February 24, 2005 draft of CMS-4064-IFC regulation, and attaching 185-page draft of regulatory text. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is draft regulatory text for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulatory language submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 216 | 310 | February 23, 2005 draft preamble language for CMS-4064-IFC regulation (Medicare Program: Changes to the Medicare Claims Appeal Procedures), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is draft preamble language for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft preamble for regulation. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). There is no reasonably segregable non-exempt information. |

| 217 | 178 | 1-page September 16, 2004, 5:34 p.m., email from CMS staff to CMS staff, re. redlined version of CMS-4064-IFC regulation (Medicare Program: Changes to the Medicare Claims Appeal Procedures), and attaching 1-page clearance request and 176-page draft of preamble language, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is draft preamble language for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft preamble for regulation. This draft contains the author's recommendation of what the final document should say. The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005). Non-exempt information amounts to essentially meaningless words and phrases. |

| 218 | 102 | September 15, 2004 draft of portions of preamble for CMS-4064-IFC regulation (Medicare Program: Changes to the Medicare Claims Appeal Procedures) about ALJ hearings, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft portions of preamble language about ALJ hearings for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft preamble for regulation.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  There is no reasonably segregable non-exempt information. |

| 219 | 83 | Undated draft of regulatory text for CMS-4064-IFC regulation (Medicare Program: Changes to the Medicare Claims Appeal Procedures), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft regulatory text for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulatory text for regulation.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  There is no reasonably segregable non-exempt information. |

| 220 | 78 | September 15, 2004 draft of portions of preamble about proposed 42 C.F.R. §§ 405.1000 to 405.1140 for CMS-4064-IFC regulation (Medicare Program: Changes to the Medicare Claims Appeal Procedures), with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft portions of preamble language about proposed 42 C.F.R. §§ 405.1000 to 405.1140 for draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft preamble for regulation.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  There is no reasonably segregable non-exempt information. |

| 221 | 361 | 1-page email string, starting with July 8, 2004, 5:30 p.m., email, exchanged between OGC attorneys and OGC staff, re. legal review of draft BIPA 521 regulation, and attaching 1-page regulation clearance request, 1-page draft memorandum from CMS to HHS staff, re. draft regulation, 227–page June 21, 2004 draft preamble language for draft regulation on Medicare Program: Changes to the Medicare Claims Appeal Procedures, and 131-page June 21, 2004 draft regulatory text. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the regulation was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 222 | 482 | 1-page January 11, 2005, 4:02 p.m., email, from CMS staff to OGC attorneys and CMS staff, re. legal review of draft CMS-4064-IFC regulation and 1-page January 11, 2005, 3:51 p.m., email from CMS staff to CMS staff, re. draft regulation, and attaching 180-page January 7, 2004 draft regulatory text and 300-page January 7, 2004 draft preamble language for draft regulation. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 223 | 471 | 1-page October 27, 2004, 11:27 a.m., email from OGC attorney to CMS staff and OGC attorneys, re. legal review of draft CMS-4064-IFC regulation, and attaching OGC mark-up of 301-page draft preamble language and 169-page draft regulatory text. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is an OGC attorney's suggested edits and legal advice about draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 224 | 449 | 2-page September 23, 2004, 4:25 p.m., email from CMS staff to CMS staff and OGC attorneys, re. draft CMS-4064-IFC regulation, and attaching 2-page draft summary statement about draft, 1-page clearance request, 3-page draft memorandum from CMS Administrator to Secretary, re. draft regulation, 281-page draft preamble language, and 150-page draft regulatory text. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft interim final rule re. changes in Medicare claims appeal procedures and draft summary statement and draft memorandum to the Secretary for the draft regulation that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 225 | 353 | 2-page April 19, 2004, 4:12 p.m., email from CMS staff to CMS staff and OGC attorneys, re. draft CMS-4064-IFC regulation, and attaching 1-page clearance request, 220-page draft preamble language, and 131-page draft regulatory text. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document is draft interim final rule re. changes in Medicare claims appeal procedures that agency client submitted to OGC for review.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft regulation submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

