# Exhibit i

# CENTER FOR MEDICARE ADVOCACY, INC.
100 NORTH STONE AVENUE, SUITE 305
TUCSON, ARIZONA 85701
(520) 327-9547 FAX (520) 884-0992

ATTORNEYS*
  Judith A. Stein
  Brad S. Plebani
  Pamela A. Meliso
  Gill Deford
  Alfred J. Chiplin, Jr.
  Toby Edelman
  Vicki Gottlich
  Patricia Nemore
  Lara K. Stauning
  Mary T. Berthelot
  Mary A. Ashkar

OF COUNSEL
  Sally Hart
  Way-Wey Elaine Kwok*

*Admitted in other jurisdictions

ADMINISTRATOR
  Carolyn S. Boyle
MEDICAL ADVOCACY COORDINATOR
  Ellen L. Lang, R.N., M.P.H.
DATA PROJECT DIRECTOR
  Larry S. Glatz

**SENT BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED**
August 25, 2005

Freedom of Information Officer
Centers For Medicare & Medicaid Services
North Building, Room N2-20-06
7500 Security Boulevard
Baltimore, MD 21244-1850

C05F0522266EW

Re:  Freedom of Information Request

Dear Freedom of Information Officer:

The Center For Medicare Advocacy, Inc., requests the following documents and information, pursuant to the Freedom of Information Act, 5 U.S.C. § 552:

All articles, reports, studies, memoranda, letters and writings of any kind concerning videoconferencing (VTC) that have been or are being reviewed and/or used in designing and/or establishing the Medicare administrative law judge hearings by VTC that are described at 42 C.F.R. § 405.1036, et seq.

We request that you waive fees for supplying this information.  The Center for Medicare Advocacy, Inc., is a not-for-profit organization that educates and advocates on behalf of Medicare beneficiaries.

We also request that you provide this information on an expedited basis, as the change to the new VTC hearing system is occurring now.  We ask that you provide the requested documents as they are located rather than waiting to supply them all when the process of gathering them has been completed.

DEC-05-2005  11:11

P.03

Freedom of Information Officer
Centers For Medicare & Medicaid Services
August 25, 2005
Page 2

If you have any questions about this request, please give me a call, or contact me by Email at
shart@azdisabilitylaw.org. Thank you for your assistance with this request.

Yours very truly,

Sally Hart
Of Counsel

# Exhibit ii

Case No. 2006-0141RE

January 19, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, Arizona 85701

Dear Ms. Hart:

This is an interim response to your August 25, 2005, Freedom of Information Act (FOIA) request to the Freedom of Information Officer, Centers for Medicare & Medicaid Services (CMS), Baltimore, Maryland, seeking all documentation concerning videoteleconferencing (VTC) that has been or is being reviewed and/or used in designing and/or establishing the Medicare administrative law judge hearings, by VTC, that are described at 42 C.F.R. Section 405.1036, et. seq. Your request, along with thirty-seven (37) pages of records responsive to your request, has been referred to my office from CMS for disposition determination.

Of the 37 pages, thirty-three (33) pages are being released to you, in their entirety.  I have determined to withhold three (3) pages, in their entirety, and portions of one (1) page under exemption (b)(5).  Exemption (b)(5) permits withholding of internal government records which is intended to protect and preserve free and candid internal dialogue leading to decision-making. The material falls within the deliberative process and attorney-client privileges, and contains staff advice, opinion and recommendation.

Our review identified a portion of one (1) page, and ten (10) pages, in their entirety, that originated in the Social Security Administration (SSA).   It is this Department's policy to refer records originating in a Federal agency, outside of HHS, to that agency for disposition determination.   Therefore, we have referred those pages to SSA for its review and direct response to you as to whether or not the records may be released.   If you have any questions concerning this referral, please contact Ethel Burrows on (410) 965-3948.

In CMS' October 3, 2005, letter to you, you were asked to provide additional justification for a fee waiver, for your request.   No justification has been received and I have determined to deny your requested fee waiver because the criteria in the Department's regulations at 45 C.F.R. Section 5.45 have not been met.

