UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR MEDICARE ADVOCACY, )
)
    Plaintiff, )
)
v. ) Civil Action No. 05-2266
)
UNITED STATES DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
)
    Defendant. )
_____)

## SUPPLEMENTAL DECLARATION OF PATRICIA M. MANTOAN

I, Patricia M. Mantoan, declare as follows:

1. I am an attorney in the General Law Division of the Office of the General Counsel (OGC) in the U.S. Department of Health and Human Service (HHS). Among my areas of legal expertise is the Freedom of Information Act (FOIA). I have served in this position since September 1997.

2. I make this declaration on the basis of personal knowledge.

3. I am the current agency counsel for the above-captioned litigation and have reviewed the documents at issue in this litigation.

4. On the basis of the actual documents and their context, the withheld draft documents listed in the <u>Vaughn</u> index that was filed by HHS in this matter were not treated as final decisions of the agency.

5. In response to page 17 of plaintiff's opposition brief about clearance requests, they're cover sheets that are circulated internally (within HHS) with draft regulations and similar draft documents. They identify the components of the agency that have been asked to review a draft

and identify the points of contacts for the submittal of comments or for questions. They also identify the due date for comments. In this matter, Document Nos. 4 through 225 came from the files of an OGC attorney who provided legal advice on Medicare appeal hearing issues. The clearance requests among those documents were part of the confidential communication from agency clients to the Office of General Counsel, requesting OGC's review of a draft document.

6. In response to pages 25-27 of plaintiff's opposition brief, I conducted a new search for final documents listed on those pages. I conferred with staff from various HHS offices that I believed were the reasonably likely locations for responsive documents. Specifically, I consulted with the Centers for Medicare & Medicaid Services (CMS), the Office of Medicare Hearings and Appeals (OMHA), the Office of the Assistant Secretary for Administration and Management, the Office of the Assistant Secretary for Resources and Technology, the Office of the Assistant Secretary for Legislation, the Office of Inspector General (OIG), the Office of General Counsel, the Office of the Executive Secretary. I consulted with CMS because that component was the component that generated the drafts of the statement of work for an Administrative Law Judge hearings support contract and its Appendix D regarding videoteleconferencing (VTC) standards. I consulted with OMHA because that is the office that conducts Medicare appeals hearings. I consulted with the Office of the Assistant Secretary for Administration and Management and the Office of the Assistant Secretary for Resources and Technology because those two offices were involved in the transition of responsibility for Medicare appeals hearings from the Social Security Administration (SSA) to HHS. I consulted with OIG because that office played a liaison role with the Government Accountability Office. I consulted with the Office of the Assistant Secretary for Legislation because that office assists HHS when the Government

*Accountability Office is reviewing HHS activities.* I consulted with OGC because that office provided legal advice related to the transition of responsibility for Medicare appeals hearings from the SSA to HHS. I consulted with the Office of the Executive Secretary because that office maintain copies of the Secretary's correspondence to congressional members. Based on my knowledge of the organization of HHS and the previous searches performed for the original FOIA request at issue in this litigation, I believed that the above offices were the only reasonably likely locations for records identified in pages 25-27 of plaintiff's opposition brief.

7. I was able to locate final agency responses to Senators Baucus and Grassley and to Congressman Ford, and these responses are attached to this Declaration. See Ex. a.

8. I was able to locate the final Government Accountability Office exit conference summary for an April 28, 2005 conference. See Ex. b.

9. I obtained from SSA, a separate agency, a copy of a final memorandum of understanding between HHS and SSA, however, I was unable to locate this document at HHS. See Ex. c.

10. I located final documents on the Internet that might have been derived from some of the documents listed on pages 25-27, such as the draft VTC option papers, draft questions and answers about Medicare, Medicaid, and SCHIP Benefits Improvement and Protection Act of 2000 (BIPA), and draft proposed answers to questions about changes to Medicare appeals hearings, but cannot state whether they were directly derived from those draft documents. Specifically, those final documents are: "What You Need to Know to Request a Medicare Hearing Before an Administrative Law Judge" (http://www.hhs.gov/omha/needtoknow.html, last visited Oct. 17, 2006); "What You Need to Know to File an Appeal"

(http://www.hhs.gov/omha/appeal.html, last visited Oct. 17, 2006); "The Medicare Appeal Process" (July 2006 brochure) (http://cms.hhs.gov/MLNProducts/downloads/MedicareAppealsProcess.pdf, last visited Oct. 17, 2006); "Medicare Physician Guide: A Resource for Residents, Practicing Physicians, and Other Health Care Professionals," Chapter 7 on Inquiries, Overpayments, and Appeals, (http://cms.hhs.gov/MLNProducts/downloads/chapter7.pdf, last visited Oct. 17, 2006); Press Release about March 2006 Interim Final Rule on Appeals Process (http://www.cms.hhs.gov/MLNProducts/downloads/Appeals_Factsheet.pdf, last visited Oct. 17, 2006). See Ex. d.

11. The draft scope of work on a Medicare Administrative Law Judge hearings support contract and its draft Appendix D were neither finalized, nor ever issued, by CMS, the component of HHS, which had drafted those documents. Therefore, those drafts did not evolve into final documents.

12. The draft feasibility studies from a contractor and from HHS were not finalized or treated as final agency positions.

13. The draft memorandum of understanding between HHS and the Department of Veterans Affairs was not finalized or treated as a final agency position.

14. I was unable to locate any other final documents.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746. Executed on the 27th day of October, 2006.

_____
Patricia M. Mantoan

5