DEPARTMENT OF HEALTH AND HUMAN SERVICES
OFFICE OF THE GENERAL COUNSEL
General Law Division
Room 4760 Cohen Building
330 Independence Ave., S.W.
Washington, D.C. 20201

Facsimile Transmission Sheet

| TO: Michael J. Sherman, Esq.<br>U.S. Dept. of Justice | FROM: Patricia Mantoan |
|---|---|
| | Phone: (202) 619-0177 |
| | Fax: (202) 619-2922 |

| Total Pages | Fax Number: 202-514-1009 |
|---|---|
| 4 plus cover | Date: 10/27/2006 |

Center for Medicare Advocacy, Inc. v. HHS, Civil no. 05-02266

Attached is Exhibit b for the supplemental declaration.

The attached information is **CONFIDENTIAL** and is intended only for the use of the addressee(s) identified above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution or copying of the communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone (202-619-0150) and return the original message to us at the address above via U.S. Mail. Thank you.

Medicare Appeals Transfer from SSA to HHS
GAO Exit Conference April 28, 2005

**Introduction**
- The Medicare Prescription Drug, Improvement, and Modernization Act (MMA) mandated that SSA transfer responsibility for the administrative law judge (ALJ) function for hearing Medicare appeals from SSA to HHS between July 1, 2005 and October 1, 2005, consolidating all levels of the appeals process within a single federal agency. MMA directed SSA and HHS to develop a plan by April 1, 2004, detailing how the transfer would take place.

**Background**
- Medicare's fee-for-service health care program covers a variety of health care services including inpatient hospital care, physician services, and certain diagnostic tests. Beginning in January 2006, beneficiaries will be able to participate in Medicare's new, voluntary prescription drug benefit.

- The Centers for Medicare & Medicaid Services (CMS), an agency within HHS, is responsible for administering the Medicare program, with assistance from its claims administration contractors. These contractors are responsible for paying claims that are properly submitted and identifying and denying claims that are invalid, incomplete, or improper.

- Denied Medicare claims can be appealed through an administrative process consisting of four levels of review. SSA's ALJs currently perform the third level of review.

- Prior to MMA's passage, Congress enacted the Medicare, Medicaid, and SCHIP Benefits Improvement and Protection Act of 2000 (BIPA), which called for reforms, including shorter timeframes for processing Medicare appeals.

- The March 8, 2005 Federal Register contained the *Interim Final Rule* that included procedures and guidance on implementing statutory changes resulting from both BIPA and MMA.

- Implementation of BIPA and MMA—which includes the transfer of responsibility for the third level of the appeals process from SSA to HHS—will result in changes to the appeals process. These changes include:

    o Replacing the claims administration contractors, who resolve appeals at the second level of the process, with a new type of contractor—known as qualified independent contractors (QICs).

    o Requiring faster resolution of appeals at all levels in the process. QICs will be expected to resolve appeals in 60 days, compared to the current 120-day requirement expected of the claims administration contractors. The HHS ALJ office will be expected to resolve an appeal within 90 days. SSA currently has no time limit to resolve appeals and, on average, through March of FY 05, took 295 days. However, BIPA's shorter timeframes will become effective as the QICs

Page 1 of 4

Exhibit b

Medicare Appeals Transfer from SSA to HHS
GAO Exit Conference April 28, 2005

complete reconsiderations of claims and appeals from these reconsiderations arrive at the HHS ALJ office.

**Below is our understanding of various actions taken by HHS and SSA related to the appeals transfer, as of April 28, 2005.**

### Location of hearing offices

- HHS examined SSA data showing where Medicare appeals are heard and determined that by July 1, 2005, it would locate the administrative function and chief judge's office in Arlington, VA, and 4 hearing offices in Miami, FL; Cleveland, OH; Irvine, CA, and the Arlington, VA site.

- HHS determined that it will assign 4 ALJs to its Arlington office and one managing chief judge and 15 ALJs to each of the other 3 locations. HHS stated that having a small number of offices is cost-effective and will enable it to open these offices quickly. HHS noted that the agency may later need to realign this structure based on workload experience.