**Vaughn Index of Withheld Records from Final Releases, Dated July 10 and 12, 2006**

| Doc. # | # of Pages | Description | Withheld Information | Basis for Withholding |
|---|---|---|---|---|
| 226 | 1 | May 12, 2005 table of 29 commenters on CMS-4064-IFC (interim final rule with comment) regulation. **Plaintiff is not challenging this document.** | 1 name of private citizen | The withheld name is protected by 5 U.S.C. § 552(b)(6). Disclosure would cause a clearly unwarranted invasion of personal privacy of private citizen. |
| 227 | 7 | 1-page January 5, 2005, 3:12 p.m., email from Department of Health and Human Services (HHS) staff to Office of the General Counsel (OGC) attorney and HHS staff, re. VTC survey results, and attaching 6 pages of summaries of input from individual stakeholders on video teleconferencing (VTC) for Administrative Law Judge (ALJ) hearings. **Plaintiff is not challenging this document.** | 2 sentences in email | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions re. survey results and possible future surveys. |
| 228 | 11 | 1-page June 1, 2005, 5:45 p.m., email from HHS staff to HHS staff, CMS staff, and OGC attorney, re. population of cities, and attaching 10-page table of 2000 census figures for cities. **Plaintiff is not challenging this document.** | 1 sentence in email | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions re. suggested percentage of VTC use nationwide. |

| 229 | 1 | Extra copy of 1-page June 1, 2005, 5:45 p.m., email from HHS staff to HHS staff, CMS staff, and OGC attorney, re. population of cities, with handwritten note. **Plaintiff is not challenging this document.** | Same 1 sentence in email as Doc. 228 above and handwritten note. | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions re. suggested percentage of VTC use nationwide and census of aging population. |
| --- | --- | --- | --- | --- |
| 230 | 1 | Email string, starting with May 19, 2005, 8:26 p.m., email, exchanged between HHS staff and OGC attorney, re. proposed meeting with Social Security Administration (SSA) about Medicare appeals transfer and about suggested priority cities that HHS may ask SSA for some VTC time. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document in an exchange between HHS staff and an OGC attorney about a proposed meeting with SSA to discuss Medicare appeals transfer contingency plan and HHS staff person's suggestion about the priority cities that HHS would ask SSA for VTC time. The withheld material contains advice, recommendations, and suggestions re. upcoming meeting with SSA and priority cities for VTC sites. Non-exempt information amounts to essentially meaningless words and phrases. |

| 231 | 12 | 1-page June 10, 2005, 5:10 p.m., email from OGC attorney to HHS staff, re. legal review of draft Memorandum of Understanding (MOU) for SSA video hearing facilities, and attaching 11-page OGC mark-up of June 2, 2005 draft. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is an OGC attorney's suggested edits and legal advice about draft MOU that agency client submitted to OGC for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 232 | 11 | 1-page June 10, 2005, 6:31 p.m., email from HHS staff to HHS staff, CMS staff, and OGC attorney, re. draft SSA MOU, and attaching 10-page June 9, 2005 draft containing edits from OGC and HHS staff. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document discusses suggested HHS and OGC edits to the draft MOU between SSA and HHS for shared use of SSA's video hearing facilities. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft MOU submitted to OGC for review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 233 | 7 | 1-page email string, starting with June 23, 2005, 6:05 p.m., email, exchanged between HHS staff and OGC attorney, re. draft hearings and appeals transfer talking points, and attaching 6-page draft. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is suggested talking points about the Medicare hearings and appeals transfer.  The withheld material contains advice, recommendations, and suggestions re. draft talking points.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 234 | 13 | 1-page June 24, 2005, 6:43 p.m., email, from HHS staff to HHS staff, SSA staff, and OGC attorney, re. HHS revisions to SSA's June 9, 2005 version of VTC MOU, and attaching 9-page June 24, 2005 draft MOU and 3-page June 24, 2005 note explaining HHS revisions. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is from HHS to SSA and discusses proposed HHS edits to draft MOU between HHS and SSA for shared use of SSA's video hearing facilities.  The withheld material contains advice, recommendations, and suggestions re. draft MOU.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 235 | 13 | 1-page July 20, 2005, 3:43 p.m., email from HHS staff to HHS staff and OGC attorney, re. July 20, 2005 draft Veterans Health Administration executive decision memorandum about HHS use of Veterans Administration (VA) VTC facilities and July 20, 2005 draft MOU between HHS and VA for VTC facilities, and attaching 5-page draft executive decision memorandum and 7-page draft MOU. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft MOU and related draft correspondence between HHS and VA for HHS use of VA VTC facilities that agency client submitted to OGC and other HHS staff for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft executive decision memorandum and draft VA MOU submitted to OGC for review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 236 | 1 | Undated summary of all stakeholder survey results, re. reaction of stakeholder's constituency to SSA's new policy of holding Administrative Law Judge (ALJ) hearings by VTC. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is the author's distillation of the various reactions from stakeholder groups about SSA's policy of holding VTC hearings to inform HHS's VTC policy. The withheld material contains advice, recommendations, and suggestions re. the overall reaction of stakeholder groups to SSA's policy of holding VTC hearings. Non-exempt information amounts to essentially meaningless words and phrases. |