I have also determined to deny your request for expedited processing because it did not satisfy the criteria in 5 U.S.C. Section 552(a)(6)(E)(v).

Page 2 - Ms. Sally Hart - Case No. 2006-0141RE

There is no charge for FOIA processing services at this time.   We will provide an estimate of charges when we ascertain that the billable fees will exceed our $25.00 threshold for billing purposes.   FOIA requesters in your fee category receive two hours of search time, and the first 100 pages of duplication services, without charge.

If you have reason to believe that any denied documents should not be exempt from disclosure, you may appeal.   Your appeal should be mailed within thirty (30) days from the date of receipt of this letter, to the Deputy Assistant Secretary for Public Affairs (Media), U.S. Department of Health and Human Services, Room 645F, HHH Building, 200 Independence Avenue, S.W., Washington, D.C. 20201.   Clearly mark both the envelope and your letter of appeal "FOIA APPEAL".

Sincerely,

/S/

Robert Eckert
Director
FOI/Privacy Acts Division
Office of Public Affairs

Enclosures

# Exhibit iii

# SOCIAL SECURITY

Refer to:
S9H: PK2775

March 2, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Incorporated
100 North Stone Avenue, Suite 305
Tucson, AZ 85701

Dear Ms. Hart:

I am writing to you in connection with your Freedom of Information Act (FOIA) request to the Centers for Medicare & Medicaid Services (CMS) dated August 25, 2005, in which you requested information about video-teleconferencing (VTC) and administrative law judge hearings. The CMS referred your request to the Social Security Administration (SSA) because some information in CMS files originated with SSA.

CMS notified you in an earlier letter that a portion of one (1) page, and ten (10) pages in their entirety, were being referred to us for our review and determination regarding disclosure. We have reviewed these pages and have decided that this information cannot be released to you. We are withholding this information pursuant to Exemption 5 of the FOIA (5 U.S.C. § 552(b)(5)).

Exemption 5 of the FOIA (5 U.S.C. § 552(b)(5)) protects advice, opinions, recommendations, pre-decisional discussion, draft documents, and evaluative remarks that are part of the government decision-making process. Release of such information would harm the quality of that process and would run counter to the policy of encouraging frank, open discussions among agency personnel before making a final decision.

The most commonly invoked privilege within exemption 5 is the *deliberative process privilege*. The general purpose of this privilege is to prevent injury to the quality of agency decisions and protect the decision-making processes of government agencies. The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of scrutiny (Missouri ex rel. Shorr v. United States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir. 1998)). Exemption 5 protects not merely documents, but also the integrity of the deliberative process itself where the exposure of that process could result in harm.

If you disagree with this decision, you may request a review. Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235. Mark the envelope "Freedom of Information Appeal."

Sincerely,

Joyce Schaul
Freedom of Information Officer

# Exhibit iv

CENTER FOR MEDICARE ADVOCACY, INC.
100 NORTH STONE AVENUE, SUITE 305
TUCSON, ARIZONA 85701
(520) 327-9547  FAX (520) 884-0992

ATTORNEYS*
  Judith A. Stein
  Brad S. Plebani
  Pamela A. Meliso
  Gill Deford
  Alfred J. Chiplin, Jr.
  Toby Edelman
  Vicki Gottlich
  Patricia Nemore
  Lara K. Stauning
  Mary T. Berthelot
  Mary A. Ashkar

OF COUNSEL
  Sally Hart
  Wey-Wey Elaine Kwok*

*Admitted in other jurisdictions

ADMINISTRATOR
  Carolyn S. Boyle

MEDICAL ADVOCACY COORDINATOR
  Ellen L. Lang, R.N., M.P.H.

DATA PROJECT DIRECTOR
  Larry S. Glatz

March 8, 2006

_Sent via Federal Express_

Executive Director
Office of Public Disclosure
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

Re:    Freedom of Information Appeal
       S9H: PK2775

Dear Sir or Madam:

This letter is an appeal of a decision by the Social Security Administration to refuse to release information requested under the Freedom of Information Act.