### Technology used for hearings

- HHS expects that appellants will generally be willing to use VTCs. According to a 1999 Report from the Office of the Inspector General (http://oig.hhs.gov/oei/reports/oei-04-97-00160.pdf) about 90 percent of appellants are providers or suppliers, many of whom are represented by law firms with their own VTC equipment. HHS stated that some ALJs and beneficiaries will still travel to hearing locations. It also acknowledged that it does not have a reliable projection of future appeals associated with the new prescription drug benefit.

- HHS will have 31 VTCs in its 4 hearing offices and may also utilize VTCs available in its 10 regional offices. SSA offered HHS the use of VTCs at 71 sites for an estimated 9,000 VTC hearings a year. HHS may use private vendors to obtain additional VTC access and currently has access to vendors through GSA contracts. These private vendors have relevant experience and are often used for depositions.

- CMS is conducting a study on the feasibility of beneficiaries requesting an appeal electronically,( the Medicare Beneficiary Portal (MBP) pilot), using a CMS website, for a limited community. Based on the asssessment of the MBP pilot, the project functionality may be expanded to allow beneficiaries to file appeals electronically. There is no finite time frame for the pilot project, however, participation may expand via controlled roll-outs over the course of the next two years.

### Regulations

- HHS's *Interim Final Rule* stipulated use of VTCs, when available. However, according to HHS, appellants will be granted an in-person hearing upon a showing of good cause. Appellants who request and receive an in-person hearing waive the right to a decision within 90 days. However, HHS is committed to resolving these appeals as rapidly as possible. The regulations did not address whether appellants would be paid for travel. HHS said it will issue guidance on travel by the time of the transfer of the ALJ function from SSA to HHS.

Medicare Appeals Transfer from SSA to HHS
GAO Exit Conference April 28, 2005

### Hiring
- In the transition plan, HHS estimated that a minimum of 50 ALJs will be needed to process the workload. HHS plans to hire a total of 52 ALJs (4 in the Arlington office and 16 in each of the other 3 offices). Three of the 4 managing ALJs and 3 of the 4 hearing office managers have been hired. HHS has hired the acting chief judge—who is responsible for developing policies and procedures and making key human resource allocation decisions—and of the 49 supervisory ALJs, several offers have been made and HHS is close to making several more offers. HHS's plan is to hire half of its ALJs and staff by mid-June 2005 and the other half near the end of July 2005 because the workload will not be at full strength on July 1, 2005 but will ramp up as appeals requests begin to arrive after the transition.

- HHS stated that the Managing ALJs it has hired have Medicare experience. However, it emphasized that MMA did not require that it hire ALJs with Medicare expertise—only that it consider this as a factor in the hiring process. All judges will receive intensive substantive Medicare training.

### Training
- HHS has identified the training needs for ALJs and support staff and plans to begin training in mid-June 2005 for the first group of new hires. HHS reported that staff will receive 80 hours of initial training—including Medicare-related training—and that individuals who are beginning careers as ALJs will attend the National Judicial College in early July 2005. The majority of the training will be conducted prior to the staff's start date to hear cases and some training will most appropriately be done during the first month of work via self-instructional materials.

### Case Tracking
- HHS completed testing for the new system for the QIC and ALJ levels over a two week period from April 11 to April 22, 2005.

### Contingency Plans
- SSA estimates that it would need to decide 71,848 Medicare appeals cases by September 30, 2005 to complete its pending workload. This includes an estimated 43,173 appeals cases received during FY 2005, in addition to the 28,675 cases pending at the end of FY 2004. While HHS indicated that it cannot validate the SSA estimates, it expressed concern that these numbers may not be current.

- HHS states that its interim deadline of July 1, 2005—3 months before the mandatory deadline—allows time to address potential problems. In addition, although all offices are on schedule to be operational in time for the office openings, alternate space options have been explored to ensure that each office will be operational at the necessary time.

- HHS cited existing authorities, including MMA and the Economy Act, in describing the 'mechanism' that would allow it to continue using SSA's ALJs for SSA to continue processing the workload.

Medicare Appeals Transfer from SSA to HHS
GAO Exit Conference April 28, 2005