| 237 | 3 | 1-page June 10, 2004, 3:24 p.m., email from CMS staff to HHS staff and CMS staff, re. report on SAVVIS site visit, and attaching 2-page site visit report. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a CMS employee's preliminary notes about a site visit to SAVVIS Communications to evaluate its VTC services and asks other HHS and CMS staff to let her know if there is anything else to add to her notes.  The withheld material contains advice, recommendations, and suggestions re. potential use of SAVVIS Communications for VTC hearings.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 238 | 7 | 1-page August 25, 2004, 6:54 p.m., email from HHS staff to HHS staff, CMS staff, and OGC attorney, re. draft issue paper on VTC/telephone hearing options, and attaching 6-page draft about policy options for maximizing use of ALJ video/telephone hearings for Medicare claims appeals, marked "Draft-Confidential-Predecisional-Draft." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a draft issue paper that discusses policy options for maximizing use of ALJ video/telephone hearings for Medicare claims appeals.  The withheld material contains  advice, recommendations, and suggestions re. draft issue paper, weighing options for VTC/telephone hearings.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 239 | 3 | 2-page email string, starting with December 8, 2004, 11:28 a.m., email, exchanged between HHS staff, CMS staff, and OGC attorneys, re. electronic tracking and data systems for all cases and draft regulatory language about VTC, and attaching 1-page draft, with typed edits. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5).  This document contains suggested edits to regulatory text for 42 C.F.R. § 405.1020 and opinions about whether QICs will be fully electronic with the tracking and data entry before ALJ function is operational.  The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. electronic tracking and data systems for all cases and draft regulatory language about VTC submitted to OGC for legal review.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 240 | 5 | 1-page December 16, 2004, 2:28 p.m., email from CMS staff to CMS staff, HHS staff, and OGC attorney, re. draft VTC options paper, and attaching 4-page draft options paper on use of VTC hearings, containing pros and cons of each option and marked "Predecisional - For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft options paper on use of VTC hearings for Medicare hearings and appeals. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft VTC options paper submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 241 | 7 | 5-page email string, starting with December 17, 2004, 4:33 p.m., email, exchange between HHS staff, CMS staff, and OGC attorney, re. policy on VTC for non-Medicare, Medicaid and SCHIP Benefits Improvement and Protection Act of 2000 (BIPA) appeals, and attaching 2-page attachment of Departmental Appeals Board (DAB) representative's opinions about VTC for non-BIPA appeals. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between HHS staff, CMS staff, and OGC attorney about suggestions re. use of VTC for non-BIPA appeals The withheld material contains advice, recommendations, and suggestions re. VTC for non-BIPA appeals. Non-exempt information amounts to essentially meaningless words and phrases. |

| 242 | 3 | 1-page December 20, 2004, 11:12 a.m., email from CMS staff to OGC attorney and HHS staff, re. draft VTC talking points, and attaching 2-page draft, which is marked "Predecisional - For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is draft talking points re. use of VTC hearings and presents three options. The withheld material contains advice, recommendations, and suggestions re. draft talking points, which discuss proposed options to meet section 521 of BIPA requirement to conduct a hearing and render a decision in Medicare appeals cases within a 90-day time limit. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |

| 243 | 3 | 2-page January 5, 2005, 9:51 a.m., email from CMS staff to OGC attorney, HHS staff, and CMS staff, re. draft stakeholder survey about VTC, and attaching 1-page draft survey. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is a draft stakeholder survey regarding VTC hearings and a proposed list of stakeholders for the survey that agency client submitted to OGC attorney and others at HHS and CMS for review. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft survey submitted to OGC for legal review. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 244 | 2 | 1-page January 5, 2005, 4:32 p.m., email from CMS staff to OGC attorney and HHS staff, re. summation of results of VTC survey on stakeholders, and attaching 1-page summary. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is the author's distillation of the various reactions from stakeholder groups about SSA's policy of holding VTC hearings to inform HHS's VTC policy. The withheld material contains advice, recommendations, and suggestions re. the overall reaction of stakeholder groups to SSA's policy of holding VTC hearings. Non-exempt information amounts to essentially meaningless words and phrases. |