The information at issue was requested by the undersigned on behalf of the Center For Medicare Advocacy, Inc., on August 25, 2005. The request letter was directed to the Center For Medicare & Medicaid Services (CMS), and sought documents related to videoconferencing (VTC) that were reviewed by the agency in designing and establishing the Medicare administrative law judge hearings conducted by VTC.

By letter of December 27, 2005, Michael S. Marquis, Director of the Freedom of Information Group at CMS, informed us that he had referred our FOIA request to the Department of Health and Human Services (HHS) because some of the requested records involved other HHS offices and units. In a letter of March 2, 2006, the Social Security Administration announced its decision

MAR 1 6 2005

Executive Director
Office of Public Disclosure
March 8, 2006
Page 2

to withhold documents included in our request, claiming an exemption under the deliberative process privilege of 5 U.S.C. § 552(b)(5).

We ask you to provide descriptions of the documents for which you assert this exemption together with explanations of the bases for your deliberative process claims. If you have any questions about this appeal, please contact me.

Yours very truly,

Sally Hart
Litigation Group

# Exhibit v

# SOCIAL SECURITY

Refer to:
S9H: PL 0466

April 17, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Inc.
100 North Stone Avenue, Suite 305
Tucson, AZ 85701

Dear Ms. Hart:

This is in response to your letter dated March 8, 2006, appealing Ms. Joyce Schaul's decision to withhold a portion of one page and ten pages in their entirety that were referred to us from Centers for Medicare & Medicaid Services.

I have reviewed your appeal and agree with Ms. Schaul to withhold the material that consisted of a one page e-mail discussing the proposed Memorandum of Understanding (MOU) and the proposed ten page MOU. The portion of the one page e-mail and the ten page MOU are exempt from the disclosure requirements of the Freedom of Information Act under 5 U.S.C. § 552(b)(5) in as much as they are predecisional in nature. This exemption protects the deliberative process; that is it protects advice, opinions, recommendations, predecisional discussion, and evaluative remarks that are part of the government decision-making process. Draft documents may exist in many different versions before becoming final documents or they may never become final documents at all. Release of such predecisional advisory communications would harm the quality of agency decision-making and the policy of encouraging frank, open discussion among agency personnel before making a decision.

The most commonly invoked privilege within Exemption 5 is the deliberative process privilege. The general purpose of this privilege is to prevent injury to the quality of agency decisions and protect the decision making processes of government agencies. The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny (Missouri ex rel. Shorr v. United States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir. 1998)). Exemption 5 protects not merely documents, but also the integrity of the deliberative process itself where the exposure of that process could result in harm.

This is our final decision in this matter. If you still believe the decision is incorrect, however, the law permits you to seek review in a district court of the United States.

Sincerely,


Jonathan R. Cantor
Executive Director
Office of Public Disclosure

Exhibit vi

 DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Washington, D.C. 20201

April 28, 2006

*PM0623*
*Xref*
*PL0466*
*PK2775*

TO:        Ethel Burrows
           FOIA Disclosure Office
           Social Security Administration
           Room 3A06 Operations Building
           6401 Security Boulevard
           Baltimore, Maryland 21207

FROM:      Robert Eckert
           Director, FOI/Privacy Acts Division
           Office of Public Affairs

SUBJECT:   Sally Hart Freedom of Information Act request


In searching Departmental records responsive to the enclosed request, we identified records which originated in your agency.

We are referring those documents to you for direct response to the requester.   Please provide us with a copy of your letter to the requester reflecting your final determination.

Please note that the enclosed FOIA request is currently in litigation.  Please expedite.

If you have questions concerning this referral, please contact Frances Wharton of my staff at (202) 690-7453.


MAY 1 0 2006

# OFFICE OF THE ASSISTANT SECRETARY FOR PUBLIC AFFAIRS
## FREEDOM OF INFORMATION REQUEST TRACKING SHEET

Case Number    2006-0141 __    Analyst:    RE

*NUMBER OF DAYS TO PROCESS*

Date Receive            12/7/2005    Date Due:            1/3/2006

Expedited

Requestor:    HART, SALLY

Date  Responded  Closed

Affilation:    CENTER FOR MEDICARE ADVOCACY, INC.