| 245 | 8 | 1-page May 17, 2005, 5:36 p.m., email from HHS staff to HHS staff, re. establishing Office of Medicare Hearings and Appeals (OMHA) offices in the 10 regional office cities, and attaching 7 pages of 4 documents that contain estimates of what would need to happen, the money needed, and the time needed, costs estimates, lease cost estimates, and estimated rentable and usable square footage needed in each city. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains estimates and suggestions about what it would take in organization, money, and time to establish OMHA, and the author states that she might have forgotten items in this quick run through and that this document is only a starting point. The withheld material contains advice, recommendations, and suggestions re. cost and space estimates to establish OMHA offices in the 10 regional office cities.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 246 | 2 | June 9, 2004 site visit report on SAVVIS Communications. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a CMS employee's preliminary notes about a site visit to SAVVIS Communications to evaluate its VTC services. The withheld material contains advice, recommendations, and suggestions re. potential use of SAVVIS Communications for VTC hearings.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 247 | 1 | January 28, 2005 meeting agenda, re. internal meeting to discuss draft HHS contractor (Northrop Grumman) VTC study and indicating HHS staff advice, opinions, or recommendations about draft study. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is about an internal HHS meeting re. critique of, and suggestions for, HHS contractor's draft feasibility study about HHS use of VTC in Medicare claims hearings.  Contractor played role in agency's deliberations about VTC by submitting a draft feasibility study.  The withheld material contains  advice, recommendations, and suggestions re. draft study prepared by HHS contractor.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 248 | 2 | Undated document about estimated CMS reimbursable costs for using Office of Hearings and Appeals VTC-equipped site and sample cost scenarios and sample cost comparisons. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is about CMS's estimated reimbursable costs for VTC, suggested CMS cost scenarios, and suggested cost comparison of  four possible private VTC providers.  The withheld material contains advice, recommendations, and suggestions re. estimated VTC costs.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 249 | 1 | August 6, 2003, 2:52 p.m., email from CMS staff to CMS staff, re. SSA VTC remote locations. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is about possible CMS use of SSA VTC remote locations and suggested possible SSA or VA locations that CMS may want to use for VTC hearings.  The withheld material contains advice, recommendations, and suggestions re. possible VTC sites.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 250 | 3 | 2-page June 9, 2004 site visit report on SAVVIS Communications, and attaching 1-page May 6, 2004 draft task order for contractor to perform Medicare specialist legal support and case management activities at the SSA's Office of Hearings and Appeals in Falls Church, Virginia. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a CMS employee's preliminary notes about a site visit to SAVVIS Communications to evaluate its VTC services and contains a draft task order for a contractor. The withheld material contains advice, recommendations, and suggestions re. potential use of SAVVIS Communications as a contractor for VTC hearings.  The draft contractor task order contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 251 | 24 | June 21, 2005 draft list of possible VTC providers in several cities across the United States. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, and suggestions re. possible VTC providers. |
| 252 | 136 | December 10, 2004 draft HHS contractor (Northrop Grumman Information Technology) ALJ Function Video Teleconference and Audio Teleconference Feasibility Study. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is HHS contractor's draft feasibility study about HHS use of VTC in Medicare claims hearings. Contractor played role in agency's deliberations about VTC by submitting a draft feasibility study. The withheld material contains advice, recommendations, and suggestions re. draft contractor feasibility study on VTC and audio teleconferencing. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 253 | 72 | Undated draft feasibility study on HHS implementing VTC and audio teleconferencing, with edits typed in. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft feasibility study about HHS use of VTC in Medicare claims hearings and contains suggested edits. The withheld material contains advice, recommendations, and suggestions re. draft feasibility study on VTC and audio teleconferencing. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| 254 | 1 | August 15, 2003, 10:45 a.m., email from CMS staff to CMS staff, re. meeting with CMS staff about suggested VTC costs and suggestions for scheduling options for VTC rooms. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between CMS staff about estimated costs and scheduling options for VTC use. The withheld material contains advice, recommendations, and suggestions re. possible costs and scheduling options for VTC rooms. Non-exempt information amounts to essentially meaningless words and phrases. |