100 NORTH STONE AVENUE, SUITE 305
TUCSON, AZ 85701

Subject    ALL DOCUMENTS CONCERNING VIDEOCONFERENCING REVIEWED OR USED IN ESTABLISHING THE MEDICARE
ADMINISTRATIVE LAW JUDGE HEARINGS BY VTC ETC.

Referred to:    SEE ATTACHED

CATEGORY I REQUESTOR              CATEGORY II REQUESTOR
Commercial:              Educational/Scientific                                    CATEGORY III REQUESTOR
                                              News:                                  Other:    X

**Please fill out using Red or Blue Ink:**

Exemptions:

1 ☐  2 ☐  4 ☐  5 ☐  **6** ☐  7(A ☐  7(B ☐  7(C ☐  7(D) ☐  7(E) ☐  7(F) ☐  (3) ☐

Actions Taken :        Full Denial;  ☐  Partial Release:  ☐    Full Release:  ☐

No Records:  ☐    Referral:  X  SSA  Withdrawn:  ☐    Fee Related:  ☐    Not FOIA:  ☐

Not Agency Record:  ☐      Duplicate Request:  ☐      Records Not Described:  ☐    Not Deliverable:  ☐

Processing Expenditures:

| | |
|---|---|
| Reading/Interpreting | $0.00 |
| Clarifying/Negotiating | $0.00 |
| Searching for Records | $0.00 |
| Computer Based Data | $0.00 |
| Copying | $0.00 |
| Other | $0.00 |
| Total | $0.00 |

FOIA STAFF PROCESSING COSTS:

| | |
|---|---|
| Logging/Tracking | $12.22 |
| Consulting | |
| Clarifying/Negotiating | |
| Review/Edit/Delete | |
| Compose/Type Response | |
| Copying | |
| Mailing | |
| Total | $12.22 |
| Overall Total | $12.22 |

ame(s) and Phone Number(s) of person(s) who searched and complied these records

OIA Office Phone No. (202) 690-7453,  Fax (202) 690-8320

# Exhibit vii

.

# SOCIAL SECURITY

Refer to:
S9H: PM0623

July 13, 2006

Ms. Sally Hart
Center for Medicare Advocacy, Incorporated
100 North Stone Avenue, Suite 305
Tucson, AZ  85701

Dear Ms. Hart:

The Department of Health and Human Services (DHHS) has referred additional material to us for review that was located in response to your Freedom of Information Act (FOIA) request for information about video-teleconferencing (VTC) and administrative law judge hearings.

According to our records, we provided a response on March 2, 2006, regarding documents that DHHS referred to us earlier, and then we responded to your subsequent appeal on April 17, 2006.

We have reviewed the additional material DHHS referred to us for review, and we are releasing three e-mail chains totaling 45 pages, as well as two pages from two additional e-mail chains and 23 pages from Video Hearing (VH) briefing materials.   However, I am withholding entirely:

- one (1) memorandum totaling 14 pages,
- three (3) drafts totaling 37 pages, and
- five (5) e-mail chains totaling 87 pages.

I am also partially withholding:

- one (1) page, and
- withholding entirely 15 pages from one (1) e-mail chain, and
- withholding 22 pages from one (1) e-mail chain.

I am also withholding portions of two (2) pages and withholding three (3) pages in their entirety from VH briefing materials.  We have reviewed these pages and have decided that this information should not be released to you.  We are withholding this information pursuant to Exemption 5 of the FOIA (5 U.S.C. § 552(b)(5)).

Exemption 5 of the FOIA (5 U.S.C. § 552(b)(5)) protects advice, opinions, recommendations, pre-decisional discussion, draft documents, and evaluative remarks that are part of the government decision-making process. Release of such information would harm the quality of that process and would run counter to the policy of encouraging frank, open discussions among agency personnel before making a final decision.