| 255 | 6 | 1-page August 13, 2003, 1:58 p.m., email from CMS staff to CMS staff, re. some considerations on the use of video teleconferencing, and attaching 5-page draft paper on considerations for using of VTC for Medicare hearings and presenting recommendations concerning how VTC technology might best assist the Medicare hearing process. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft paper providing author's advice about using VTC for Medicare hearings. The withheld material contains advice, recommendations, and suggestions re. use of VTC and how VTC technology might best assist the Medicare hearing process. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 256 | 5 | Undated draft paper on considerations for using of VTC for Medicare hearings and presenting recommendations concerning how VTC technology might best assist the Medicare hearing process. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft paper providing author's advice about using VTC for Medicare hearings. The withheld material contains advice, recommendations, and suggestions re. draft paper on use of VTC and how VTC technology might best assist the Medicare hearing process. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 257 | 2 | Undated draft talking points about options for use of VTC, marked, "Predecisional-For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is draft talking points re. use of VTC hearings and presents three options. The withheld material contains advice, recommendations, and suggestions re. draft talking points, which discuss proposed options to meet section 521 of BIPA requirement to conduct a hearing and render a decision in Medicare appeals cases within a 90-day time limit. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 258 | 5 | 2-page undated draft talking points about options for use of VTC, marked, "Predecisional-For Internal Use Only" and 3-page email string, starting with December 17, 2004, 4:00 p.m., email from CMS staff to OGC attorney and HHS staff, re. draft talking points. | Entire document | The withheld material is protected by the deliberative process privilege and attorney-client privilege, 5 U.S.C. § 552(b)(5). This document is draft talking points re. use of VTC hearings and presents three options and contains advice about the draft. The withheld material contains advice, recommendations, and suggestions and confidential attorney-client communications re. draft talking points, which discuss proposed options to meet section 521 of BIPA requirement to conduct a hearing and render a decision in Medicare appeals cases within a 90-day time limit. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| 259 | 4 | Undated draft options paper re. use of VTC hearing for Medicare hearings and appeals function transfer, with typed edits and marked, "Predecisional-For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft options paper on use of VTC hearings for Medicare hearings and appeals and contains suggested edits. The withheld material contains advice, recommendations, and suggestions re. draft VTC options paper. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 260 | 4 | Undated draft options paper re. use of VTC hearing for Medicare hearings and appeals function transfer, with typed edits and marked, "Predecisional-For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft options paper on use of VTC hearings for Medicare hearings and appeals and contains suggested edits. The withheld material contains advice, recommendations, and suggestions re. draft VTC options paper. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| 261 | 39 | Undated draft portion of HHS contractor (Northrop Grumman Information Technology) ALJ Function Video Teleconference and Audio Teleconference Feasibility Study. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is draft portion of HHS contractor's draft feasibility study about HHS use of VTC in Medicare claims hearings. Contractor played role in agency's deliberations about VTC by submitting a draft feasibility study. The withheld material contains advice, recommendations, and suggestions re. draft contractor feasibility study on VTC and audio teleconferencing. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 262 | 40 | Undated draft portion of HHS contractor (Northrop Grumman Information Technology) ALJ Function Video Teleconference and Audio Teleconference Feasibility Study. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is draft portion of HHS contractor's draft feasibility study about HHS use of VTC in Medicare claims hearings. Contractor played role in agency's deliberations about VTC by submitting a draft feasibility study. The withheld material contains advice, recommendations, and suggestions re. draft contractor feasibility study on VTC and audio teleconferencing. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| 263 | 10 | Undated draft portion of HHS contractor (Northrop Grumman Information Technology) ALJ Function Video Teleconference and Audio Teleconference Feasibility Study. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is draft portion of HHS contractor's draft feasibility study about HHS use of VTC in Medicare claims hearings. Contractor played role in agency's deliberations about VTC by submitting a draft feasibility study. The withheld material contains advice, recommendations, and suggestions re. draft contractor feasibility study on VTC and audio teleconferencing. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 264 | 10 | May 12, 2005 draft list of possible VTC providers in several cities across the United States.<br>**Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  The withheld material contains advice, recommendations, and suggestions re. possible VTC providers. |
| 265 | 2 | Undated typed notes from "Karen" re. VTC, containing comments about the latest draft of BIPA rule, concerns to take into account, and possible VTC options. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a CMS employee's notes to assist HHS policy discussion on use of VTC in Medicare claims appeal hearings and provides advice about draft BIPA rule and discusses three possible policy options for use of VTC.  The withheld material contains advice, recommendations, and suggestions re. draft BIPA rule and possible VTC options.  This draft contains the author's recommendation of what the final document should say.  The final version of the document was published at 70 Fed. Reg. 11420 (Mar. 8, 2005).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 266 | 7 | Undated draft portion of feasibility study on HHS implementing VTC and audio teleconferencing, with edits typed in. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a draft executive summary of a draft feasibility study about HHS use of VTC in Medicare claims hearings and contains suggested edits.  The withheld material contains advice, recommendations, and suggestions re. draft feasibility study on VTC and audio teleconferencing.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |
| 267 | 8 | Undated critique and analysis of draft VTC/audio teleconference feasibility study. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a detailed critique and analysis of draft VTC/audio teleconference feasibility study about HHS use of VTC in Medicare claims hearings.  The withheld material contains advice, recommendations, and suggestions re. draft VTC/audio teleconference feasibility study.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 268 | 6 | Undated draft paper on policy options for maximizing use of ALJ video/telephone hearings for Medicare claims appeals, with handwritten notes, marked "Draft-Confidential-Predecisional-Draft." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This issue paper that discusses policy options for maximizing use of ALJ video/telephone hearings for Medicare claims appeals. The withheld material contains  advice, recommendations, and suggestions re. draft paper on policy options. This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |
| 269 | 5 | Undated noted from "Scott" to "Joan," re. initial review of video teleconferencing system configuration and review of documents from Tandberg, the manufacturer of the equipment and making recommendations about the equipment. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a note exchanged between HHS staff that provides initial advice about VTC system configuration and about equipment manufactured by Tandberg and recommends what equipment should be procured to get up to a full operational level. The withheld material contains advice, recommendations, and suggestions re. VTC equipment.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 270 | 2 | September 23, 2003 draft of statement of work for Medicare ALJ support contract, appendix D, VTC standards. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft of Appendix D on VTC standards for the draft statement of work for the Medicare ALJ support contract. The withheld material contains advice, recommendations, and suggestions re. draft appendix to statement of work. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| 271 | 3 | Email string, starting with February 19, 2003, 11:21 p.m, email, exchanged between CMS staff and SSA staff, re. VTC status briefing for the SSA Commissioner and provides a CMS employee's opinions about Office of Hearings and Appeals' management of VTC effort. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document contains a employee's opinions about the Office of Hearings and Appeals' management of VTC effort and the testing of use of VTC between 1995 and 2002 and contains advice about meeting with SSA Commissioner about status of VTC initiative at Office of Hearings and Appeals. The withheld material contains advice, recommendations, and suggestions re. Office of Hearings and Appeal's management of the VTC effort and about future meeting with SSA Commissioner about VTC effort. Non-exempt information amounts to essentially meaningless words and phrases. |