The most commonly invoked privilege within exemption 5 is the *deliberative process privilege*. The general purpose of this privilege is to prevent injury to the quality of agency decisions and protect the decision-making processes of government agencies. The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of scrutiny (Missouri ex rel. Shorr v. United States Army Corps of Engineers, 147 F.3d 708, 710 (8th Cir. 1998)). Exemption 5 protects not merely documents, but also the integrity of the deliberative process itself where the exposure of that process could result in harm.

In addition, I am withholding the addresses of all the hearing reporters provided on the SSA List of Contract Hearing Reporters of July 2005 included in the e-mail chain dated August 4, 2005. This information is protected by the Privacy Act of 1974 (5 U.S.C. § 552a). We can disclose such information only as that Act permits. To disclose this information to a member of the public, we need the written consent of the individuals whose records are requested. This information is exempt from disclosure under the (FOIA) (5 U.S.C. § 552). The FOIA does not require agencies to disclose information that would be a clearly unwarranted invasion of personal privacy (5 U.S.C. § 552(b)(6)). In considering whether this exemption applies to records, agencies must balance the public interest in disclosure against the privacy interest of the individual(s) whose records are requested. The Supreme Court set out certain guiding principles for such determinations in Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989).

First, we must determine whether disclosure would affect a personal privacy interest. There is clearly a substantial personal privacy interest in the personal details furnished to the Government.

According to the Supreme Court case cited above, the only public interest that agencies should consider is whether disclosure of the records would shed light on the way an agency performs its statutory duties. We may not consider the identity of the requester or the purpose for which the information is requested. While there clearly is a public interest in knowing how the Social Security Administration administers the Social Security Act, disclosure of records containing personal information about named individuals would not shed light on how the agency performs its statutory duties. Therefore, disclosure of such personal information would be a clearly unwarranted invasion of personal privacy, and the FOIA exempts the records from disclosure.

If you disagree with this decision, you may request a review.  Mail your appeal within 30 days after you receive this letter to the Executive Director for the Office of Public Disclosure, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235.  Mark the envelope "Freedom of Information Appeal."

Sincerely,

*Willie J. Polk*

Willie J. Polk
Freedom of Information Officer

Enclosures

Exhibit viii

**Index of Withheld Records from SSA releases
dated March 2, 2006 and July 13, 2006**

| Doc. # | # of Pages | Description | Withheld Information | Basis for Withholding |
|---|---|---|---|---|
| SSA Doc #1 (March 2, 2006 release) | 11 pages referred 11 pgs w/h | 1 page June 3, 2006 9:57 re: MOU for Shared Use of SSA Video Hearing Facilities attaching 10 pages of draft MOU. | SSA withheld the entire document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). SSA entirely withheld from this record an email from an SSA employee to SSA and CMS employees attaching a draft agreement containing recommended revisions to the MOU. The email requests the attendance of the email recipients at a meeting to discuss the latest proposed changes to the MOU. |
| SSA Doc #2 DHHS Doc # 291 | 23 pages referred 22 pages w/h 1 page released | 1-page November 8, 2002, 11:11 a.m., email from SSA staff to CMS staff, re. teleconferencing for Medicare appeals, and attaching 1-page SSA document on videoconferencing site costs and 21-page SSA-wide video-teleconferencing proposal. | SSA- partially withheld the document | SSA entirely withheld the 1-page email dated November 8, 2002, released in entirety the 1-page SSA document on videoconferencing site costs and withheld in entirety the 21-page proposal entitled "SSA-Wide Video-Teleconferencing Proposal." The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains advice, recommendations, proposals, and draft cost estimates. The withheld email is an exchange between an SSA employee and an employee of CMS discussing the effectiveness, cost and process of developing a teleconferencing tool for CMS similar to the process SSA instituted in it's Hearing Offices. The withheld proposal contains a report of the draft findings of an |