| 272 | 4 | Undated option paper re. electronic hearing room redesign for Office of Hearings and Appeals and estimated costs. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This is an options paper that discusses possible spending on, and costs for, electronic hearing room redesign effort at Office of Hearings and Appeals for Fiscal Years 2002-2005.  The withheld material contains advice, recommendations, and suggestions re. options and estimated costs for electronic hearing room redesign for Office of Hearings and Appeals.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 273 | 2 | Undated paper on VTC, containing opinions about VTC, VTC cost, and VTC benefits. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document provides advice about justification for use of VTC, SSA's VTC regulations, possible costs and benefits of VTC use, and possible additional sites for VTC hearings.  The withheld material contains advice, recommendations, and suggestions re. VTC and its costs and benefits.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 274 | 7 | 1-page email string, starting with June 13, 2003, 3:05 p.m., email, exchanged between CMS staff and SSA staff, re. estimated VTC costs for fiscal years 2004-2013, and attaching 6-page draft of estimated costs, marked "Pre-Decisional Draft." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is and exchange between CMS staff and SSA staff and contains a draft that provides various VTC cost estimates for fiscal years 2004 to 2013 for the accelerated Office of Hearings and Appeals' VTC effort.  The withheld material contains advice, recommendations, and suggestions re. draft estimated VTC costs.  This draft contains the author's recommendation of what the final document should say.  Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 275 | 14 | 1-page June 19, 2003, 1:47 p.m., email exchanged between CMS staff and SSA staff, re. Office of Hearings and Appeals VTC and the budget, benefits, and issues associated with an accelerated VTC implementation, and attaching 5-page document on estimated VTC costs and goals of project, projected cost benefit analysis, proposed implementation schedule, implementation issues, CMS use of VTC equipment issues, project risks, and mitigation of risks, 1-page estimate of VTC costs for FY 04-06, 7-page chart on Office of Hearings and Appeals proposed VTC expansion sites. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between CMS staff and SSA staff and contains advice about the accelerated VTC implementation effort and provides preliminary analysis of potential budget, possible benefits, implementation issues, equipment issues, and priority hearing office sites.  The withheld material contains advice, recommendations, and suggestions re. accelerated VTC implementation.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 276 | 2 | Email string, starting with June 19, 2003, 2:43 p.m., exchanged between CMS staff and SSA staff, re. Office of Hearings and Appeals VTC and the budget, benefits, and issues associated with an accelerated VTC implementation | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between SSA staff and CMS staff about estimated number of Medicare hearings per day per hearing day and implementation issues raised by accelerated VTC implementation for Medicare hearings.  The withheld material contains advice, recommendations, and suggestions re. accelerated VTC implementation.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 277 | 1 | Email string, starting with March 28, 2003, 11:36 a.m., email, exchanged between CMS staff and SSA staff, re. Maryland DDS use of VTC and VTC implementation at Office of Hearings and Appeals. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between CMS staff and SSA staff and contains advice about Office of Hearings and Appeals' tracking and documenting usage of VTC technology to assist with VTC implementation.  The withheld material contains advice, recommendations, and suggestions re. VTC implementation.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 278 | 1 | March 17, 2003, 9:43 a.m., email, exchanged between CMS staff and SSA staff, re. VTC regulation and March letter from Railroad Retirement Board. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between CMS staff and SSA staff and contains suggestions about the SSA's treatment of a letter from the Railroad Retirement Board about the SSA's VTC regulations.  The withheld material contains advice, recommendations, and suggestions re. comment from Railroad Retirement Board and how to treat it for purposes of an SSA rulemaking.  Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 279 | 2 | Email string, starting with April 24, 2003, 10:06 a.m., email, exchanged between CMS staff and SSA staff, re. Railroad Retirement Board interest in SSA use of VTC and issues raised by expansion of VTC. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between CMS staff and SSA staff about possible hearing room capacity, draft regional VTC expansion plans, estimated savings of hearing participants from use of VTC, and possible interest from Railroad Retirement Board in testing the SSA VTC system for Railroad Retirement Board cases. The withheld material contains advice, recommendations, and suggestions re. expansion of VTC and estimated costs and capacity.  Non-exempt information amounts to essentially meaningless words and phrases. |