| | | | | |
|---|---|---|---|---|
| | | | | intercomponent workgroup composed of representatives from various SSA components. The report includes proposed strategies for teleconferencing initiatives throughout SSA. The report analyzes costs, projected sites and activities, existing infrastructure, needed infrastructure, technological issues, support available and needed, needs of the components and return on investments. |
| SSA Doc #3 | 7 pages referred | August 4, 2003 list of proposed Office of Hearings and Appeals VTC expansion sites from SSA. | SSA entirely withheld the document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains proposed recommendations and estimates. The withheld material is a chart of proposed VTC expansion sites for SSA and CMS. The document was prepared by SSA employees for VTC expansion planning purposes. A discussion of site locations is included in the final MOU between SSA and HHS. |
| DHHS Doc # 292 | 7 pages w/h | | | |
| SSA Doc #4 | 28 pages referred | SSA Office of Hearings and Appeals documents, including: 4-page video hearings at SSA--past, present, and future; 10-page video hearings--expanded service option for the public; 11-page Office of Hearings and Appeals video conference user's guide; and 3-page Office of Hearings and Appeals video hearings talking points. | SSA partially withheld the document | SSA partially withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains recommendations and projected information pertaining to future locations for video conferencing. |
| DHHS Doc # 293 | 23 pages Released | | | SSA partially withheld the 4-page document entitled :Video hearings at SSA Past, Present, and Future." The information withheld contains the proposed installation schedule for future video conferencing sites at hearing offices at SSA. The document was prepared by an SSA employee |
| | 2 pages partially released | | | |
| | 3 pages | | | SSA partially withheld the 10-page document entitled "Video Hearings Expanded Service Option for the Public." The 2 pages |

| | | | | |
|---|---|---|---|---|
| | w/h | | | withheld contain projections of the number and locations for the expansion of video conferencing facilities at SSA. This document was prepared by SSA employees to brief SSA officials on the Video Hearing Initiative.<br><br>SSA released the 11 page Office of Hearing and Appeals video conference user's guide in entirety.<br><br>SSA partially withheld the 3-page Video Hearings Talking Points. SSA withheld two bullets of the talking points that contained information pertaining to the projected number of video conferencing sites at SSA. |
| SSA Doc #5<br>DHHS Doc # 294 | 41 pages referred<br>41 pages w/h | 1-page July 1, 2003, 9:47 a.m., email from SSA staff to CMS staff, re. draft of SSA final rule on VTC appearances before ALJs of the SSA (RIN 0960-AE97; SSA 737F), and attaching 8-page draft memorandum from SSA staff to SSA Commissioner re. draft SSA rule and 40-page draft SSA rule. | SSA entirely withheld the document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material is an email attaching draft regulations for the use of video conferencing at SSA's administrative hearings. The proposed regulations are being circulated for comment by various components at SSA. The documents also contain a draft memorandum from SSA employees to the Commissioner explaining the proposed final rules including proposed changes from the previous version and the ramification of the changes as well as explanation of the need for the changes. |
| SSA Doc # 6<br>DHHS | 14 pages referred<br>14 pages | 2-page April 23, 2003 memorandum from SSA staff to SSA staff, reg. VTC strategy, and attaching 12 pages of attachments. | SSA entirely withheld the document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material includes a two page memo from an SSA employee to an SSA employee discussing the need to develop a business case for video conferencing pursuant to a |

| | | | |
|---|---|---|---|
| Doc # 295 | w/h | | request by the Commissioner. The document describes the SSA employee's preliminary vision and recommendations for the project and a preliminary discussion of the costs and benefits. There are 12 pages of attachments to the document which support the cost benefit analysis. |
| SSA Doc # 7<br><br>DHHS Doc # 296 | 1 page referred<br><br>1 page w/h | August 4, 2003 list of tentative new VTC sites received from SSA. | SSA entirely withheld the document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). This document was drafted by an SSA employee and contains a one page list of tentative new video conferencing sites and the number of hearings at the site. |
| SSA Doc #8<br><br>DHHS Doc # 297 | 13 pages referred<br><br>13 pages released | 1-page May 14, 2004, 1:24 p.m., email from SSA staff to CMS staff, re. VTC regulations, and attaching 12-page SSA regulations at 68 Fed. Reg. 5210 (2003). | SSA released the entire documents | |
| SSA Doc #9<br><br>DHHS Doc# | 17 pages referred<br><br>1 page partially | 1-page May 16, 2003, 2:39 p.m., email from SSA staff to CMS staff, re. SSA's VTC sites, and attaching 1-page document on SSA VTC sites and 15-page proposed expansion list. | SSA partially withheld the document | SSA partially withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld material contains recommendations and projected information pertaining to future locations for video conferencing. |