| 280 | 1 | November 8, 2002, 3:00 p.m., email, exchanged between CMS staff and SSA staff, re. discussion with Chris Washington about SSA's use of VTC. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between CMS staff and SSA staff about proposed SSA roll-out of VTC for hearings and suggestions about research re. other VTC sites, such as VA hospitals and state agencies. The withheld material contains advice, recommendations, and suggestions re. use of VTC and possible additional VTC sites that SSA could use and amount of VTC hearings conducted by SSA. Non-exempt information amounts to essentially meaningless words and phrases. |
| 281 | 1 | July 3, 2003, 9:09 a.m., email from CMS staff to CMS staff, re. VTC call and developing VTC requirements for hearings support contractor. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between CMS staff and SSA staff about developing VTC requirements for hearings support contractor. The withheld material contains advice, recommendations, and suggestions re. VTC requirements for support contractor. Non-exempt information amounts to essentially meaningless words and phrases. |

| 282 | 2 | Email string, starting with May 16, 2003, 2:11 p.m., email, exchanged between CMS staff, re. CMS's possible participation in SSA's VTC network and transfer of Medicare hearings from SSA to CMS. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is an exchange between CMS staff about possible CMS role to support the transfer of Medicare hearings from SSA to CMS and the possible CMS role in SSA's VTC network  The withheld material contains advice, recommendations, and suggestions re. role of CMS Office of Information Services in VTC operations for CMS and point of contact for CMS with respect to Medicare hearings transfer from SSA to CMS.  Non-exempt information amounts to essentially meaningless words and phrases. |
| 283 | 1 | Undated draft of SSA VTC facilities, with handwritten note, stating, "Need to update & validate." **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  The withheld material contains advice, recommendations, and suggestions re. draft of SSA VTC facilities.  This draft contains the author's recommendation of what the final document should say. |

| 284 | 3 | 1-page September 16, 2003, 3:00 p.m., email from CMS staff to CMS staff, re. draft appendix D on VTC standards for statement of work of Medicare ALJ support contract, and attaching 2-page draft. | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is an exchange between CMS staff about a draft Appendix D on VTC standards for a statement of work for the Medicare ALJ support contract. The withheld material contains advice, recommendations, and suggestions re. draft appendix for statement of work. This draft contains the author's recommendation of what the final document should say. Non-exempt information amounts to essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 285 | 6 | August 26, 2004 draft paper on policy options for maximizing use of ALJ video/telephone hearings for Medicare claims appeals, marked "Draft-Confidential-Predecisional-Draft." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document is a draft issue paper that discusses policy options for maximizing use of ALJ video/telephone hearings for Medicare claims appeals. The withheld material contains advice, recommendations, and suggestions re. draft paper on policy options. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |

| 286 | 5 | May 5, 2005 draft document on myths and realities of Medicare hearings transition, marked "Draft-For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a draft document that describes various myths versus realities about the Medicare hearings transition.  The withheld material contains advice, recommendations, and suggestions re. draft myths and realities document.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |
| 287 | 3 | Undated draft options paper, with pros and cons, about reimbursement policy for travel to Medicare ALJ hearings, marked "Draft-For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document is a draft that discusses three potential options for a possible reimbursement policy for travel to Medicare ALJ hearings and weighs the options.  The withheld material contains advice, recommendations, and suggestions re. draft travel reimbursement policy options paper.  This draft contains the author's recommendation of what the final document should say.  There is no reasonably segregable non-exempt information. |

| 288 | 1 | Two options for language for Qualified Independent Contractor (QIC) reconsideration notice of decision. **Plaintiff is not challenging this document.** | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  The withheld material contains advice, recommendations, and suggestions re. possible language for QIC reconsideration notice of decision. |
|---|---|---|---|---|
| 289 | 6 | Undated questions and answers about revisions to the appeals process for initial claim determination BIPA appeals, marked "Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5).  This document contains possible questions about revisions to the Medicare appeals process for initial claim determination BIPA appeals and suggested responses to the questions.  The withheld material contains advice, recommendations, and suggestions re. suggested responses to possible questions about proposed CMS-4064-IFC (Interim Final Rule with Comment).  Non-exempt information amounts to essentially meaningless words and phrases. |

| 290 | 3 | 3 pages from July 5, 2005 draft Office of Medicare Hearings and Appeals (OMHA) hearings manual, marked "OMHA Draft For Internal Use Only." | Entire document | The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The document contains draft portions of the draft OMHA hearings manual, which concern VTC hearings. The withheld material contains advice, recommendations, and suggestions re. draft hearings manual. This draft contains the author's recommendation of what the final document should say. There is no reasonably segregable non-exempt information. |
| 291 | 23 | 1-page November 8, 2002, 11:11 a.m., email from SSA staff to CMS staff, re. teleconferencing for Medicare appeals, and attaching 1-page SSA document on videoconferencing site costs and 21-page SSA-wide video-teleconferencing proposal. | Entire document | HHS did not withhold these records under a Freedom of Information Act (FOIA) exemption. Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |
| 292 | 7 | August 4, 2003 list of proposed Office of Hearings and Appeals VTC expansion sites from SSA. | Entire document | HHS did not withhold these records under a FOIA exemption. Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |

| 293 | 28 | SSA Office of Hearings and Appeals documents, including 4-page video hearings at SSA–past, present, and future; 10–page video hearings–expanded service option for the public; 11-page Office of Hearings and Appeals video conference user's guide; and 3-page Office of Hearings and Appeals video hearings talking points. | Entire document | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |
| --- | --- | --- | --- | --- |
| 294 | 49 | 1-page July 1, 2003, 9:47 a.m., email from SSA staff to CMS staff, re. draft of SSA final rule on VTC appearances before ALJs of the SSA (RIN 0960-AE97; SSA 737F), and attaching 8-page draft memorandum from SSA staff to SSA Commissioner re. draft SSA rule and 40-page draft SSA rule. | Entire document | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |
| 295 | 14 | 2-page April 23, 2003 memorandum from SSA staff to SSA staff, reg. VTC strategy, and attaching 12 pages of attachments. | Entire document | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |
| 296 | 1 | August 4, 2003 list of tentative new VTC sites received from SSA. | Entire document | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |

| 297 | 13 | 1-page May 14, 2004, 1:24 p.m., email from SSA staff to CMS staff, re. VTC regulations, and attaching 12-page SSA regulations at 68 Fed. Reg. 5210 (2003). **Plaintiff is not challenging this document.** | Entire document | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |
| 298 | 17 | 1-page May 16, 2003, 2:39 p.m., email from SSA staff to CMS staff, re. SSA's VTC sites, and attaching 1-page document on SSA VTC sites and 15-page proposed expansion list. | Entire document | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |
| 299 | 29 | Records related to June 2, 2005 draft of SSA MOU between SSA and HHS for shared use of SSA video hearing facilities, with typed edits. | Entire document | HHS did not withhold these records under a FOIA exemption.  Rather, HHS referred these SSA records to SSA for a direct response to the requester in accordance with HHS FOIA regulation, 45 C.F.R. § 5.23. |