| | | |
|---|---|---|
| 298 | released<br><br>1 page released<br><br>15 pages w/h | SSA withheld two sentences in the one page email. The withheld portion of the email discusses future work needed at selected sites slated for deployment and the timeframe to complete the work... The email reflects the SSA employee's proposed plan to deploy sites and his estimate of time for completion.<br><br>SSA released the one page document of existing SSAVTC sites.<br><br>SSA withheld the 15-page document on SSA VTC Site Requests. The document is a matrix prepared by SSA employees depicting proposed sites, the number of anticipated hearings, the number of days for hearings and costs associated with the trips to the site. The document was prepared to evaluate the needs of certain locations for implementation of video conferencing. The document was prepared as part of discussions within SSA as to where to place video conferencing and evaluate what locations need the facilities the most. |
| SSA Doc #10<br><br>DHHS Doc # 299 | 29 pages referred<br><br>29 pages w/h | Records related to June 2, 2005 draft of SSA MOU between SSA and HHS for shared use of SSA video hearing facilities, with typed edits. | SSA withheld the entire document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld document contains a draft version of a memorandum of understanding between the two agencies to share the use of video conferencing facilities. The document was prepared by SSA and sent to CMS for comment and revisions. The document contains track changes with proposed changes and comments. |
| SSA Doc | 10 pages referred | 1-page June 9, 2005, 9:29 p.m., email from SSA staff to CMS staff, re. Revised | SSA withheld the entire | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § |

| | Pages | Description | Withheld | Justification |
|---|---|---|---|---|
| #11 | 10 pages w/h | VH MOU attaching a 9-page draft MOU. | document | 552(b)(5). The withheld document contains is an email from and SSA employee to several CMS employees dated June 9, 2005 attaching a draft version of a memorandum of understanding between the two agencies to share the use of video conferencing facilities. The document was prepared by SSA and sent to CMS for comment and revisions. |
| SSA Doc #12 | 10 pages referred / 10 pages w/h | 1-page July 20, 2005 12:41 email from SSA staff to CMS staff re: VYC MOU | SSA withheld the entire document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). SSA entirely withheld from this record an email from an SSA employee to CMS employees dated July 20, 2005 attaching another revision of the draft agreement. The email requests specific further information from CMS regarding use of video conferencing facilities so the information can be included in the MOU. |
| SSA Doc #13 | 18 pages referred / 18 pages w/h | 1 page email August 5, 2005 2:48pm re:HHS/SSA VTC MOU 8/5/2005 attaching a 17 draft MOU | SSA withheld the entire document | SSA entirely withheld these records. The withheld material is protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). SSA entirely withheld from this record an email from an SSA employee to SSA and CMS employees attaching another proposed revision of the draft agreement. The email discusses the changes that were made to the attached revised draft. |
| SSA | 8 pages | 1 page July 12, 2005 3:58 pm email re: | SSA withheld | SSA entirely withheld these records. The withheld material is |

| Doc #14 | referred

8 pages withheld | SSA/HHS VTC MOU attaching 7 pages | the entire document | protected by the deliberative process privilege, 5 U.S.C. § 552(b)(5). The withheld email dated July 12, 2005 from an SSA employee to a CMS employee discusses the implications of certain provisions of the most recent draft MOU that the employee is proposing. It also discusses the development of a proposed process to evaluate weekly use of SSA's facilities by CMS. Attached to the email are charts describing the proposed sites and a proposed chart to be used by CMS for scheduling the use of SSA's video conferencing facilities on a monthly basis. |